**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALISON FRIEND,<br><br>      *Plaintiff,*<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>      *Defendants*. | Case No.: 26-cv-05581<br><br>**Judge Charles P. Kocoras**<br><br>**Magistrate Judge Beth W. Jantz** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMOISS.COM'S
<u>OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................ 1

LEGAL STANDARD ......................................................................................................... 2

ARGUMENT ....................................................................................................................... 2

I.      THE CLAIMS AGAINST AMOISS.COM SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS AND IMPROPER JOINDER ........... 2

      A.      Email Service on Amoiss.com Is Improper Because the Hague Service Convention Applies. ............................................................................... 2

      B.      Amoiss.com Is Improperly Joined Because Amoiss.com Did Not Participate in the Same Transaction, Occurrence, or Series of Transactions or Occurrences as the Other Defendants. .......................................................... 6

II.      PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED ........................................................................................................... 8

      A.      Plaintiff Cannot Establish Irreparable Harm Based on Generalized Allegations Against Multiple Unrelated Defendants. ................................ 9

      B.      The Balance of Equities Weighs Against an Overbroad Injunction Freezing Amoiss.com's Account and Business Operations. ................................... 11

      C.      The Public Interest Does Not Favor an Injunction Entered Without Proper Service, Proper Joinder, or Defendant-Specific Evidence. ....................... 12

CONCLUSION ................................................................................................................. 13

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AF Holdings, LLC v. Does 1–1058*,
752 F.3d 990 (D.C. Cir. 2014) .................................................................................................... 7

*Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*,
334 F.R.D. 511 (N.D. Ill. 2020) ................................................................................................ 8

*Cook v. United States*,
288 U.S. 102 (1933) .................................................................................................................. 3

*Dugan v. Spivey Indus., Inc.*,
No. 00-cv-3544, 2002 WL 398509 (N.D. Ill. Mar. 14, 2002) .................................................. 6

*eBay Inc. v. MercExchange, LLC*,
547 U.S. 388 (2006) .................................................................................................................. 9

*Eli Lilly & Co. v. Nat. Answers, Inc.*,
233 F.3d 456 (7th Cir. 2000) .................................................................................................... 9

*Ferring Pharm., Inc. v. Watson Pharm., Inc.*,
765 F.3d 205 (3d Cir. 2014) ................................................................................................... 10

*Flava Works, Inc. v. Gunter*,
689 F.3d 754 (7th Cir. 2012) .................................................................................................. 10

*Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*,
549 F.3d 1079 (7th Cir. 2008) ................................................................................................ 11

*Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*,
736 F.3d 1239 (9th Cir. 2013) ................................................................................................ 10

*Ilustra Servicos Design, Ltda. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
No. 21-cv-05993, 2021 WL 5396690 (N.D. Ill. Nov. 18, 2021)............................................... 7

*Medellín v. Texas*,
552 U.S. 491 (2008) .................................................................................................................. 3

*Mkt. Track, LLC v. Efficient Collaborative Retail Mktg., LLC*,
No. 14 C 4957, 2015 WL 3637740 (N.D. Ill. June 12, 2015)................................................. 10

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950)................................................................................................................ 13

*NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*,
549 F. Supp. 3d 790 (N.D. Ill. 2021) ....................................................................................... 5

*Orr v. Shicker*,
953 F.3d 490 (7th Cir. 2020) .................................................................................................... 2

*Philip Morris USA Inc. v. Scott*,
561 U.S. 1301 (2010)................................................................................................................ 9

*Philips Med. Sys. (Cleveland), Inc. v. Buan*,
No. 1:19-cv-02648, 2021 WL 1536173 (N.D. Ill. Apr. 19, 2021) .................................................. 6

*Roadget Bus. Pte. Ltd. v. Partnerships, & Unincorporated Associations Identified on Schedule A*,
735 F. Supp. 3d 981 (N.D. Ill. 2024) ........................................................................................ 7

*Sampson v. Murray*,
415 U.S. 61 (1974).................................................................................................................... 9

*Swarovski Aktiengesellschaft v. Bldg. No. 19, Inc.*,
704 F.3d 44 (1st Cir. 2013) .................................................................................................... 10

*Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*,
126 F.R.D. 48 (N.D. Ill. 1989) ................................................................................................ 6

*UWM Student Ass'n v. Lovell*,
888 F.3d 854 (7th Cir. 2018)................................................................................................ 6, 7

