## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ALISON FRIEND,

       *Plaintiff,*

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

       *Defendants.*

Case No.: 26-cv-05581

**Judge Charles P. Kocoras**

**Magistrate Judge Beth W. Jantz**

## DECLARATION OF XINYU ZOU IN SUPPORT OF AMOISS.COM'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

I, Xinyu Zou, declare as follows:

1.    I am the owner/operator of Amoiss.com, also displayed as Aomiss on the website. I submit this declaration in support of Defendant No. 22 Amoiss.com's opposition to Plaintiff Alison Friend's motion for preliminary injunction.

2.    I have personal knowledge of the facts stated in this declaration. Where the facts are based on business records, those records are maintained in the ordinary course of business. If called as a witness, I could and would testify competently to the facts stated herein.

3.    Amoiss.com is operated by Changsha Yuhua District Yitai Household Products Store.

4. The operating entity and physical address are displayed on the Terms of Use page of the Amoiss.com website. A true and correct copy of the Terms of Use page is attached as **Exhibit 1**.

5. As shown in Exhibit 1, the website identifies the operating entity as "Changshayuhuaquyitaishenghuoyongpinguan," which corresponds to Changsha Yuhua District Yitai Household Products Store.

6. As shown in Exhibit 1, the website also identifies a physical address in China: No. 59-7, Shiyanhu, Jinping Community, Tiaoma Town, Yuhua District, Changsha City, Hunan Province, China. The website notes that this address is not a return address.

7. Amoiss.com is an independent online storefront. It is not owned, operated, managed, or controlled by any other defendant in this action.

8. Amoiss.com did not act together with any other defendant in this action to sell, advertise, market, source, manufacture, or distribute the product accused by Plaintiff.

9. Amoiss.com has no business relationship, partnership, joint venture, agency relationship, common ownership, common control, or coordinated sales arrangement with any other defendant in this action.

10. Amoiss.com did not participate in any common transaction, common occurrence, coordinated scheme, or collective conduct with any other defendant relating to the product accused by Plaintiff.

11. To my knowledge, no other defendant used the same manufacturing source, supplier, supply chain, inventory, sales channel, distribution channel, payment account, website storefront, or operating entity as Amoiss.com with respect to the product accused by Plaintiff.

12. Amoiss.com distributed the product accused by Plaintiff only through its own website storefront.

13. Amoiss.com did not distribute the accused product through Amazon, eBay, Temu, Walmart Marketplace, Etsy, TikTok Shop, or any other third-party marketplace in the United States.

14. Amoiss.com did not authorize any other defendant to sell the accused product on its behalf.

15. Amoiss.com did not sell the accused product on behalf of any other defendant.

16. Following this lawsuit, Amoiss.com's PayPal account was restricted or frozen. A true and correct copy of the PayPal notice is attached as **Exhibit 2**.

17. The PayPal notice identifies this lawsuit by case number and states that the account restriction was related to a pending matter requiring resolution through Plaintiff's counsel.

18. The PayPal account restriction has disrupted Amoiss.com's business operations beyond the accused product.

19. The PayPal account restriction affects Amoiss.com's ability to operate and process transactions for products unrelated to Plaintiff's allegations.

20. The product accused by Plaintiff was listed on Amoiss.com as "Pizza Lover Puppy Oil Painting Art Print Crew Neck Loose Blouse." A true and correct copy of the product-display record is attached as **Exhibit 3**.

21. After learning of this lawsuit and Plaintiff's allegations, Amoiss.com removed the accused product from its website.

22. The accused product is no longer available for purchase on Amoiss.com.

23. Amoiss.com has ceased selling the accused product.

24. Amoiss.com does not intend to resume selling the accused product.

25. Amoiss.com will not sell the accused product in the future.

26. Amoiss.com will not use any copyrighted work asserted by Plaintiff in this case in any product listing, image, video, advertisement, promotion, marketing material, or sale.

27. Amoiss.com will not use any photograph, image, or substantially similar photo alleged by Plaintiff to infringe Plaintiff's rights in any product listing, image, video, advertisement, promotion, marketing material, or sale.

28. Amoiss.com will not use Plaintiff's asserted intellectual property, including any asserted trademarks or copyrighted works, in connection with any future product listing or sale.

29. The commitments stated above are made voluntarily and under penalty of perjury.

30. Based on Amoiss.com's business records, there was only one U.S. sale of the accused product.

31. A true and correct copy of the sales record for the accused product is attached as **Exhibit 4**.

32. Exhibit 4 shows one order for the accused product.

33. Based on Amoiss.com's business records, that order was placed on or about April 8, 2026.

34. Based on Amoiss.com's business records, the sale amount for that order was USD $38.48.

35. To my knowledge, that single order was placed by or on behalf of Plaintiff's counsel for purposes of this litigation, including to establish alleged personal jurisdiction in Illinois.

36. Other than that one order, Amoiss.com has not sold the accused product to any customer in the United States.

37. Amoiss.com has not received any other U.S. orders for the accused product.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12, 2026,

By: /s/ Xinyu Lou