**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

---

**Alison Friend,**

                       Plaintiff,                      Case No. 1:26-cv-05581

        v.

**The Partnerships and
Unincorporated Association Identified on
Schedule "A"**

                Defendants.

---

**OPPOSITION OF DEFENDANTS 28 AND 29 TO MOTION FOR PRELIMINARY
INJUNCTION**

---

Dated: June 25, 2026

                                    Michael T. Griggs
                                    BOYLE FREDRICKSON S.C.
                                    840 N. Plankinton Ave.
                                    Milwaukee, WI  53203
                                    mtg@boylefred.com

                                    Attorneys for Defendants 28 and 29

## I.      Introduction

Defendant Magic Matrix Technology, Co. LTD ("Magic Matrix"), identified as Defendants 28 and 29 with the aliases "favomens.com," and "lacemylife.com" on Schedule A, hereby opposes Plaintiff Allison Friend's ("Plaintiff") motion for a preliminary injunction. The motion should be denied in its entirety because Plaintiff cannot demonstrate a likelihood of success on the merits. Magic Matrix has filed a motion to dismiss Plaintiff's complaint against it based upon lack of personal jurisdiction and improper joinder that precludes entry of a preliminary injunction. *See* Motion to Dismiss (Doc. 53).[1]

Moreover, Plaintiff's motion should be denied because Plaintiff has failed to demonstrate irreparable harm, which is required for entry of a preliminary injunction. Magic Matrix sold three of the accused products generating approximately ***$100*** in revenue, two of which appear to be the result of test buys from Plaintiff's counsel. Jing Decl., ¶ 7, Ex. A (sales summary). Despite this nominal revenue, Plaintiff requests the Court to continue freezing ***$20,000*** in Magic Matrix's PayPal account, which would disproportionately harm Magic Matrix given the amount in controversy in the case.[2] Importantly, Magic Matrix immediately delisted and stopped selling the Accused Products when it learned of Plaintiff's claims, thus capping any potential damages Plaintiff could recover.  Jing Decl., ¶ 6. Given that Magic Matrix has appeared in the case, and that the amount in controversy is nominal when compared to the amount of funds that Plaintiff seeks to keep frozen, Plaintiff cannot demonstrate that it will suffer irreparable harm without the $20,000 asset freeze.

---

[1] Magic Matrix submits that adjudication of Plaintiff's motion for a preliminary injunction should be deferred until after Magic Matrix's motion to dismiss is adjudicated, as the preliminary injunction motion would be moot if Magic Matrix's motion to dismiss is granted.

[2] It appears that Plaintiff is attempting to use the $20,000 asset restraint as leverage to extract a large settlement payment that in no way reflects the facts of the case.

Finally, any asset restraint must be limited to the equitable recovery requested by Plaintiff, i.e., disgorgement of profits on Magic Matrix's sales of $100. Plaintiff's requested asset freeze of $20,000 exceeds Plaintiff's possible equitable recovery by 200x and is therefore entirely unjustified and inappropriate. Any asset restraint should not exceed $100 in this case, which is a nominal amount that does not warrant an asset restraint in the first instance.

## II.     Applicable Law

"[A] temporary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (*quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis original)). Because an injunction is an extraordinary remedy, the court's power to issue such relief should be exercised sparingly. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976).

A plaintiff seeking preliminary injunctive relief must establish that: "(1) its case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted." *Long v. Bd. of Educ.*, Dist. 128, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001). "[B]urdens at the temporary injunction stage track the burdens at trial." *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006). Thus, the movant "bears the burden of persuasion with regard to each factor in the preliminary injunctive relief analysis," and if it "fails to meet just one of the prerequisites for a temporary injunction, the injunction must be denied." *Smith v. Foster*, 2016 WL 2593957, at *3 (E.D. Wis. May 5, 2016) (quoting *Cox v. City of Chicago*, 868 F.2d 217, 219-23 (7th Cir.1989)) (emphasis added).

