**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALISON FRIEND,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

Case No. 26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS [53]**

This Court should deny the Motion to Dismiss [53] filed by Defendant Nos. 28 favomens.com and 29 lacemylife.com, both aliases of a single corporate seller, Magic Matrix Technology, Co. LTD (collectively, "Magic Matrix" or "Defendants"). Plaintiff Alison Friend ("Plaintiff" or "Friend") is a full-time professional artist whose humorous, anthropomorphic portraits of dogs and other animals are protected by thirteen U.S. copyright registrations (the "Alison Friend Works"). See [1] at ¶¶ 3, 5; [1-1]. Two of those works are at issue here: U.S. Copyright Registration Nos. VA 2-388-391 and VA 2-413-118:

1

| Plaintiff's Registered Artwork | Defendants' Infringing Products |
|---|---|
| U.S. Copyright Registration No. VA 2-388-391 | 28 favomens.com |
| U.S. Copyright Registration No. VA 2-413-118 | 29 lacemylife.com |



*See* **Exhibit 1** (Evidence of Infringement); see also [63-1] ¶ 5.

Magic Matrix reproduced these two works without authorization on shirts and sold them through its favomens.com (Def. No. 28) and lacemylife.com (Def. No. 29) storefronts, including at least one sale each to an address in Chicago, Illinois. *See* **Exhibit 2** (Purchase receipts from Magic Matrix's PayPal accounts). Defendants concede the sales: their own CEO swears that Magic Matrix have "sold… [the] Accused Shirts." *See* [63-1] ¶ 7 and [63-2].

Defendants' Motion fails at every turn. First, personal jurisdiction is established because Magic Matrix accepted and confirmed shipment of infringing orders bound for Illinois — the exact forum-directed conduct the Seventh Circuit held sufficient in *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) — and its own sworn filings admit a U.S.-facing operation of more than 10,000 products and sales processed through a PayPal account. Second, Defendants' lead

2

authority, an unpublished *sua sponte* minute-entry dismissal in *Rahner*, is non-precedential and, in any event, turned on the absence of the very forum contacts Magic Matrix has admitted here. Third, misjoinder is not a ground for dismissal; Fed. R. Civ. P. 21 limits the remedy to severance, and joinder was proper in any event. Every one of those disputes must be resolved in Plaintiff's favor. Accordingly, the Motion should be denied in full.

## I.        Personal Jurisdiction Is Proper Over Magic Matrix.

Because the Court decides this Rule 12(b)(2) motion on written submissions without an evidentiary hearing, Plaintiff need only make a prima facie showing of personal jurisdiction, and the Court must resolve every factual dispute in Plaintiff's favor. See *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 432 (7th Cir. 2010); *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1, 1023 (7th Cir. 2009); *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). This standard matters because Defendants ask the Court to credit a factual narrative that their own sworn declaration contradicts. Notably, the very authority Defendants invoke, *Curry v. Revolution Labs., LLC*, 949 F.3d 385 (7th Cir. 2020), confirmed personal jurisdiction over an out-of-state online seller that shipped into the forum.

### A. <u>Magic Matrix Purposefully Availed Itself of Illinois by Accepting and Agreeing to Ship Infringing Orders Here.</u>

Magic Matrix's storefronts were built to solicit and consummate sales in the United States and Illinois. They (i) reproduced, displayed, and sold shirts bearing Friend's copyrighted illustrations; (ii) advertised in English at U.S.-dollar prices; (iii) offered shipping to Illinois; and (iv) accepted an order for each Accused Shirt and confirmed and completed shipment to a Chicago, Illinois address. *See* Exhibits 1-2; [1] at ¶¶ 2, 16. Magic Matrix's own PayPal records memorialize each transaction by identifying the seller ("Magic Matrix Technology Co., LTD"), the Chicago ship-to address, the exact product sold, and a unique transaction ID. *See* Exhibit 2. Defendants do

3

not dispute that the orders were placed, accepted, and shipped; they dispute only who placed them. That distinction is legally irrelevant.

