**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

---

Alison Friend,

               Plaintiff,

     v.

The Partnerships and
Unincorporated Association Identified on
Schedule "A"

               Defendants.

               Case No. 1:26-cv-05581

---

**Magic Matrix Status Report on Plaintiff's Discovery Efforts**

---

Defendant Magic Matrix Technology, Co. LTD ("Magic Matrix" or "Defendant"), on behalf of Defendants 28 and 29 with the aliases "favomens.com," and "lacemylife.com," hereby provides this status report on Plaintiff's discovery efforts. Magic Matrix asked Plaintiff whether Plaintiff wanted to file a joint status report, and Plaintiff declined to do so. Accordingly, Plaintiff and Magic Matrix are filing separate status reports.

**I.**      **General Background of the case**

Magic Matrix first learned that it was a defendant in this case when funds in its PayPal account were frozen via the *ex parte* TRO that was entered by this Court. Once Magic Matrix identified the Accused Products (two shirt designs bearing an image of a dog), Magic Matrix immediately pulled the online listings for the Accused Products, and it will not attempt to sell or relist those products. Magic Matrix also determined that it had three U.S. sales of the Accused Product, two of which appear to be test buys orchestrated by Plaintiff and/or her counsel and one

1

unrelated sale in Utah. The total U.S. sales of the Accused Product are less than $100, even including the test buys. *See* Sales Summary (Doc. 63-2).

At the outset of the case, on June 1, 2026, Magic Matrix communicated to Plaintiff that the U.S. sales for the Accused Products totaled less than $100. Based upon this representation, the parties were able to agree to reduce the asset restraint pertaining to Magic Matrix's funds to a total of $20,000, which still remain frozen based upon the TRO.

Despite the nominal sales, Plaintiff continues to press forward with the case in an apparent attempt to use the litigation process and associated expense to extract a disproportionate settlement in this case. Magic Matrix has a current settlement offer of $1000 (more than 10x the revenue that Magic Matrix generated from its three sales), which Magic Matrix first presented to Plaintiff on June 22, 2026, and has since followed up on, and Plaintiff has yet to respond.

## II.     Background relating to Plaintiff's discovery

On May 28, 2026, Plaintiff filed a motion for a preliminary injunction, which is essentially a request to extend the TRO that was entered based upon an *ex parte* motion filed by Plaintiff before Magic Matrix was involved in the case. *See* Plaintiff PI Motion (Doc. 28). Magic Matrix opposed the motion. *See* Opposition Brief (Doc. 63). As part of the opposition, Magic Matrix argued that Plaintiff cannot demonstrate a likelihood of success on the merits because the Court does not have specific personal jurisdiction over Magic Matrix, as alleged by Plaintiff in her complaint.[1] In support of this, Magic Matrix included a declaration from Tang Jing (Doc. 63-1), a principal officer of Magic Matrix, along with a sales summary showing three U.S. sales of the Accused Products totaling less than $100 in revenue. *See* Sales Summary (Doc. 63-2).

---

[1] Magic Matrix has filed a motion to dismiss the complaint for lack of jurisdiction and improper joinder. See Motion to Dismiss (Doc. 53).

On July 10, 2026, Plaintiff filed a motion requesting to stay briefing on the preliminary injunction and for "leave to conduct limited fact discovery, so that Plaintiff may test the truth of Defendants' claims of minimal sales." Friend Motion (Doc. 76), pg. 1. On July 13, 2026, the Court granted this motion before Magic Matrix could file an opposition. *See* Order (Doc. 80).

### III.    Plaintiff's discovery requests

On July 17, 2026, Plaintiff issued 20 interrogatories, 10 requests for inspection, 72 requests for production, and 99 requests for admission, totaling 201 written discovery requests, which are attached as Exhibits A-C hereto. This is not the "limited fact discovery" that Plaintiff requested. Rather, the voluminous requests span far beyond the scope of Plaintiff's stated issue to the Court, which was to verify Magic Matrix's nominal sales of the Accused Products. The sheer volume of requests is disproportionate to the needs of the case, as Magic Matrix has less than $100 in sales of the Accused Products, and it will undoubtedly cost thousands of dollars in attorneys fees for Magic Matrix to respond to each of these requests, even if only to provide individual objections.[2] Some of the requests are reproduced below to provide examples of the near endless breadth of the requests.

> **REQUEST FOR INSPECTION NO. 1:**
>
> Produce for inspection and forensic examination any phones, USB storage devices, hard drives, and computers utilized by Defendant to conduct its business during the Relevant Period.

---

[2] For example, if counsel were to dedicate only 5 minutes per request, it would take 1005 minutes, or 16.75 hours to respond.

This request asks Magic Matrix to produce every electronic device that has ever been used in connection with any aspect of Magic Matrix's business since the inception of Magic Matrix's business.

### REQUEST FOR INSPECTION NO. 8:

Live inspection of each section, tab, and view of the order-management, inventory, or e-commerce back-end system(s) used for each Defendant E-commerce Store, including the system from which the screenshots depicted in the Sales Summary [63-2] were captured (e.g., orders, products, customers, analytics, reports, payments, and settings sections).

