**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Ex. A**

ALISON FRIEND,

      Plaintiff,

      v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT NOS. 28 FAVOMENS.COM AND 29 LACEMYLIFE.COM**

Plaintiff, ALISON FRIEND ("Friend" or "Plaintiff"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, by and through Plaintiff's counsel, hereby requests that Defendant Nos. 28 favomens.com and 29 lacemylife.com in Schedule A to the Complaint (collectively, "Defendant"), respond to the following interrogatories, fully, in writing and under oath within thirty (30) calendar days of receipt hereof, in accordance with the following definitions and instructions, and serve such responses on Plaintiff's counsel at the office of Keith A. Vogt PLLC, 1820 NE 163rd Street, Suite #306, North Miami Beach, Florida 33162.

**DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 33, the following definitions and instructions apply to the interrogatories set forth below and should be considered as part of each such interrogatory:

1. These interrogatories are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b)

any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

2. If you find the meaning of any term in these interrogatories to be unclear, you should assume a reasonable meaning, state what that meaning is, and respond to the interrogatory on the basis of that assumed meaning.

3. If you object to any subpart or portion of an interrogatory or object to identifying the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the interrogatory and/or supply the documents, electronically stored information, or things in lieu of identifying the same.

4. Where an objection is made to an interrogatory, state with specificity all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

5. These interrogatories shall be deemed continuing so as to require further and supplemental responses in accordance with Fed. R. Civ. P. 26. Additionally, if at any time Defendant learns that an answer given to any interrogatory was incorrect when given or is no longer correct, Defendant shall promptly provide a written statement, under penalty of perjury, consisting of the correct answer to any such interrogatory.

6. Unless otherwise specified, the time period for these requests is from the date of creation, registration, or first use of each of Defendant's E-commerce Stores and each of Defendant's Financial Accounts (i.e., inception) to the present (the "Relevant Period").

7. "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available,

identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

8. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

9. The term "identify," when used in reference to:

   a. an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

   b. a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

   c. a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time but does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

   d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e., conversation, telephone call, letter, note, etc.), and a brief description of its subject matter.

4

10. "Person" shall mean individuals or entities of any type, including, without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

11. "Date" shall mean the exact date, month, and year or, if not ascertainable, the best approximation thereof.

12. The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or supporting.

13. As used herein, "Plaintiff" shall mean, unless otherwise indicated, the Plaintiff identified in the above caption, any of Plaintiff's officers, directors, employees, agents, and representatives, and all persons acting on Plaintiff's behalf.

14. As used herein, "Defendant" or "Defendants" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of the favomens.com and lacemylife.com domain names listed as Defendant Nos. 28 and 29 in Schedule A to the Complaint, Magic Matrix Technology, Co. Ltd. ("Magic Matrix"), Tang Jing, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

5

15. As used herein, "Defendant's E-commerce Store(s)" shall be deemed to include at least Your e-commerce stores operating the favomens.com and lacemylife.com domain names listed in Schedule A to the Complaint, the additional websites owned, operated, or otherwise controlled by Magic Matrix referenced in paragraph 3 of the Jing Declaration [63-1], the zhuoda.work website identified in the PayPal Records, and any other website, domain name, online marketplace account, or e-commerce storefront owned, operated, or otherwise controlled by Defendant, and any companies that own, operate, or otherwise control the e-commerce stores.

16. As used herein, "Defendant's E-Mail Addresses" shall be deemed to include any e-mail addresses used in connection with Defendant's E-commerce Store(s), including any e-mail address at the favomens.com or lacemylife.com domains, the stylesmg@outlook.com, coolwaremg@outlook.com, and gloriousws@outlook.com e-mail addresses identified in the PayPal Records, any e-mail address used to register, operate, or receive notices for any of Defendant's Financial Accounts, and any companies that own, operate, or otherwise control the aforementioned e-mail addresses.

17. As used herein, the "Alison Friend Works" or "Plaintiff's Copyrights" refer to the works protected by United States Copyright Registration Nos. VA 2-382-904; VA 2-382-902; VA 2-413-134; VA 2-413-347; VA 2-388-383; VA 2-413-112; VA 2-382-725; VA 2-388-382; VA 2-388-391; VA 2-382-907; VA 2-413-118; VA 2-412-957; and VA 2-413-115, including without limitation Registration Nos. VA 2-388-391 and VA 2-413-118. See Exhibit 1 to Plaintiff's Complaint [1].