*Vorhees v. Fischer & Krecke*,
697 F.2d 574 (4th Cir. 1983) .................................................................................................. 3

*Water Splash, Inc. v. Menon*,
581 U.S. 271 (2017)................................................................................................................ 3

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008)............................................................................................................ 2, 9, 11

**Statutes**

20 U.S.T. 361 ....................................................................................................................... 4

**Other Authorities**

Federal Rule of Civil Procedure 4(f) ............................................................................... 2, 3, 5, 6

Federal Rule of Civil Procedure 20(a)(2) ............................................................................... 6

Federal Rule of Civil Procedure 21 ........................................................................................ 6

Federal Rule of Civil Procedure 65(d).............................................................................. 11, 13

Hague Conf. on Priv. Int'l Law, Declaration/Reservation/Notification........................................ 4

Hague Conf. Special Comm'n, Conclusions & Recommendations (July 2024) ........................... 4

**INTRODUCTION**

Plaintiff seeks to continue extraordinary injunctive relief against Defendant No. 22 Amoiss.com ("Amoiss.com") even though Plaintiff has not properly served Amoiss.com, has not shown that Amoiss.com is properly joined with the other Schedule A defendants, and has not presented defendant-specific evidence justifying an account-wide asset restraint.

The threshold defect is service. Amoiss.com is operated by a China-based entity whose physical address was publicly displayed on its website. Because Amoiss.com's address was known or reasonably ascertainable, service was required to proceed through a method permitted by the Hague Service Convention. Plaintiff instead attempted email service. That is improper. China has objected to Article 10 service, and recent Seventh Circuit authority confirms that where the Hague Service Convention applies, email service on a China-based defendant is not permitted. Without proper service, the Court lacks personal jurisdiction over Amoiss.com and should not continue coercive injunctive relief against it.

The record also shows that Amoiss.com is not part of any common transaction, coordinated enterprise, shared supply chain, or collective conduct with the other defendants. Amoiss.com operates its own independent storefront, has no relationship with the other defendants, and sold only one unit of the accused product in the United States—an order placed by or on behalf of Plaintiff's counsel for purposes of this litigation. After learning of Plaintiff's allegations, Amoiss.com removed the accused product and has sworn under penalty of perjury that it will not resume selling the accused product or use Plaintiff's asserted intellectual property in any future listing, advertising, or sale.

Under these circumstances, the requested preliminary injunction is unnecessary and overbroad. Plaintiff cannot rely on generalized Schedule A allegations to freeze Amoiss.com's

1

PayPal account, restrain unrelated funds, and disrupt unrelated business operations. The injunction as applied to Amoiss.com should therefore be vacated, and Amoiss.com should be dismissed for insufficient service and improper joinder.

## LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24 (citation omitted). It is "an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr*, 953 F.3d at 501 (citation omitted).

## ARGUMENT

**I.     THE CLAIMS AGAINST AMOISS.COM SHOULD BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS AND IMPROPER JOINDER**

**A.     Email Service on Amoiss.com Is Improper Because the Hague Service Convention Applies.**

Individuals in foreign countries may be served (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) "by a method that is reasonably calculated to give notice," if there is "no internationally agreed means"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

The Hague Service Convention, to which both the United States and China are parties, was

2

adopted in 1965 to "simplify, standardize, and generally improve the process of serving documents abroad." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017). The Convention's "primary innovation" is a uniform method of service that "requires each state to establish a central authority to receive requests for service of documents from other countries." *Id*. at 275.

Where the Hague Service Convention applies, it is not merely optional guidance. The Convention is a self-executing treaty because it creates affirmative, judicially enforceable rules governing service of judicial documents abroad without requiring separate implementing legislation. *See Medellín v. Texas*, 552 U.S. 491, 516 (2008) ("The point of a non-self-executing treaty is that it addresses itself to the political, not the judicial department; and the legislature must execute the contract before it can become a rule for the Court."); *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 575 (4th Cir. 1983) ("The court further found that the Hague Convention was a self-executing treaty."). Because the Hague Service Convention is self-executing, its service provisions have the force of federal law and are binding on federal courts in cases to which the Convention applies.