In order to meet her burden, Plaintiff must support her motion "with evidence" to satisfy "each of the[] elements" required to obtain injunctive relief. *Merritte v. Kessell*, 2015 WL

2

1775777, at *2 (S.D. Ill. Apr. 16, 2015); *see also, e.g., Air Serv Corp. v. Serv.Emps. Int'l Union, Local 1*, 2016 WL 7034136, at *1 (N.D. Ill. Dec. 2, 2016) If the movant meets these requirements, the Court must then weigh, using a sliding scale, the harm the movant will suffer without an injunction against the harm the non-movant will suffer if an injunction is issued. The more likely the movant is to win, the less heavily need the balance of harm weigh in its favor; conversely, the less likely the movant is to win, the more the balance must weigh in its favor. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Such injunctive relief is "never awarded as of right," and the Court "must balance the competing claims of injury and must consider the effect on each party." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

Asset restraints are typically unavailable where a plaintiff seeks monetary judgement. *Roadget*, 2024 WL 2763735 at *1 (citing *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 331–33, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999)). While a freezing of assets may be appropriate when a plaintiff seeks an equitable remedy, "the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief." *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, *2 (N.D. Ill. Oct. 31, 2013). "If the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more." *Id.*

III.     **Argument**

    A.     **Plaintiff cannot demonstrate that she is likely to succeed on the merits of her claim**

As set forth in detail in Magic Matrix's motion to dismiss (Doc. 53) and below, Plaintiff's claims must be dismissed for lack of personal jurisdiction over Magic Matrix and for improper joinder.

### 1.    Plaintiff cannot demonstrate a basis for personal jurisdiction

A plaintiff bears the burden of establishing a prima facie basis for personal jurisdiction. *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 392-93 (7th Cir. 2020). Specific personal jurisdiction exists only where the defendant has purposefully directed activities toward the forum state and the plaintiff's claims arise out of those forum-related activities. *See Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). Here, Plaintiff's jurisdictional allegations are limited to the assertion that Defendants operate online stores that offer shipping to Illinois, accept payment in U.S. dollars, and, "on information and belief," have sold allegedly infringing products to Illinois residents. Complaint (Doc. 1), ¶ 2. Plaintiff further alleges, again only "on information and belief," that Defendants have offered to sell and sold products to consumers within Illinois. *Id*. ¶ 16. These allegations are insufficient as a matter of law. Moreover, Magic Matrix is located in China and has no residence or place of business in Illinois. Jing Decl., ¶ 2.

The Seventh Circuit has repeatedly rejected the proposition that the existence of an interactive website accessible in the forum state establishes personal jurisdiction. In *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, the court explained that if maintaining an interactive website were enough, "there is no limiting principle, a plaintiff could sue everywhere." *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014). Accordingly, an online storefront accessible in Illinois does not, standing alone, demonstrate that a defendant purposefully directed activities toward Illinois.

The allegations here are materially indistinguishable from those rejected by Judge Blakey in a recent Schedule A copyright case, captioned *Nicolette Rahner v. The Partnerships and Unincorporated Associations Identified on Schedule A, et al.*, Case No. 1:26-cv-06678, in which Magic Matrix was also a defendant. There, the complaint, filed by the same plaintiff's counsel as in this case, alleged that defendants operated interactive online stores, offered shipping to

Illinois, accepted payment in U.S. dollars, and "on information and belief," sold infringing products to Illinois residents. This Court dismissed the complaint *sua sponte*, holding that such allegations did not establish personal jurisdiction because plaintiff alleged no facts supporting an inference that defendants deliberately and continuously exploited the Illinois market and alleged no contacts beyond the existence of the websites themselves. *See Rahner*, Minute Entry Dismissing Case (Doc. 39).

Likewise, in *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, the court held that evidence showing only that an Illinois consumer could place an order through a website "amounts to nothing more than maintaining an interactive website that is accessible in Illinois," which is insufficient to establish personal jurisdiction. *Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No*. 20-cv-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021).

Nor does Plaintiff identify any actual Illinois sales by Magic Matrix. Instead, Plaintiff relies solely on allegations made "upon information and belief." Courts in this District have repeatedly held that plaintiff-generated transactions or generalized allegations of sales are insufficient. *See Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21 C 6440, 2022 WL 1556381, at *4 (N.D. Ill. May 17, 2022) (holding that test purchases shipped to Illinois were insufficient where plaintiff failed to identify evidence of transactions involving Illinois customers other than the test buys themselves).