Under controlling Seventh Circuit law, a defendant that accepts an order and ships an infringing product into Illinois has purposefully availed itself of this forum, even where the order was placed by the plaintiff or its investigator. In *NBA Properties*, the court held that a single sale shipped to Illinois established specific jurisdiction, and that the plaintiff's motivation in placing the order is irrelevant to the defendant's own purposeful conduct in accepting it and shipping to the forum. 46 F.4th at 621–25. Courts in this District apply that rule routinely. *See Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 WL 2633317, at *2 (N.D. Ill. June 25, 2021) (defendant "affirmatively selected Illinois as a shipping target")[1]; *Mercis, B.V. v. Individuals*, No. 24 C 5853, 2025 WL 540509, at *3 (N.D. Ill. Feb. 19, 2025) (jurisdiction proper where foreign online sellers accepted U.S.-dollar orders and agreed to ship to an Illinois address, even though the goods had not been delivered); *Manchester United Football Club Ltd. v. P'ships*, No. 24 CV 5692, 2024 WL 5202272, at *5 (N.D. Ill. Dec. 23, 2024) (purposeful availment established where each seller accepted an order for shipment to Illinois, even though the order was later canceled); *Pit Viper, LLC v. Xi'an Jiaye Tengda Trading Co.*, No. 23 C 14761, 2024 WL 5039888, at *4–5 (N.D. Ill. Dec. 9, 2024) (jurisdiction upheld where the seller accepted a test order bearing an Illinois shipping address, and holding that a seller cannot escape jurisdiction by later canceling the order); *see also Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 277-78 (2d Cir. 2024) (reversing dismissal and holding jurisdiction proper where the seller accepted orders bearing New York shipping addresses and sent emails confirming a commitment to ship, even absent proof the goods were shipped).

---

[1] All unpublished opinions are attached as **Exhibit 3**.

Defendants' own submissions contradict their "mere interactive website" theory. Their CEO swears that Magic Matrix "immediately stopped offering the Accused Shirts for sale" upon learning of this suit. [63-1] ¶ 6. A seller cannot stop selling what it has never sold. Defendant CEO's Declaration also admits it "sells clothing and related accessories through the websites identified above, as well as through additional websites," and it "utilizes a PayPal account to process customer transactions" into which "the funds from the purchase are transferred." *Id*. at ¶¶ 3-4. Those admissions describe an active, transaction-consummating commercial operation that processed real payments, not a passive page that happens to be visible in Illinois. The cases Defendants cite confirm the distinction, as each involved website accessibility that was not accompanied by an accepted, forum-bound sale. *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014); *Rubik's Brand, Ltd. v. P'ships*, No. 20-cv-5338, 2021 WL 825668, at \*3 (N.D. Ill. Mar. 4, 2021); *see also be2 LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011). Here, Plaintiff relies on Defendants' actual acceptance, processing, and confirmed shipment of infringing orders to Illinois. *See* Exhibits 1–2; [63-1] ¶ 7 & [63-2].

Furthermore, requiring Magic Matrix to answer in Illinois is neither unfair nor unreasonable. As the Seventh Circuit explained, there is "no unfairness in making a seller defend a suit in a state where it structured its business to easily serve the state's consumers," and "Illinois no doubt has an interest in protecting its consumers from purchasing" infringing merchandise. *NBA Properties*, 46 F.4th at 625-27 (cleaned up) (citing *Curry*, 949 F.3d at 402). Magic Matrix identifies no witness, record, or operation that would make any other forum more convenient, and it took no step to block Illinois orders. It has done more than enough to invite suit here. Magic Matrix's own conduct confirms the point: it appeared, jointly moved to reduce the asset restraint on its accounts, and agreed to be bound by all injunctive provisions of this Court's order for the

pendency of this litigation. See [34]; [37]. A defendant that invokes this Court's authority to modify an order in its favor, and consents to the Court's injunction governing it throughout the case, cannot credibly claim that litigating here is unfair.