This request asks for a live inspection of every aspect of all e-commerce systems that Magic Matrix uses for its business.

### REQUEST FOR PRODUCTION NO. 4:

The complete transaction logs identified in response to Interrogatory No. 4 for each of the PayPal Accounts, from the account's inception to the present, in native or reasonably usable electronic format, identifying for each transaction the date, the originating Defendant E-commerce Store or other website, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the units sold, the amount charged, the payment processor used, and the shipping destination.

This request asks for a compete transaction log of every product ever sold by Magic Matrix.

**INTERROGATORY NO. 6:**

Identify and describe in detail the source of the more than $1,000,000 received through the PayPal Accounts, as acknowledged in Defendants' Motion to Dismiss [53] at 1, and of the US $167,796.10 and US $219,317.86 account balances reflected in the PayPal Records for the PayPal Accounts, including a breakdown of the total revenue received by each Defendant E-commerce Store and each other website or platform, by product, and by payment processor, and a transaction log identifying all sales contributing to those amounts, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

This interrogatory asks for Magic Matrix to identify every transaction contributing to the funds in Magic Matrix's PayPal accounts.

IV. **Magic Matrix's response to the discovery requests**

On July 24, 2026, one week after receiving the requests, Magic Matrix provided a written response to the requests with general objections on several grounds, including: (i) the requests are overly broad, and they are certainly outside the scope of discovery requested by Plaintiff (i.e., to verify sales of the Accused Products) for purposes of filing a reply brief; (ii) it is unduly burdensome for Magic Matrix to respond to all of these requests; and (iii) the requests are disproportionate to the needs of the case, as it will undoubtedly costs Magic Matrix thousands of

5

dollars in attorneys fees to respond to discovery, where there are less than $100 of U.S. sales of the Accused Products. Magic Matrix's written response is attached as Exhibit D.

Magic Matrix also produced the underlying documents that support the sales summary that Magic Matrix filed in its opposition, including detailed records of the transactions for the sales of the three Accused Products. These documents verify that Magic Matrix's U.S. sales total less than $100. Plaintiff has not contended that this production is in any way inadequate to verify Magic Matrix's sales of the Accused Products.

## V.      Subsequent communications regarding discovery

After Magic Matrix provided its written objections and made its document production, Plaintiff sent a letter on July 29, 2026 purporting to identify deficiencies in Magic Matrix's response to Plaintiff's discovery requests. A copy of the letter is attached as Exhibit E. Plaintiff is attempting to tee up a motion to compel, which Magic Matrix will oppose for the reasons set forth in its written objections.

Plaintiff also made the assertion that she believes all 99 requests for admission are deemed admitted, *see* July 29, 2026 Letter attached as Exhibit F, even though Magic Matrix presented written objections to those requests. Under Rule 36(a)(3), Fed. R. Civ. P., a request is only deemed admitted if no response is received within 30 days. Magic Matrix provided a written response with its objections, so no requests are deemed admitted. To the extent Plaintiff maintains this position in its reply in support of her motion for a preliminary injunction, Magic Matrix will seek leave to file a sur-reply to more fully address the issue.

Plaintiff responded to both of these letters the following day, on July 30, 2026, reasserting that Magic Matrix has fully complied with its discovery obligations based upon its written objections and document production. A copy of the letter is attached as Exhibit G.

**VI.    Magic Matrix opposes any further delay in resolving the pending motion for a preliminary injunction**

Magic Matrix continues to have $20,000 of its funds restrained pursuant to a temporary restraining order, which is supposed to be extraordinary relief that is ordered on a temporary basis. Any further delay in resolution of the preliminary injunction motion violates due process and the Federal Rules of Civil Procedure, where the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1, Fed. R. Civ. P.

There are only three U.S. sales of the Accused Products totaling less than $100. Magic Matrix has delisted the Accused Products and will not relist them. Magic Matrix has also offered $1000 to settle this case, an offer that Plaintiff has ignored. Instead, Plaintiff has prolonged the asset restraint and issued excessive and unwarranted discovery requests, which are far beyond any relevant scope and are plainly disproportionate to the needs of the case, which involves less than $100 in sales.

Plaintiff bears the burden on her motion for a preliminary injunction, and she should not be permitted to conduct extensive discovery for submission of evidence in a reply brief. Plaintiff's request for leave to take discovery is essentially an admission that she cannot satisfy her burden. To the extent Plaintiff contends that she needs additional discovery to support her motion – beyond the documents that Magic Matrix has already produced – Plaintiff should withdraw her motion as she cannot satisfy her burden.

Magic Matrix respectfully requests that the Court deny any further requests by Plaintiff to further delay resolution of the preliminary injunction motion, e.g., by pursuing a motion to compel, and set a deadline of August 7, 2026 for Plaintiff to file her reply brief.

Dated: July 31, 2026  s/Michael T. Griggs  
Michael T. Griggs  
BOYLE FREDRICKSON S.C.  
840 N. Plankinton Ave.  
Milwaukee, WI  53203  
mtg@boylefred.com  

***Attorney for Defendants 28 and 29***

8