18. As used herein, the "Accused Products" means or refers to the two shirt designs identified in paragraph 5 of the Jing Declaration [63-1]; the products shown in the listings captured in

6

Attachment 1, including the "Retro Cute Dog Art Print Casual 100% Cotton Shirt" offered on favomens.com and the "Women's Funny Dog Print Casual Top" offered on lacemylife.com; the products identified by Item SPU Nos. 223-250221-a27 and 103-250225-23 in the Sales Summary [63-2]; and any other product advertised, distributed, offered for sale, or sold by Defendant that reproduces, copies, displays, or is derived from any of the Alison Friend Works. "Infringing Products" means or refers to any product advertised, distributed, offered for sale, or sold by Defendant using, relating to, featuring, incorporating, or derived from any of the Alison Friend Works as defined above.

19. As used herein, the "Jing Declaration" shall mean the Declaration of Tang Jing filed in support of the Opposition of Defendants 28 and 29 to Plaintiff's Motion for a Preliminary Injunction [63-1], including Exhibit A thereto [63-2].

20. As used herein, the "Sales Summary" shall mean the one-page sales summary attached as Exhibit A to the Jing Declaration [63-2], including the screenshots depicted therein.

21. As used herein, "Attachment 1" shall mean Attachment 1 to Plaintiff's First Set of Requests for Admission, consisting of captures of Defendant's product listings and checkout pages for the favomens.com and lacemylife.com Defendant E-commerce Stores shown alongside the Alison Friend Works protected by U.S. Copyright Registration Nos. VA 2-388-391 and VA 2-413-118.

22. As used herein, the "PayPal Records" shall mean the account records produced by PayPal, Inc. in this Lawsuit pursuant to the expedited discovery authorized in the Temporary Restraining Order [18].

23. As used herein, the "PayPal Accounts" shall mean PayPal Account Nos. 5619307003249283930 and 5613148398520340709, through which Defendant received funds

for sales made through the favomens.com and lacemylife.com Defendant E-commerce Stores, including the account(s) referenced in paragraphs 4, 8, and 9 of the Jing Declaration [63-1] and the PayPal Records, and any other PayPal account owned, operated, or otherwise controlled by Defendant.

24. As used herein, the "Asset Restraint Orders" shall mean the Temporary Restraining Order [18], the Order Extending the Temporary Restraining Order [27], the Agreed Asset Restraint Order [37], and the Preliminary Injunction Order [48] entered in this Lawsuit.

25. As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors, or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), including the PayPal Accounts, or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

26. As used herein, "Social Media Accounts" shall be deemed to include any accounts used by You relating to any social media platforms, companies, or sites, including, without limitation, Wechat, Weibo, Xiaohongshu, Facebook, Instagram, TikTok, Pinterest, and X (Twitter).

27. As used herein, "Used" shall mean registered, owned, and/or operated.

28. "Lawsuit" or "Litigation" shall mean the above-captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

29. "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any subsequently filed complaints by Plaintiff.

30. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most

8

appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

31. The Definitions from Plaintiff's First Set of Requests for Admission are incorporated by reference herein.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify Yourself, including, but not limited to, identifying each and every owner(s) and operator(s), if not the same, of:

Defendant's Company and/or Business(es), including Magic Matrix;

All Addresses used by Defendant's Company and/or Business(es);

Defendant's E-Commerce Store(s);

Defendant's Social Media Account(s);

Defendant's Financial Account(s), including the PayPal Accounts;

Defendant's E-mail Address(es); and

Any individuals involved in the ownership, operation, and/or control of Defendant's Company and/or E-commerce Store(s), including Tang Jing, and any documents and information verifying these relationships and roles.

Please provide the government identity card for each individual identified above, as well as the corporate registration documents for each company identified in this request.