This matters because Rule 4(f)(3) itself permits court-ordered alternative service only by means "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The Rule therefore incorporates, rather than overrides, applicable treaty restrictions. In addition, because a self-executing treaty has the same dignity as an act of Congress, a later-in-time self-executing treaty supersedes an earlier inconsistent federal rule or statute to the extent of any conflict. *See Cook v. United States*, 288 U.S. 102, 119 (1933) (recognizing that a later-in-time self-executing treaty may supersede an earlier federal statute where the two conflict). Rule 4(f)(3) became effective before the Hague Service Convention entered into force for the United States on February 10, 1969. Accordingly, to the extent any looser reading of Rule 4(f)(3) would permit a method of service

3

inconsistent with the Hague Service Convention, the Convention controls.

Article 10(a) of the Hague Service Convention permits service "by postal channels, directly to persons abroad" only if "the State of destination does not object." 20 U.S.T. 361, 363. China has expressly objected to service by the methods provided in Article 10. *See* Hague Conf. on Priv. Int'l Law, Declaration/Reservation/Notification[1] (noting China's objection to service by the methods provided in Article 10). Accordingly, Article 10(a) service is not available for service on a defendant located in China.

The Hague Conference Special Commission's 2024 Conclusions and Recommendations confirm that email service falls within the scope of Article 10(a) only where such service is authorized by the law of the State of origin and permitted by the law of the State of destination. The Special Commission stated:

> "The SC noted that Article 10(a) includes transmission and service by e-mail, insofar as such method is provided by the law of the State of origin and permitted under the law of the State of destination."

Hague Conf. Special Comm'n, Conclusions & Recommendations ¶ 105 (July 2024)[2]. Thus, to the extent Article 10(a) encompasses email service, China's objection to Article 10 forecloses that method. Email service on a defendant located in China is therefore impermissible under the Hague Service Convention.

The Seventh Circuit recently reached the same conclusion. In *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, the Seven Circuit held that the Hague Service Convention is exclusive where it applies, explaining that "the Convention enumerates the available means of

---

[1] *See* website link: https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=90&disp=resdn (last visited Jun. 4, 2026).
[2] *See* website link: https://assets.hcch.net/docs/6aef5b3a-a02c-408f-8277-8c995d56f255.pdf (last visited Jun. 4, 2026).

4

service and prohibits all others." No. 25-2205, 2026 WL 1502198, at *6 (7th Cir. May 29, 2026). The Seven Circuit further observed that "no portion of the Convention explicitly authorizes service by email," and that China has expressly objected to service under Article 10(a). *Id*. The Seventh Circuit therefore held that, "if the Hague Service Convention applies, then service was improper because the Convention prohibits service by email in China." *Id*.

In sum, China's objection to Article 10, the Hague Conference's 2024 interpretation, and recent appellate authority all point to the same conclusion: email service on a China-based defendant is not permitted where the Hague Service Convention applies. Plaintiff therefore cannot rely on Rule 4(f)(3) to serve a China-based defendant by email, and any purported email service is legally ineffective.

Here, Amoiss.com, like many other Schedule A defendants, displayed its operating entity name and physical address on its storefront.[3] The Seventh Circuit has recognized that district courts handling Schedule A cases typically require plaintiffs to make "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address" before treating the defendant's address as unknown. *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021); cf. Fed. R. Civ. P. 4(f)(1) (applying a reasonableness standard for service abroad pursuant to internationally agreed means). Plaintiff has not shown that it made any reasonably diligent effort to identify Amoiss.com's physical address or to effect service through a method permitted by the Hague Service Convention.

Defective service deprives the Court of personal jurisdiction over Amoiss.com and

---

[3] Amoiss.com's website publicly displayed its operating entity and physical business address in China, confirming that Plaintiff could have identified Amoiss's address through reasonable diligence before resorting to alternative email service. *See* Term of Use for Amoiss.com, https://www.aomiss.com/pages/terms-of-use (last visited Jun. 12, 2026)

precludes the Court from exercising injunctive authority over Amoiss.com. "Only proper service vests a district court with personal jurisdiction over a defendant." *Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 1:19-cv-02648, 2021 WL 1536173, at *3 (N.D. Ill. Apr. 19, 2021) (internal citation omitted). Even where minimum contacts may exist, "[i]mproper service destroys a court's personal jurisdiction, making any judgment or order issued against the improperly served party void." *Dugan v. Spivey Indus., Inc.*, No. 00-cv-3544, 2002 WL 398509, at *2 (N.D. Ill. Mar. 14, 2002) (citing *Trs. of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 50 (N.D. Ill. 1989)).