Plaintiff's jurisdictional allegations therefore amount to nothing more than the assertion that Magic Matrix maintained an online storefront accessible from Illinois. Under *Advanced Tactical*, *Rubik's Brand*, and *Expeditee*, such allegations are insufficient to establish personal jurisdiction. Accordingly, the Complaint should be dismissed pursuant to Rule 12(b)(2). Plaintiff

5

cannot demonstrate a likelihood of success on the merits because the complaint must be dismissed for lack of personal jurisdiction.

**2. Plaintiff cannot demonstrate a likelihood of success on the merits because her claims against Magic Matrix must be dismissed for improper joinder**

Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants only where: (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants will arise in the action. Both requirements must be satisfied. Fed. R. Civ. P. 20(a)(2). Although district courts possess substantial discretion in determining whether joinder is appropriate, Rule 20 does not permit unrelated defendants to be grouped together merely because they are alleged to have committed similar acts of infringement. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018).

The allegations in Plaintiff's Complaint are materially indistinguishable from allegations recently rejected by Judge Blakey in the *Rahner* Schedule A copyright infringement action. *See Rahner*, Minute Entry Dismissing Case (Doc. 39). There, the plaintiff alleged that the defendant online stores shared "unique identifiers," including common design elements and similarities in the allegedly infringing products, and that defendants' activities arose out of the same transaction or occurrence because they operated in the same online retail space. This Court rejected those allegations as conclusory and held that they were insufficient to support joinder under Rule 20.

Plaintiff, who is represented by the same counsel as in the *Rahner* case, makes the same allegations here. The Complaint alleges that the "Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale," and therefore supposedly share a "logical relationship" demonstrating that Defendants' conduct arises from the same transaction or occurrence. Complaint (Doc. 1), ¶ 7. Yet Plaintiff

6

pleads no facts identifying any actual relationship among defendants, any agreement between defendants, any common ownership, any common management, any shared financial accounts, any common supplier, or any coordinated conduct whatsoever. Indeed, separate counsel has filed appearances for two other defendants (amoiss.com and GOOD PAPA) that are unrelated to Magic Matrix. *See* Appearances (Docs. 41, 42, and 43).

Instead, Plaintiff's theory of joinder rests entirely on the assertion that all defendants allegedly sold products depicting Plaintiff's copyrighted works through online marketplace storefronts. But courts have repeatedly held that allegations of similar infringement are insufficient to satisfy Rule 20. As one court explained, "committing the same type of violation in the same way does not link defendants together for the purpose of joinder." *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024) (quoting *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)). Likewise, courts in this District have repeatedly held that plaintiffs cannot satisfy Rule 20 merely by alleging that multiple defendants infringed the same intellectual property. *Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024); *Ilustrata Servicos Design, Ltda. v. Partnerships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 21-cv-5993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021).

Plaintiff characterizes this case as involving widespread infringement occurring through online marketplaces. But the fact that multiple defendants allegedly used the same marketplace platform and allegedly infringed the same copyrights does not establish that their conduct arose

7

from the same transaction or occurrence. At most, those allegations describe separate and independent acts of alleged infringement committed by different defendants.

The Complaint therefore alleges nothing more than independent instances of alleged copyright infringement by unrelated defendants. Because Plaintiff has failed to plead facts demonstrating that the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, joinder is improper under Rule 20. As set forth in Magic Matrix's motion to dismiss, the Court should sever and dismiss the claims against Magic Matrix pursuant to Rule 21. Accordingly, Plaintiff has failed to demonstrate a likelihood of success on her claims against Magic Matrix.

**B.     Plaintiff has failed to demonstrate that she will suffer irreparable harm without an asset freeze of $20,000 of Magic Matrix's funds**

A preliminary injunction is an extraordinary remedy and is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, Plaintiff must establish that she will suffer irreparable harm absent injunctive relief and that remedies available at law are inadequate. *Id.*; *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Here, Plaintiff's only concern is the availability of funds to pay a judgment on damages, should Plaintiff secure one. This concern is not evidence of irreparable harm.