### B. Defendants' Reliance on the *Rahner* Minute Entry Is Misplaced and Ultimately Confirms Jurisdiction.

Defendants stake their motion on a single, unpublished minute-entry order dismissing a different complaint *sua sponte* in *Nicolette Rahner v. P'ships*, No. 1:26-cv-06678 (N.D. Ill. June 10, 2026). That order is not precedent. It resolved a different record, was entered before any jurisdictional evidence was developed, and binds neither this Court nor these facts. That other defendants and other judges exist proves nothing about whether *this* record satisfies due process.

In any event, *Rahner* helps Plaintiff. By Defendants' own account, the complaint there was dismissed because the plaintiff "alleged no facts supporting an inference that defendants deliberately and continuously exploited the Illinois market" and "alleged no contacts beyond the existence of the websites themselves." [53] at 3-4. This record is the opposite: Plaintiff points to accepted, Illinois-bound orders for each Accused Shirt, confirmed by Defendants' own receipts (Exhibits 1-2), and Defendants themselves admit completed sales of the Accused Shirts, a 10,000-product storefront, and payment processing through PayPal ([63-1] ¶¶ 3-4, 7 & [63-2]). The contacts found missing in *Rahner* are present and, indeed, conceded here. Defendants' repeated emphasis that Plaintiff shares counsel with the *Rahner* plaintiff is a distraction; the identity of counsel is not a jurisdictional fact.

### C. Rule 4(k)(2) Supplies an Independent Basis for Jurisdiction.

Even if Illinois-specific contacts were somehow lacking, Fed. R. Civ. P. 4(k)(2) independently supports jurisdiction over this foreign Defendant. Rule 4(k)(2) permits any federal court to exercise jurisdiction over a defendant on a federal claim where the defendant's aggregate

contacts with the United States are substantial, and it is not subject to jurisdiction in any single State. *See* Fed. R. Civ. P. 4(k)(2); *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551–52 (7th Cir. 2001); *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Plaintiff's claims arise under the Copyright Act, and Magic Matrix concedes it is a Chinese company with no place of business in the United States. [63-1] ¶ 2. Its nationwide contacts are substantial: a U.S.-facing storefront advertising in English at U.S.-dollar prices, offering more than 10,000 products, processing at least one million U.S. dollars in customer payments through a U.S. payment platform, and admittedly selling the Accused Shirts. [53] at 2; [63-1] ¶¶ 3–4, 7. Those contacts satisfy due process.

Rule 4(k)(2) is dispositive for an additional reason: "[a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed," and where it "refuses to identify any other" forum, "the federal court is entitled to use Rule 4(k)(2)." *ISI Int'l*, 256 F.3d at 552; *see Collectanea J. Ltd. v. P'ships*, No. 24 C 3821, 2024 WL 4604532, at *6 (N.D. Ill. Oct. 29, 2024). Magic Matrix has neither consented to nor identified a more suitable forum. Its aggregate U.S. contacts, therefore, sustain jurisdiction under Rule 4(k)(2).

**II.      Defendants' Joinder Challenge Provides No Basis for Dismissal.**

Defendants ask for the one remedy the Rules forbid. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action" and authorizes courts to "drop a party," not to dismiss claims. Fed. R. Civ. P. 21; *see Dorsey v. Varga*, 55 F.4th 1094, 1108 (7th Cir. 2022); *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018) (reversing a dismissal of misjoined claims; remedy for misjoinder is severance or dismissal without prejudice, not dismissal with prejudice). Because Defendants seek dismissal rather than severance, their joinder argument fails on its own terms even if the Court were to reach it.