**RESPONSE:**

### INTERROGATORY NO. 2:

Identify each e-commerce store, website, domain name, and online marketplace storefront

9

that You own, operate, or otherwise control, or have owned, operated, or otherwise controlled, including the favomens.com and lacemylife.com Defendant E-commerce Stores and each of the additional websites referenced in paragraph 3 of the Jing Declaration, and for each: the store name and URL; the platform, host, or marketplace on which it operates; the date it was created or registered; whether it remains operational; the categories of products offered for sale; and each Financial Account used to process or receive payments for its sales.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify each of Defendant's Financial Accounts, including the PayPal Accounts, and for each: the financial institution or payment processor; the account name, account number, and account ID; the registered owner and the e-mail address used to register the account; the date the account was opened; the current balance; the balance currently restrained pursuant to the Asset Restraint Orders; and each bank account, credit card, debit card, or other account linked to, connected with, or used to withdraw or transfer funds from the account. Your response shall also identify each Financial Account registered to Tang Jing or sharing a registration e-mail address, telephone number, physical address, or linked bank account with the PayPal Accounts, including PayPal Account Nos. 4835570778797577690 and 5619307003249283930 identified in the PayPal Records.

**RESPONSE:**

**INTERROGATORY NO. 4:**

For each of the PayPal Accounts, provide a complete transaction log covering the period

10

from the account's inception to the present, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Identify and describe in detail the source of all funds currently restrained in Defendant's Financial Accounts pursuant to the Asset Restraint Orders, including a breakdown of the total revenue received from each payment processor, including PayPal, VISA, MasterCard, Discover, and any other payment service used by You, and a transaction log identifying all sales contributing to the restrained amounts, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Identify and describe in detail the source of the more than $1,000,000 received through the PayPal Accounts, as acknowledged in Defendants' Motion to Dismiss [53] at 1, and of the US $167,796.10 and US $219,317.86 account balances reflected in the PayPal Records for the PayPal

11

Accounts, including a breakdown of the total revenue received by each Defendant E-commerce Store and each other website or platform, by product, and by payment processor, and a transaction log identifying all sales contributing to those amounts, identifying for each transaction the date of the transaction, the Defendant E-commerce Store or other website or platform that originated the transaction, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the number of units sold, the total amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**INTERROGATORY NO. 7:**

State the total number of units of the Accused Products sold and the total revenue generated from those sales, identify each such sale (including the date, originating Defendant E-commerce Store, product title, SPU, product image, amount charged, buyer name, and shipping destination), and reconcile Your answer with (a) the statement in paragraph 7 of the Jing Declaration that Magic Matrix sold three Accused Shirts generating total revenue of less than $100.00; (b) the statement in Defendants' Opposition [63] at 1 that Magic Matrix's sales of the accused products "generat[ed] approximately $100 in revenue"; and (c) the $95.2725 total order amount shown in the Sales Summary.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Describe in detail how the Sales Summary was prepared, including: the software, system, application, or database from which the screenshots in the Sales Summary were captured; the

12

identity of each person who prepared, captured, compiled, or reviewed it; the search terms, filters, criteria, and date ranges used to identify the sales reflected in it; the Defendant E-commerce Stores, websites, platforms, and Financial Accounts that were searched; and whether the Sales Summary reflects all sales of the Accused Products through all of Defendant's E-commerce Stores and all of Defendant's Financial Accounts.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify the complete factual basis for the statement in Defendants' Opposition [63] at 1 that two of the three sales of the Accused Products "appear to be the result of test buys from Plaintiff's counsel," including the order number, order date, buyer name, buyer e-mail address, and shipping address for each purported test buy, and identify all documents and persons supporting that assertion.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify all products offered for sale through Defendant's E-commerce Stores, including the "more than 10,000 different products" referenced in paragraph 3 of the Jing Declaration, and for each product: its SPU or other product identifier; the product title; the product image(s) used in the listing; each Defendant E-commerce Store or other website or platform on which it is or was listed; and whether the product depicts, reproduces, or is derived from artwork created by any person other than Defendant, and, if so, the identity of the artist or rights holder and the basis for Defendant's claimed right to use the artwork.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify the supplier, manufacturer, and source of the Accused Products and of the artwork, images, and designs used in the listings for the Accused Products, including the identity of each person who created, copied, uploaded, or approved the artwork or listings, where and from whom the images were obtained, and all persons or entities involved in sourcing, manufacturing, printing, listing, or fulfilling the Accused Products.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Identify and describe the relationship between and among favomens.com, lacemylife.com, Magic Matrix, Tang Jing, Debbie Horne (also identified as Debra Horne), whose US Bank account and credit cards are linked to PayPal Account No. 5613148398520340709 as reflected in the PayPal Records, and any other defendant identified in Schedule A to the Complaint or any other e-commerce store, including any common or overlapping ownership, management, employees, office space, warehouses, suppliers, logistics providers, software systems, advertising accounts, e-mail addresses, or Financial Accounts, any employment or agency agreements, any joint ventures or shared resources, and any financial transactions between or among them. Your response shall also separately describe Defendant's relationship to each of the following e-mail addresses, identifying for each the person who created, registered, uses, or controls it and each e-commerce store, website, entity, or Financial Account associated with it: flowerws@outlook.com; happydaymg@outlook.com; bellesmg@outlook.com; beautws@outlook.com;