Accordingly, Plaintiff's attempted email service on Amoiss.com is ineffective. Where a defendant's physical address in China is known or reasonably ascertainable, the Hague Service Convention applies, and Rule 4(f)(3) cannot be used to authorize a method of service that China has prohibited. Plaintiff has not shown that Amoiss.com's address was unknown, that service through the Hague Convention was unavailable, or that email service was otherwise permitted by international agreement. Because Plaintiff failed to effect valid service on Amoiss.com, the claims against Amoiss.com should be dismissed.

**B.      Amoiss.com Is Improperly Joined Because Amoiss.com Did Not Participate in the Same Transaction, Occurrence, or Series of Transactions or Occurrences as the Other Defendants.**

Joinder of defendants is appropriate if "any right to relief is asserted against them … with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts enjoy "considerable flexibility" in deciding whether multiple defendants may be joined in a single action. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop

a party.").

It is always "plaintiff's burden to show joinder is appropriate" in a litigation involving multiple defendants. *Roadget Bus. Pte. Ltd. v. Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 986 (N.D. Ill. 2024). The proper remedy for improper joinder of defendants "is severance or dismissal without prejudice." *UWM Student Ass'n*, 888 F.3d at 864 (citation omitted).

Plaintiff alleges that the defendants in this action operate in an organized manner and use collective efforts by selling products through e-commerce platforms such as Amazon.com, thereby purportedly forming a "collective enterprise." *See* Dkt. 1. But those allegations establish nothing more than separate, parallel instances of alleged infringement by different defendants; they do not show claims arising out of the same transaction, occurrence, or series of transactions or occurrences. *See AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) ("[C]ommitting the same type of violation in the same way does not link defendants together for the purpose of joinder.") (citation and internal quotation marks omitted); *see also Ilustrata Servicos Design, Ltda. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021) ("Courts in this District have held that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark."). As this Court has correctly recognized, "[t]hough evidence against multiple defendants will come from Temu, the evidence itself—from the infringing product listings to the sales and profit data—will be largely unique to each defendant." *Roadget Bus.*, 735 F. Supp. 3d at 986. Plaintiff's conclusory assertion that all claims arise from the same or related transactions therefore carries no weight.

Indeed, there is no evidence that Plaintiff's claims against Amoiss.com arise out of the

7

same transaction, occurrence, or series of transactions or occurrences as its claims against any other defendant. Amoiss.com did not manufacture the Accused Product. Rather, Amoiss.com is operated by Changsha Yuhua District Yitai Household Products Store and distributed the Accused Product through its own website storefront in the United States. Zou Decl. ¶¶ 4-6. There is no evidence that any other defendant used the same manufacturing source, supply chain, or distribution channel as Amoiss.com. *Id*. ¶¶ 7-11. To the contrary, Amoiss.com testifies that it has no relationship with the other defendants and did not participate in any common transaction or coordinated conduct with them. *Id*.

Nor does *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 334 F.R.D. 511 (N.D. Ill. 2020), support joinder here. In *Bose*, the court permitted joinder where defendants were alleged to have sold counterfeit products bearing the plaintiff's marks, but the decision was expressly informed by the "practical considerations" that no defendant had appeared and that default judgment against all defendants was likely. *Id*. at 517. Those circumstances are not present here. Amoiss.com has appeared and challenges both joinder and the propriety of injunctive relief. The practical rationale that informed Bose therefore has no application in this case.

Accordingly, Plaintiff has failed to establish that its claims against Amoiss.com arise out of the same transaction, occurrence, or series of transactions or occurrences as its claims against the other defendants. Because Plaintiff relies only on conclusory allegations of parallel conduct, while the evidence relevant to Amoiss.com is unique to its own storefront, supplier, and sales activity, joinder is improper under Rule 20 and Amoiss.com should be dismissed from this action.

## II. PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION SHOULD BE DENIED

### A. Plaintiff Cannot Establish Irreparable Harm Based on Generalized Allegations Against Multiple Unrelated Defendants.

"Plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 24. "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). "Normally the mere payment of money is not considered irreparable …because money can usually be recovered from the person to whom it is paid." *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (citation omitted).