Plaintiff's sole allegation of irreparable harm is the following conclusory statement that is not supported by any evidence: "[i]n the absence of a preliminary injunction, Defendants *may* attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account." Motion (Doc. 29), pg. 4 [emphasis added]. Plaintiff's speculative, unsupported allegation that the collective defendants "may" move money out of an account does not demonstrate that Plaintiff "will" suffer irreparable harm if the injunction is not entered. With respect to Magic Matrix specifically, Magic Matrix is represented by counsel and has appeared in

8

this case. This fact undoubtedly mitigates against Plaintiff's unfounded speculation that Magic Matrix will take its money and disappear if an injunction is not entered.

Plaintiff also makes the following erroneous statement in her motion: "The amount of damages to which Plaintiff is entitled as set forth in the Complaint far exceeds any amount contained in any of the Defendants' frozen Amazon, PayPal, SHEIN, and Temu accounts." Motion (Doc. 29), pg. 4. Here, Magic Matrix has less than **$100** in revenue from sales of the Accused Products – which appear to be test buys by Plaintiff's counsel – whereas **$20,000** is currently frozen in Plaintiff's PayPal account. Jing Decl., ¶ 9. As discussed below, to the extent Plaintiff demonstrates an asset restraint is appropriate – which Plaintiff cannot do here – any asset restraint must be limited to the equitable relief requested by Plaintiff, i.e., disgorgement of Magic Matrix's profits on **$100** of sales. The current $20,000 asset freeze exceeds Plaintiff's potential equitable relief by more than 200x.[3]

Moreover, any risk of future harm has been substantially mitigated. Upon receiving notice of Plaintiff's allegations, Magic Matrix promptly removed the accused listings and ceased offering the products for sale. Magic Matrix has appeared through counsel and is actively participating in this litigation. Plaintiff therefore cannot show a likelihood of continuing infringement by Magic Matrix sufficient to justify extraordinary injunctive relief.

The Seventh Circuit has repeatedly recognized that irreparable harm cannot be presumed merely because intellectual property rights are asserted. Rather, a plaintiff must present evidence showing that future harm is likely and cannot be remedied through an award of damages.

---

[3] Plaintiff's claim for statutory damages is irrelevant to the issue of an asset restraint. Statutory damages are a legal remedy – not equitable relief – and therefore cannot be the basis for an asset restraint.

Plaintiff has failed to make that showing here. Because Plaintiff has not established irreparable harm, her request for preliminary injunctive relief must be denied.

### C. Plaintiff's requested asset restraint is disproportionate to any potential equitable relief, i.e., disgorgement of Magic Matrix's profit on less than $100 in sales

Asset restraints are generally unavailable where a plaintiff primarily seeks money damages. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 331-33 (1999). Even where equitable relief is sought, courts in this District have repeatedly recognized that any prejudgment asset restraint must be limited to an amount reasonably necessary to secure the equitable relief ultimately available. *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013).

Here, Plaintiff's own allegations concern only a small number of allegedly infringing product listings. Magic Matrix promptly removed those listings after learning of Plaintiff's claims. The total revenue generated from selling three Accused Products was approximately $100. Any recoverable profits would necessarily be less than that amount. Yet Plaintiff seeks to continue freezing $20,000 in Magic Matrix's financial accounts, an amount that exceeds the total revenue generated by more than 200x. Such a restraint bears no reasonable relationship to any potential equitable recovery of Magic Matrix's profits (less than $100) and therefore exceeds the permissible scope of prejudgment relief under *Deckers*.

The disproportionate restraint also inflicts substantial hardship on Magic Matrix because the frozen funds are derived from its legitimate business operations and sales of non-accused products. Jing Decl., ¶ 9. Accordingly, the balance of hardship weighs against entry of a preliminary injunction. Preventing access to those funds significantly impairs Magic Matrix's

ability to conduct ordinary business activities while providing Plaintiff with security vastly exceeding any conceivable recovery on Plaintiff's equitable claim. Jing Decl., ¶ 10.

## IV. Conclusion

For the foregoing reasons, Magic Matrix respectfully requests that the Court *deny* Plaintiff's motion for a preliminary injunction.

Dated: June 25, 2026

s/ Michael T. Griggs
Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

Attorneys for Defendants 28 and 29

11