This Court recently rejected the very motion Defendants press. In *Milwaukee Elec. Tool Corp. v. Individuals*, No. 24 C 12487, Dkt. 156 (N.D. Ill. May 28, 2025) (Kocoras, J.), the Court denied a Rule 20 and 21 motion to dismiss for misjoinder, agreeing that joinder at this stage serves to conserve judicial resources, and sustained joinder over eighty defendants. Joinder was proper in any event. Rule 20 is a procedural "device centrally concerned with the economies of aggregating small claims" that has "no effect on the substantive rights of the parties" and must be construed to secure the "just, speedy, and inexpensive determination of every action." *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000); *McGilvray v. Powell*, 186 F.2d 909, 911 (7th Cir. 1951); Fed. R. Civ. P. 1; see *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("joinder of claims, parties[,] and remedies is strongly encouraged"); *Bose Corp. v. P'ships*, 334 F.R.D. 511, 512–13 (N.D. Ill. 2020). Rule 20(a)(2) permits joinder where the claims arise from the same transaction, occurrence, or series of occurrences, and share at least one common question of law or fact. Fed. R. Civ. P. 20(a)(2).

Both requirements are met. Courts in this District have repeatedly held that the term "occurrence" is broader than "transaction" and reaches a "swarm" of online infringers inflicting a collective, mass harm on a single rightsholder, even absent direct coordination among them. *See Bose*, 334 F.R.D. at 515–16; *Estée Lauder Cosms. Ltd. v. P'ships*, 334 F.R.D. 182, 190 n.6 (N.D. Ill. 2020) ("coordination between all defendants is not a necessary element of joinder"); *Your True Nature, Inc. v. Individuals*, No. 24-cv-11162, Dkt. 173, at 2 (N.D. Ill. July 10, 2025) (Bucklo, J.) (joinder satisfied where each defendant "participated in a 'swarm' of intellectual property infringements"). Here, Magic Matrix, like the other Schedule A defendants, reproduced the same small portfolio of Friend's copyrighted works contemporaneously, in the same online retail space, and under the same cloak of storefront anonymity. *See* [1] at ¶ 7. That repetition of the same

protected art, copied and deployed the same way to sell the same categories of goods, is precisely the shared, overlapping facts that make separate listings part of the same series of occurrences. *Bose*, 334 F.R.D. at 516; see *United States v. Mississippi*, 380 U.S. 128, 142 (1965) (joinder proper though defendants acted independently and did not interact).

The claims also share common questions: whether each use infringes Friend's works, whether it was willful, and what remedies apply under 17 U.S.C. §§ 502, 504, and 505. All of which is more than Rule 20(a) requires. See Fed. R. Civ. P. 20(a); *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332–33 (8th Cir. 1974). Each defendant is "tak[ing] advantage of a set of circumstances — the anonymity and mass reach afforded by the internet and the cover afforded by international borders — to violate [Plaintiff's] [copyrights] with impunity." *Bose*, 334 F.R.D. at 516; *see also Neman Bros. & Assocs., Inc. v. P'ships*, No. 24 C 05666, 2024 WL 5056449, at *4 (N.D. Ill. Dec. 10, 2024); *Aidong Zou v. Entities*, No. 23-cv-16600, Dkt. 60 (N.D. Ill. Mar. 8, 2024) (Kendall, J.) ("clear logical relationship" where each defendant copied plaintiff's work and sold under a cloak of anonymity).

Defendants' own structure refutes the premise of their motion. Defendant Nos. 28 and 29 are two separately listed Schedule A storefronts, favomens.com and lacemylife.com, that Defendants concede are operated by a single entity, Magic Matrix. [53] at 1; [63-1] ¶ 1. If two of the Schedule A listings are in fact one coordinated seller, Defendants cannot credibly maintain that every listing on Schedule A is necessarily an unrelated actor incapable of joinder. Their concession proves precisely the sort of common operation that their motion insists is absent.

Defendants' contrary authorities do not help them. *Roadget Bus. Pte. Ltd. v. Individuals*, 735 F. Supp. 3d 981 (N.D. Ill. 2024), and *Ilustrata Servicos Design, Ltda. v. P'ships*, No. 21-cv-5993, 2021 WL 5396690 (N.D. Ill. Nov. 18, 2021), addressed severance, not the dismissal

Defendants demand, and the defendants coordinated online infringement of a single rightsholder's works. That separate counsel appeared for two other defendants says nothing about whether Friend's claims share a common occurrence. Moreover, Defendants' insistence that they bear no relationship to any other defendant rings hollow, given that they have not filed the Notification of Affiliates that Local Rule 3.2 requires of corporate litigants. Such a disclosure would illuminate the affiliations they say do not exist.