14

mgcloth@outlook.com;        goodclothmg@outlook.com;        gloriousws@outlook.com;

fashionsmg@outlook.com; excitedmg@outlook.com; and zhuodasz@outlook.com.

   **RESPONSE:**


**INTERROGATORY NO. 13:**

   Identify any sales, offers for sale, shipments, or distributions of any products sold by You,

or any e-commerce stores owned, operated, or otherwise controlled by You, to customers, entities,

or third parties located in the United States, including Illinois, and provide the product image, the

product name it was sold under, the price at which it was sold, the total number of units sold, the

revenue generated, the e-commerce store through which the sale was completed, and the shipping

address of each buyer.

   **RESPONSE:**


**INTERROGATORY NO. 14:**

   Identify and describe all marketing or advertising efforts made by or on behalf of

Defendant, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, that

were accessible to or targeted to consumers in the United States, including residents of Illinois,

including the names of the websites and platforms used, any internet-based marketing, and any

data analytics, metrics, reporting tools, or targeting strategies used by Defendant to monitor or

assess the geographic locations of its customers, including how Defendant tracks sales or visits

from United States and Illinois residents.

   **RESPONSE:**

15

**INTERROGATORY NO. 15:**

State whether Defendant or any e-commerce stores used, owned, operated, or otherwise controlled by Defendant have ever maintained, rented, leased, or otherwise utilized any office, facility, warehouse, fulfillment center, or other place of business in the United States, and if so, describe in detail the nature and duration of such use. For each use identified, provide the physical address of each location.

**RESPONSE:**

**INTERROGATORY NO. 16:**

State whether Defendant's E-commerce Stores, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, have realized sales from customers located in Illinois, and if so, provide detailed sales data, including customer identities, physical addresses, photographs of each item sold, order numbers, dates, and quantities sold.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify each transfer of funds out of any of Defendant's Financial Accounts during the Relevant Period, including (a) the transfers comprising the US $5,250,965.00 in total payments sent from PayPal Account No. 5613148398520340709, as reflected in the PayPal Records; (b) any transfer to the United States bank accounts identified in the PayPal Records, including the accounts at JPMORGAN CHASE BANK, NA, INTERNATIONAL BANK OF CHICAGO, COMMUNITY FEDERAL SAVINGS BANK, and the US Bank account held in the name of

16

Debbie Horne; and (c) all transfers since May 14, 2026, the date this Lawsuit was filed. For each transfer, identify the date and amount, the identity of the recipient, the destination account, the purpose of the transfer, and the identity of the person who initiated or authorized it.

**RESPONSE:**

**INTERROGATORY NO. 18:**

Describe in detail the corrective actions referenced in paragraph 6 of the Jing Declaration, including the date on which You first became aware of Plaintiff's claims and of this Lawsuit, the date on which You "immediately stopped offering the Accused Shirts for sale," each product and listing that was delisted or removed, the identity of each person who performed or directed the delisting, and any measures implemented to prevent the relisting of the Accused Products or other Infringing Products on any of Defendant's E-commerce Stores.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Identify all lawsuits in which You are or have been a party within the last five years.

**RESPONSE:**

**INTERROGATORY NO. 20:**

Identify all persons who participated in, or were consulted in connection with, the preparation of the Jing Declaration, the preparation of the Sales Summary, and the responses to these Interrogatories.

**RESPONSE:**

Dated: July 17, 2026                        Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com

*/s/ Keith A. Vogt*
Keith A. Vogt
***ATTORNEY FOR PLAINTIFF***