The possibility of irreparable harm alleged by Plaintiff is insufficient for a preliminary injunction. In support of its TRO application and the present Motion, Plaintiff relies on the conclusory allegation of irreparable harm. *See* Dkt.14 at 16-17. Plaintiff, however, fails to explain *how* it is likely to suffer such harm or present any *evidence* showing it is likely to suffer such harm absent a preliminary injunction against Amoiss.com.

First, Plaintiff is not entitled to any presumption of irreparable harm. Although the Seventh Circuit historically recognized a presumption that copyright infringement may give rise to irreparable harm, *see Eli Lilly & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000), that presumption has been substantially undermined by the Supreme Court's decision in *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006). In *eBay*, the Supreme Court rejected categorical rules that automatically grant injunctive relief upon a finding of infringement and reaffirmed that courts must apply traditional equitable principles when considering injunctive relief. *Id.* at 392–93. Following *eBay*, several courts in this Circuit have declined to apply an automatic presumption of irreparable harm in copyright cases and instead require plaintiffs to demonstrate irreparable injury based on the specific facts of the case. *Mkt. Track, LLC v. Efficient Collaborative Retail Mktg.,*

9

*LLC*, No. 14 C 4957, 2015 WL 3637740, at \*23 (N.D. Ill. June 12, 2015); *see also Swarovski Aktiengesellschaft v. Bldg. No. 19, Inc.*, 704 F.3d 44, 54 (1st Cir. 2013); *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 216 (3d Cir. 2014); *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1248–49 (9th Cir. 2013).

Moreover, Plaintiff fails to show that it faces any ongoing irreparable harm in the absence of continued injunctive relief. Although "[c]essation of an unlawful practice doesn't exonerate a defendant, since unless enjoined he might resume infringing," *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 762 (7th Cir. 2012), that principle does not relieve Plaintiff of its burden to demonstrate that irreparable injury remains likely here. On this record, Plaintiff cannot do so.

Amoiss.com has submitted a sworn declaration establishing that it has ceased selling the Accused Product and does not intend to resume such sales. Zou Decl. ¶¶ 20-29. Amoiss.com further affirms under penalty of perjury that it will not sell any accused products in the future that bear or use the marks at issue in this case, will not use the copyrighted work or any similar photo in any product listing, image, video, advertising, or sale. *Id*. These are specific, sworn commitments directed precisely at the conduct about which Plaintiff complains.

Under these circumstances, Plaintiff cannot show a present likelihood of irreparable harm. The allegedly infringing listing has been removed, the challenged conduct has ceased, and Amoiss.com has made a sworn, enforceable commitment not to resume it. If Amoiss.com were to violate those representations, Plaintiff would remain free to raise that misconduct with the Court, including by relying on the declaration made under penalty of perjury. But on the current record, continued injunctive relief is unnecessary because there is no evidence of ongoing infringement, no active listing using the asserted mark, and no basis to conclude that future irreparable injury is likely.

Accordingly, Plaintiff cannot satisfy the irreparable-harm requirement, and the Preliminary Injunction as to Amoiss.com should be dissolved.

**B.**	**The Balance of Equities Weighs Against an Overbroad Injunction Freezing Amoiss.com's Account and Business Operations.**

The balance of equities weighs strongly against entering or continuing an overbroad injunction against Amoiss.com. At this stage, the Court must "balance the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Even where a plaintiff asserts intellectual-property rights, injunctive relief must remain equitable, proportional, and tailored to the actual defendant-specific evidence. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); Fed. R. Civ. P. 65(d).

Here, Amoiss.com has already ceased the challenged conduct. Amoiss.com removed the accused product from its website, the accused product is no longer available for purchase, and Amoiss.com has sworn that it does not intend to resume selling the accused product. Zou Decl. ¶¶ 20–25. Amoiss.com further affirms under penalty of perjury that it will not use Plaintiff's asserted copyrighted work, photograph, substantially similar photo, trademarks, or other asserted intellectual property in any future product listing, image, video, advertisement, promotion, marketing material, or sale. *Id*. ¶¶ 26–29. These are specific sworn commitments directed precisely at the conduct about which Plaintiff complains.