Courts confronting this same posture have concluded that joinder is tested on the pleadings now, while any prejudice is a question for later. Rejecting a materially identical misjoinder challenge, one court explained that "at this early stage of the case, the Court is satisfied that the complaint adequately pleads sufficient facts supporting permissive joinder," and that "[t]o the extent Defendants can point to prejudice of joinder at a later time in either discovery or at trial, or the facts elicited through discovery confirm that joinder is inappropriate, the Court will revisit this decision." *Maier v. The P'ships*, No. 25-cv-07534, Dkt. 58 (N.D. Ill. Mar. 25, 2026) (Alonso, J.) (unpublished) (rejecting a like misjoinder challenge in a Schedule A copyright case).

At a minimum, any doubt should be resolved through limited jurisdictional and relationship discovery, not dismissal. Courts routinely permit such discovery where a plaintiff presents facts suggesting coordinated operations. *See Anderson Design Grp.*, No. 1:25-cv-11640, Dkt. 55 (N.D. Ill. Apr. 24, 2026) (Rowland, J.); *Deckers Outdoor Corp. v. Wolverine Grp. Pty Ltd*, No. 1:24-CV-3164, 2025 WL 1222471 (N.D. Ill. Apr. 28, 2025); *Nicks v. Koch Meat Co.*, No. 16 C 6446, 2016 WL 6277489 (N.D. Ill. Oct. 27, 2016). And courts in this District have repeatedly rejected the very misjoinder-dismissal Defendants seek in materially identical Schedule A copyright cases. *See Naomi Claire Judd Tavares v. P'ships*, No. 26-cv-00484, Dkt. 48 (N.D. Ill. Mar. 27, 2026) (Alonso, J.) (denying without prejudice a motion to dismiss for improper joinder because, at this

early stage, the complaint adequately pleaded facts supporting permissive joinder, subject to revisiting if discovery shows joinder to be inappropriate); *Catherine Frances Rayner v. P'ships*, No. 1:25-cv-11809, Dkt. 44 (N.D. Ill. Apr. 9, 2026) (Gettleman, J.) (denying a motion to dismiss for misjoinder without prejudice); *Rachel Neville v. P'ships*, No. 25-cv-14338, Dkt. 35 (N.D. Ill. Apr. 17, 2026) (Bucklo, J.) (denying dismissal and severance where the record showed common corporate ownership and similar infringing conduct applying *Bose*) (all unpublished; attached in Exhibit 3). At most, the proper remedy under Rule 21 is severance to a new docket with prior filings preserved, not dismissal.

## CONCLUSION

Magic Matrix accepted and completed orders for each of its infringing shirts and shipped them to Chicago, Illinois, as its own PayPal receipts and sworn filings confirm; that conduct satisfies purposeful availment under *NBA Properties*, and Rule 4(k)(2) supplies an independent basis for jurisdiction over this foreign seller. Defendants' joinder theory seeks a remedy under Fed. R. Civ. P. 21 forecloses, and joinder is proper regardless because Defendants participated in the same swarm of infringement of Friend's works. Their motion rests on shifting, self-contradictory facts that must be resolved against them, and on an unpublished order whose reasoning confirms rather than defeats jurisdiction here. Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss [53] in its entirety; to the extent the Court has any joinder concern, the appropriate step is limited discovery or severance with prior filings preserved, not dismissal.

11

DATED: July 13, 2026                                         Respectfully submitted,

                                                             */s/ Keith A. Vogt*
                                                             Keith A. Vogt
                                                             FL Bar No. 1036084/IL Bar No. 6207971
                                                             Keith A. Vogt PLLC
                                                             1820 NE 163rd Street, Suite 306
                                                             North Miami Beach, Florida 33162
                                                             Telephone: 312-971-6752
                                                             E-mail: keith@vogtip.com

                                                             ***ATTORNEY FOR PLAINTIFF***

12

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 13, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Keith A. Vogt
Keith A. Vogt