By contrast, the harm to Amoiss.com from the requested injunction is immediate and substantial. Plaintiff's requested relief has resulted in the restriction or freezing of Amoiss.com's PayPal account. *Id*. ¶¶ 16–19. That restraint disrupts Amoiss.com's business operations beyond the accused product and affects its ability to operate and process transactions for products unrelated to Plaintiff's allegations. *Id*. ¶¶ 18–19. This is disproportionate given that Amoiss.com's records show

11

only one U.S. sale of the accused product, in the amount of $38.48, and that the single order was placed by or on behalf of Plaintiff's counsel for purposes of this litigation. *Id*. ¶¶ 30–37. An injunction freezing unrelated funds and business operations based on one litigation-driven sale would impose a severe hardship on Amoiss.com while providing little, if any, additional protection to Plaintiff.

Nor has Plaintiff offered defendant-specific evidence justifying an account-wide freeze. Amoiss.com is an independent online storefront operated by Changsha Yuhua District Yitai Household Products Store. *Id*. ¶¶ 3–6. Amoiss.com has no business relationship, partnership, joint venture, agency relationship, common ownership, common control, coordinated sales arrangement, common transaction, or collective conduct with any other defendant. *Id*. ¶¶ 7–15. There is no evidence that Amoiss.com shares the same manufacturing source, supplier, supply chain, inventory, sales channel, distribution channel, payment account, website storefront, or operating entity with any other defendant. *Id*. ¶ 11. Plaintiff therefore cannot justify imposing broad Schedule-A injunctive relief on Amoiss.com based on allegations against unrelated defendants.

At most, any equitable relief must be limited to the specifically accused product and the specifically asserted intellectual property. Because Amoiss.com has already delisted the accused product, ceased sales, and sworn not to resume the challenged conduct, the balance of equities weighs against an overbroad injunction freezing Amoiss.com's PayPal account, unrelated funds, unrelated products, and ordinary business operations.

    **C.    The Public Interest Does Not Favor an Injunction Entered Without Proper Service, Proper Joinder, or Defendant-Specific Evidence.**

The public interest does not favor injunctive relief entered without proper service, proper joinder, or defendant-specific proof. Although the public has an interest in protecting valid intellectual-property rights, that interest does not override the public's equally important interest

in due process, fair notice, proper service, and narrowly tailored injunctions. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); Fed. R. Civ. P. 65(d). Courts must ensure that extraordinary injunctive relief is not imposed on a defendant based on collective allegations against unrelated online sellers rather than evidence specific to that defendant.

That concern is especially strong here. Amoiss.com's operating entity and physical address in China were publicly displayed on its website. Zou Decl. ¶¶ 3–6. Plaintiff nevertheless proceeded by email service even though Amoiss.com's address was known or reasonably ascertainable and service on a China-based defendant is governed by the Hague Service Convention. The public interest is not served by allowing a plaintiff to bypass treaty-based service requirements and then obtain coercive injunctive relief against a foreign defendant whose physical address was available from the storefront itself. Proper service is not a technicality; it is the mechanism by which the Court obtains authority to impose binding obligations on a defendant.

Moreover, defendant-specific evidence confirms that broad injunctive relief is unnecessary. Amoiss.com sold only one unit of the accused product in the United States, for $38.48, in an order placed by or on behalf of Plaintiff's counsel. *Id*. ¶¶ 30–37. Amoiss.com has removed the listing and sworn not to sell the accused product or use Plaintiff's asserted intellectual property in the future. *Id*. ¶¶ 20–29. The public interest favors enforcement of valid rights through lawful, targeted, and proportionate relief. It does not favor an overbroad injunction that freezes unrelated funds and disrupts unrelated business operations without proper service, proper joinder, or defendant-specific proof. Plaintiff's request for preliminary injunctive relief against Amoiss.com should therefore be denied, or at minimum limited strictly to the specifically accused product and the specific intellectual property at issue.

## **CONCLUSION**

For the foregoing reasons, Defendant Amoiss.com respectfully requests that the Court vacate the Injunction as applied to Amoiss.com, dismiss Amoiss.com from this action for improper joinder, and grant such other and further relief as the Court deems just and proper.

Dated:    June 12, 2026.

**THE LAW OFFICE OF X. LYU, PLLC**

By: */s/   Xintong Lyu*

Xintong Lyu, NYSBA No. 6253975
36-36 Prince St., Ste 309A
Flushing New York 11354
(212) 812-8253
catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
Phone: (212) 812-8253
Email: jwang@lyulawpllc.com

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 12, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/   Xintong Lyu*
Xintong Lyu

15