**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**Ex. B**

ALISON FRIEND,

        Plaintiff,

      v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION AND
INSPECTION OF DOCUMENTS AND THINGS TO
DEFENDANT NOS. 28 FAVOMENS.COM AND 29 LACEMYLIFE.COM**

Pursuant to Federal Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff, ALISON FRIEND ("Friend" or "Plaintiff"), requests that Defendant Nos. 28 favomens.com and 29 lacemylife.com in Schedule A to the Complaint (collectively, "Defendant"), produce for inspection and copying to Plaintiff's attorneys, all documents and things described below, which are in possession, custody or control of the Defendant, including Defendant's members, employees, agents, attorneys, accountants, principals, parents of subsidiaries, affiliates and/or any other persons or entities acting or purporting to act on behalf of the Defendant. Production shall be made as described below, within thirty (30) calendar days from the date of service of these requests.

**DEFINITIONS AND INSTRUCTIONS**

In addition to the definitions and instructions set forth in Fed. R. Civ. P. 34, the following definitions and instructions apply to the Requests for the Production and Inspection of Documents and Things (individually, "Request," and collectively, "Requests") set forth below and should be

1

considered as part of each such Request:

1. Defendant shall make the requested documents available for inspection and copying, or mail legible copies thereof, within thirty (30) calendar days after service of these Requests. If the documents are mailed, they shall be produced as they are kept in the usual course of business or shall be labeled to correspond with the requests below and shall be accompanied by an appropriate certificate signed by the custodian of records and shall be mailed to counsel for Plaintiff at the following address: Keith A. Vogt PLLC, 1820 NE 163rd Street, Suite #306, North Miami Beach, Florida 33162.

2. These Requests are addressed to Defendant and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

3. Defendant is requested to produce all documents in its possession, custody, or control.

4. If you find the meaning of any term in these Requests to be unclear, you should assume a reasonable meaning, state what that meaning is, and respond to the Request on the basis of that assumed meaning.

5. If you object to any subpart or portion of a Request or object to providing the documents, electronically stored information, or things requested, set forth fully the grounds upon which your objection is based and answer the unobjectionable subpart(s) of the Request and/or supply the documents, electronically stored information, or things to which no objection is made.

6. Documents, electronically stored information, and things under your control must be

produced even though they are in the possession of an employee or agent of yours, such as an accountant, attorney, or other person from whom you have a right to retrieve the documents, electronically stored information, or things.

7. If any document, electronically stored information, or thing requested by Plaintiff cannot be produced in full after exercising due diligence to secure the document, electronically stored information, or thing, produce whatever portion of the document, electronically stored information, or thing remains and state whatever information, knowledge, or belief you have concerning the unproduced portion. If your response is qualified in any particular respect, set forth the details of such qualification.

8. If Defendant maintains that any document responsive to any Request had been destroyed, set forth the content of said document, the location of any copies of said document, the date of such destruction, and the name of the person who ordered or authorized such destruction.

9. For any document, electronically stored information, or thing responsive to any request set forth below that Defendant seeks to withhold under a claim of privilege, Defendant shall redact the information being withheld for privilege and indicate the location of the redacted information on or in the produced document, electronically stored information, or thing. For each document, electronically stored information, thing, or part thereof withheld under a claim of privilege or for any other reason, Defendant shall state:

    a. that such material is being withheld;

    b. the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

    c. a brief description of the nature and subject matter of the document, electronically stored information, or thing, including the title and type of document (*i.e.*, whether

3

it is a letter, memorandum, drawing, etc.), electronically stored information, or thing;

d. the document's date or the electronically stored information's or thing's date of creation;

e. the name and title of the author(s) or creator(s);

f. the name and title of the sender(s) of the document or electronically stored information if different from the author(s) or creator(s);

g. the name and title of the person(s) to whom the document or electronically stored information is addressed or to whom the thing has been provided, including all person(s) who received copies, photographs, or other representations of the document or electronically stored information or thing;

h. the past and current location of all copies of the document or electronically stored information or thing;

i. the request or subpart to which the document or electronically stored information, withheld information, or thing is otherwise responsive; and

j. the type of privilege claimed (attorney-client communications, attorney work product) and the factual and legal basis supporting the claim of privilege.

10. These Requests require the production of documents, electronically stored information, and things either in the same form and same order as they are kept in the usual course of business or organized and labeled to correspond with the particular requests set forth below. If you choose the former method, the documents, electronically stored information, and things are to be produced in the boxes, file folders, bindings, or other containers in which the documents, electronically stored information, and things are kept in the usual course of business. The titles,

labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact.

11. Unless otherwise specified, the time period for these requests is from the date of creation, registration, or first use of each of Defendant's E-commerce Stores and each of Defendant's Financial Accounts (i.e., inception) to the present (the "Relevant Period").

12. These Requests shall be deemed continuing so as to require further and supplemental production in accordance with Fed. R. Civ. P. 26. Any additional documents responsive to these Requests which You acquire up to and including the date of production should be furnished.

13. If any document or electronically stored information or thing is not produced on the ground that such document or electronically stored information or thing is no longer in Defendant's possession, custody, or control, identify each such document or electronically stored information or thing and specify:

   a. the document's date or the electronically stored information's or thing's date of creation;

   b. a brief description of the nature and subject matter of the document or electronically stored information or thing, including the title and type of document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) or electronically stored information or thing;

   c. the name and title of the author(s) or creator(s), the sender(s), the addressee(s) and the recipient(s) of the document or electronically stored information or thing;

   d. the name and title of all person(s) who possessed or controlled the document, electronically stored information, or thing;

5

    e. the name and title of the person(s) most knowledgeable about the document or electronically stored information or thing;

    f. the past and current location of all copies of the document or electronically stored information or thing; and

    g. the name and title of the person(s) responsible for its destruction, loss, transfer, or other act or omission by which the document or electronically stored information or thing left in Defendant's possession, custody, or control, and the date of such act.

14. Any copy of a document or electronically stored information or thing other than the exact duplicate of that document or electronically stored information is a separate document or electronically stored information or thing.

15. Whenever such construction will serve to bring within the scope of these requests some documents, electronically stored information, or things that would otherwise not be brought within its scope, "any" or "each" should be understood to include and encompass "all;" "or" should be understood to include and encompass "and;" "and" should be understood to include and encompass "or;" "including" should be understood to mean including but not limited to; the singular of a word should be understood to include and encompass the plural of the word, and vice versa; and the past tense of a verb shall be understood to include the present tense, and vice versa.

16. Where an objection is made to a request, state all grounds upon which the objection is based, along with a citation of any legal authority relied upon.

17. Ordering and numbering of documents, electronically stored information, and things shall be performed in such a manner as to ensure that the source of each document, electronically

stored information, and thing may be determined.

18. Electronically stored information shall be produced in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable by Plaintiff.

19. "Communication(s)" shall mean the transmittal of information, in the form of facts, ideas, inquiries, or otherwise.

20. "Operate" means control, direct, manage, or be otherwise responsible for the E-commerce store(s) in question.

21. "Communication" shall include all exchanges of information, written or oral, including, without limitation, memoranda, telephone conversations, electronic mail, computer discs, documents, and telegrams.

22. "Document" is defined broadly to be given the full scope of that term contemplated in Fed. R. Civ. P. 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing requested information), and any recording or writing, as these terms are defined in Rule 1001, Federal Rules of Evidence. Any document bearing marks, including, without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

23. "Document" shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored electronically in computer

memory, magnetic or hard disk, or other storage medium, and whether or not claimed to be privileged, confidential, or otherwise excludable from discovery: any record of all or any portions of any discussion, communication, agreement, conversation, interview, meeting, conference, conclusion, fact, impression, occurrence, opinion, report, or other similar matter, and shall include, without limitation, letters, correspondence, communications, emails, telegrams, papers, cablegrams, mailgrams, notes, memoranda, summaries, abstracts, worksheets, books, manuals, publications, engineering reports and notebooks, schematics, engineering drawings, software source code listings, charts, plans, databases, diagrams, sketches or drawings, photographs, reports and/or summaries of investigations and/or surveys, opinions and reports of committee meetings, desk calendars, appointment books, diaries, diary entries, voicemails, newspapers, magazine or periodical articles, and any other record of any kind.

24. Documents that cannot be legibly copied should be made available or produced in their original form.

25. The term "identify," when used in reference to:

    a.  an individual shall mean to state his or her full name, present or last known residence address, present or last known business address, and position or business affiliation;

    b.  a business entity shall mean to state its form, full name, address of its present or last principal place of business, and its principal line of business;

    c.  a document shall mean to provide information sufficient to locate that document, including, but not limited to, the following: the production number range (Bates range), the date appearing on such document or, if no date appears thereon, the

approximate date the document was prepared; the identifying code number, file number, title or label of such document; a general description of such document (e.g., letter, memorandum, drawing); the title or heading; the number of pages of which such document consists; the name of each person who signed, authored, or authorized the document; the name of each addressee; the name of each person having possession, custody, or control of such document; if the document existed at one time for does not presently exist, the reason(s) why it no longer exists and the identity of the last person having custody of it; and if the document is in a foreign language, whether an English translation of the document exists, whether partial or complete; and

d. a communication shall mean to state its date, the communicator, the communicatee, the type of communication (i.e., conversation, telephone call, letter, note, etc.), and a brief description of its subject matter.

26. "Person" shall mean individuals or entities of any type, including, without limitation, individuals, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, limited liability companies, groups, trusts, mutual or joint ventures, and other forms of organizations or associations.

27. "Date" shall mean the exact date, month, and year or, if not ascertainable, the best approximation thereof.

28. The phrase "relating to", "related to", or "relate(s) to" means and includes concerning, reflecting, alluding to, mentioning, regarding, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, referring to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, and/or

9

supporting.

29. As used herein, "Plaintiff" shall mean, unless otherwise indicated, the Plaintiff identified in the above caption, any of Plaintiff's officers, directors, employees, agents, and representatives, and all persons acting on Plaintiff's behalf.

30. As used herein, "Defendant" or "Defendants" or "You" or "Your" or "Yourself" shall be deemed to include the named owner(s) and/or operator(s) of the favomens.com and lacemylife.com domain names listed as Defendant Nos. 28 and 29 in Schedule A to the Complaint, Magic Matrix Technology, Co. Ltd. ("Magic Matrix"), Tang Jing, and (a) its present or former directors, officers, employees, agents, representatives, accountants, investigators, consultants, contractors, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities; (b) any other person acting on Defendant's behalf, or on whose behalf Defendant acted; and (c) any other person otherwise controlled by Defendant, or which controls Defendant, or which is under common control with Defendant.

31. As used herein, "Defendant's E-commerce Store(s)" shall be deemed to include at least Your e-commerce stores operating the favomens.com and lacemylife.com domain names listed in Schedule A to the Complaint, the additional websites owned, operated, or otherwise controlled by Magic Matrix referenced in paragraph 3 of the Jing Declaration [63-1], the zhuoda.work website identified in the PayPal Records, and any other website, domain name, online marketplace account, or e-commerce storefront owned, operated, or otherwise controlled by Defendant, and any companies that own, operate, or otherwise control the e-commerce stores.

32. As used herein, "Defendant's E-Mail Addresses" shall be deemed to include any e-mail addresses used in connection with Defendant's E-commerce Store(s), including any e-mail

address at the favomens.com or lacemylife.com domains, the stylesmg@outlook.com, coolwaremg@outlook.com, and gloriousws@outlook.com e-mail addresses identified in the PayPal Records, any e-mail address used to register, operate, or receive notices for any of Defendant's Financial Accounts, and any companies that own, operate, or otherwise control the aforementioned e-mail addresses.

33. As used herein, "Financial Accounts" shall be deemed to include any accounts relating to any banks, savings and loan associations, payment processors, or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), including the PayPal Accounts, or other merchant account providers, payment providers, third party payment processors, and credit card associations (e.g., MasterCard and Visa Inc.) which receive payments or hold assets for Defendant.

34. As used herein, "Social Media Accounts" shall be deemed to include any accounts relating to any social media platforms, companies, or sites, including, without limitation, Wechat, Weibo, Xiaohongshu, Facebook, Instagram, TikTok, Pinterest, and X (Twitter).

35. As used herein, "Used" shall mean registered, owned, and/or operated.

36. "Concerning" means constituting, comprising, relating to, referring to, reflecting, evidencing, or in any way relevant within the meaning of Federal Rule of Civil Procedure 26(b)(1).

37. "Lawsuit" or "Litigation" shall mean the above-captioned lawsuit filed in the U.S. District Court for the Northern District of Illinois.

38. "Complaint" shall mean the Complaint filed by Plaintiff in the Lawsuit, as well as any subsequently filed complaints by Plaintiff.

39. As used herein, the "Alison Friend Works" or "Plaintiff's Copyrights" refer to the works

11

protected by United States Copyright Registration Nos. VA 2-382-904; VA 2-382-902; VA 2-413-134; VA 2-413-347; VA 2-388-383; VA 2-413-112; VA 2-382-725; VA 2-388-382; VA 2-388-391; VA 2-382-907; VA 2-413-118; VA 2-412-957; and VA 2-413-115, including without limitation Registration Nos. VA 2-388-391 and VA 2-413-118. See **Exhibit 1** to Plaintiff's Complaint [1].

40. As used herein, the "Accused Products" means or refers to the two shirt designs identified in paragraph 5 of the Jing Declaration [63-1]; the products shown in the listings captured in Attachment 1, including the "Retro Cute Dog Art Print Casual 100% Cotton Shirt" offered on favomens.com and the "Women's Funny Dog Print Casual Top" offered on lacemylife.com; the products identified by Item SPU Nos. 223-250221-a27 and 103-250225-23 in the Sales Summary [63-2]; and any other product advertised, distributed, offered for sale, or sold by Defendant that reproduces, copies, displays, or is derived from any of the Alison Friend Works. "Infringing Products" means or refers to any product advertised, distributed, offered for sale, or sold by Defendant using, relating to, featuring, incorporating, or derived from any of the Alison Friend Works as defined above.

41. As used herein, the "Jing Declaration" shall mean the Declaration of Tang Jing filed in support of the Opposition of Defendants 28 and 29 to Plaintiff's Motion for a Preliminary Injunction [63-1], including Exhibit A thereto [63-2].

42. As used herein, the "Sales Summary" shall mean the one-page sales summary attached as Exhibit A to the Jing Declaration [63-2], including the screenshots depicted therein.

43. As used herein, "Attachment 1" shall mean Attachment 1 to Plaintiff's First Set of Requests for Admission, consisting of captures of Defendant's product listings and checkout pages for the favomens.com and lacemylife.com Defendant E-commerce Stores shown alongside the

Alison Friend Works protected by U.S. Copyright Registration Nos. VA 2-388-391 and VA 2-413-118.

44. As used herein, the "PayPal Records" shall mean the account records produced by PayPal, Inc. in this Lawsuit pursuant to the expedited discovery authorized in the Temporary Restraining Order [18].

45. As used herein, the "PayPal Accounts" shall mean PayPal Account Nos. 5619307003249283930 and 5613148398520340709, through which Defendant received funds for sales made through the favomens.com and lacemylife.com Defendant E-commerce Stores, including the account(s) referenced in paragraphs 4, 8, and 9 of the Jing Declaration [63-1] and the PayPal Records, and any other PayPal account owned, operated, or otherwise controlled by Defendant.

46. As used herein, the "Asset Restraint Orders" shall mean the Temporary Restraining Order [18], the Order Extending the Temporary Restraining Order [27], the Agreed Asset Restraint Order [37], and the Preliminary Injunction Order [48] entered in this Lawsuit.

47. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.

## REQUESTS FOR INSPECTION

**REQUEST NO. 1:**

Produce for inspection and forensic examination any phones, USB storage devices, hard drives, and computers utilized by Defendant to conduct its business during the Relevant Period.

**RESPONSE:**

13

**REQUEST NO. 2:**

Produce for inspection and forensic examination all web-based data storage hosts, personal e-mail accounts, and other websites that Defendant has used to store business information or communicate for any business-related purpose during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 3:**

Produce for inspection and forensic examination all cellular telephones, computers, hard drives, or tablets Defendant has used to interact with any clients, customers, and/or vendors at any time during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 4:**

Inspection of all systems, databases, or tools used by Defendant to track, record, or analyze sales and customer data for transactions involving United States residents, including Illinois, during the Relevant Period, including the software, system, or application from which the screenshots depicted in the Sales Summary [63-2] were captured.

**RESPONSE:**

**REQUEST NO. 5:**

Inspection of all marketing platforms, e-commerce listings, or advertisements maintained by Defendant that were accessible to Illinois residents during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 6:**

Inspection of all shipping and logistics records, including warehouse logs, inventory systems, and delivery records, related to products sold and shipped to United States residents during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 7:**

Inspection of all shipping and logistics records, including warehouse logs, inventory systems, and delivery records, related to products sold and shipped to Illinois consumers during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 8:**

Live inspection of each section, tab, and view of the order-management, inventory, or e-commerce back-end system(s) used for each Defendant E-commerce Store, including the system from which the screenshots depicted in the Sales Summary [63-2] were captured (e.g., orders, products, customers, analytics, reports, payments, and settings sections).

**RESPONSE:**

**REQUEST NO. 9:**

Inspection of all financial records, including payment processing systems and transaction logs, related to sales of products to United States residents, including Illinois residents, during the Relevant Period.

15

**RESPONSE:**


**REQUEST NO. 10:**

Inspection of any internal communications or memoranda regarding sales strategies, marketing efforts, or business plans targeting or encompassing United States or Illinois residents during the Relevant Period.

**RESPONSE:**


## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents, electronically stored information, and things supporting Your answer to Interrogatory No. 1, including but not limited to identification documents for named individuals, including Tang Jing, and registration documents and emails for Defendant's Company and/or Business(es), including Magic Matrix, Defendant's Company and/or Business Addresses, E-commerce Store(s), Social Media Account(s), Financial Account(s), and E-mail Addresses.

**RESPONSE:**


**REQUEST NO. 2:**

Documents, electronically stored information, and things sufficient to identify each e-commerce store, website, domain name, and online marketplace storefront identified in response to Interrogatory No. 2, including domain registration records, hosting agreements, platform or marketplace account registrations, and documents sufficient to show each Financial Account used to process payments for each store.

**RESPONSE:**

16

**REQUEST NO. 3:**

Documents and electronically stored information substantiating and identifying each Financial Account identified in response to Interrogatory No. 3, including but not limited to account statements, account numbers, names on the accounts, financial institutions where the accounts are held, connected bank accounts, payment processors, and related accounts.

**RESPONSE:**

**REQUEST NO. 4:**

The complete transaction logs identified in response to Interrogatory No. 4 for each of the PayPal Accounts, from the account's inception to the present, in native or reasonably usable electronic format, identifying for each transaction the date, the originating Defendant E-commerce Store or other website, the product title and description, the SPU or other product identifier, the corresponding product image as listed at the time of sale, the units sold, the amount charged, the payment processor used, and the shipping destination.

**RESPONSE:**

**REQUEST NO. 5:**

Documents and electronically stored information relating to Your response to Interrogatory No. 5, including documents showing the total revenue received from each payment processor and a transaction log of all sales contributing to the amounts currently restrained pursuant to the Asset Restraint Orders.

**RESPONSE:**

17

**REQUEST NO. 6:**

Documents and electronically stored information relating to Your response to Interrogatory No. 6, including documents showing how the PayPal Accounts received more than $1,000,000 (see [53] at 1) and a transaction log of all sales contributing to that amount.

**RESPONSE:**

**REQUEST NO. 7:**

Documents and electronically stored information relating to Your response to Interrogatory No. 7, including all order records, payment records, refund records, and shipping records for each sale of the Accused Products, and all documents reconciling the revenue figures stated in paragraph 7 of the Jing Declaration, Defendants' Opposition [63] at 1, and the Sales Summary.

**RESPONSE:**

**REQUEST NO. 8:**

Documents and electronically stored information relating to Your response to Interrogatory No. 8, including all documents relied upon, reviewed, consulted, or used in preparing the Sales Summary, all queries, search parameters, filters, and exports used to generate it, and native, unredacted copies of the screenshots depicted in it, with metadata intact.

**RESPONSE:**

**REQUEST NO. 9:**

Documents and electronically stored information relating to Your response to Interrogatory No. 9, including all documents supporting the assertion in Defendants' Opposition [63] at 1 that

18

two of the three sales of the Accused Products "appear to be the result of test buys from Plaintiff's counsel," including order records, buyer identities, e-mail addresses, and shipping addresses for each purported test buy.

**RESPONSE:**

**REQUEST NO. 10:**

Documents and electronically stored information relating to Your response to Interrogatory No. 10, including documents sufficient to identify each product offered for sale through Defendant's E-commerce Stores, its SPU or other product identifier, its listing images, and the store(s) on which it is or was listed.

**RESPONSE:**

**REQUEST NO. 11:**

Documents and electronically stored information relating to Your response to Interrogatory No. 11, including purchase orders, invoices, supplier agreements, manufacturing records, artwork source files, design files, and communications concerning the sourcing, manufacture, printing, listing, and fulfillment of the Accused Products and the artwork used in their listings.

**RESPONSE:**

**REQUEST NO. 12:**

Documents and electronically stored information relating to Your response to Interrogatory No. 12, including any WeChat messages, text messages, agreements, emails, and other communications that discuss Defendant's business relationship with Magic Matrix, Tang Jing, any

other defendant identified in Schedule A to the Complaint, or any other persons involved in the Lawsuit.

**RESPONSE:**


**REQUEST NO. 13:**

Documents and electronically stored information relating to Your response to Interrogatory No. 13, including order confirmations, shipping records, sales reports, product listings, transaction receipts, delivery information, customer addresses, and internal reports or spreadsheets reflecting sales to customers in the United States, including Illinois.

**RESPONSE:**


**REQUEST NO. 14:**

Documents and electronically stored information relating to Your response to Interrogatory No. 14, including all marketing materials, advertisements, or promotional content used to promote Defendant's E-commerce Stores, and all reports, dashboards, screenshots, user guides, internal communications, and data exports reflecting customer location data, traffic sources, or sales activity associated with customers located in the United States or Illinois.

**RESPONSE:**


**REQUEST NO. 15:**

Documents and electronically stored information relating to Your response to Interrogatory No. 15, including lease agreements, sublease agreements, rental contracts, utility bills, warehouse

20

receipts, correspondence, and any other documents reflecting Your use, ownership, or control of any office, warehouse, fulfillment center, or other physical location in the United States.

**RESPONSE:**

**REQUEST NO. 16:**

Documents and electronically stored information relating to Your response to Interrogatory No. 16, including order confirmations, shipping records, sales reports, product listings, transaction receipts, delivery information, customer addresses, and internal reports or spreadsheets reflecting sales to customers in Illinois.

**RESPONSE:**

**REQUEST NO. 17:**

Documents and electronically stored information relating to Your response to Interrogatory No. 17, including documents sufficient to show all transactions transferring funds out of Defendant's Financial Accounts since May 14, 2026, the date this Lawsuit was filed, and the recipient and destination of each transfer.

**RESPONSE:**

**REQUEST NO. 18:**

Documents and electronically stored information relating to Your response to Interrogatory No. 18, including documents sufficient to show the date and manner in which You stopped offering the Accused Products for sale, each listing that was delisted or removed, and any measures implemented to prevent relisting.

**RESPONSE:**


**REQUEST NO. 19:**

Documents and electronically stored information relating to Your response to Interrogatory No. 19, including complaints, sworn declarations, judgments, settlement agreements and court orders.

**RESPONSE:**


**REQUEST NO. 20:**

All documents, electronically stored information, things, and persons consulted or used in connection with the preparation of Defendant's responses to Plaintiff's First Set of Interrogatories to Defendant and these Document Requests.

**RESPONSE:**


**REQUEST NO. 21:**

All documents concerning the annual volume of sales (in dollars and units) of all goods sold, directly or indirectly, by Defendant within the United States during the Relevant Period.

**RESPONSE:**


**REQUEST NO. 22:**

All emails, text messages, online app messages such as WeChat messages, and mail sent and received by and between Defendant, Magic Matrix, Tang Jing, and any owner or operator of any Defendant E-commerce Store, related to the products sold by Defendant through Defendant's

22

E-commerce Store(s) and other online marketplaces within the United States, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 23:**

Order confirmation emails for any and all orders placed with any E-commerce Store(s) owned, operated, or controlled by Defendant with shipping destinations in the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 24:**

All documents sufficient to show the annual advertising expenditures incurred to promote goods sold through Defendant's E-commerce Store(s) during the Relevant Period, including invoices, payment confirmations, advertising receipts, and internal advertising budget records.

**RESPONSE:**

**REQUEST NO. 25:**

Documents and electronically stored information relating to each communication from You to United States consumers, including, but not limited to, advertisements, invoices, receipts, purchase confirmation emails, and shipping confirmation emails.

**RESPONSE:**

**REQUEST NO. 26:**

Documents sufficient to identify all financial accounts restrained pursuant to the Asset Restraint Orders, including current account balances and statements reflecting all transactions from the inception of each account to the present.

**RESPONSE:**

**REQUEST NO. 27:**

Documents sufficient to show all corrective actions You have undertaken, if any, to discontinue advertising and sales of any Infringing Products, including the Accused Products, including documents sufficient to show the date and manner of the delisting described in paragraph 6 of the Jing Declaration.

**RESPONSE:**

**REQUEST NO. 28:**

All consumer complaints, disputes, chargebacks, refund requests, returns, and negative reviews received by Defendant relating to any Infringing Products, including the Accused Products, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 29:**

All documents and electronically stored information reflecting or relating to each payment processor You have used in connection with sales through Defendant's E-commerce Stores, including agreements, account registrations, transaction histories, processing fee schedules, and

24

communications with PayPal, VISA, MasterCard, Discover, American Express, and any other financial institutions or payment providers.

**RESPONSE:**

**REQUEST NO. 30:**

All documents and electronically stored information reflecting or relating to any fees charged to consumers in connection with sales of Your products, including records of shipping fees, tax charges, insurance fees, and service fees, as well as any communications, policies, or internal records regarding the imposition and collection of such fees.

**RESPONSE:**

**REQUEST NO. 31:**

All documents showing the volume of sales, including gross revenue and net revenue, for any products sold by Defendant over the internet to customers in the United States, including Illinois, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 32:**

All contracts, agreements, or terms of service entered into by Defendant, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, to facilitate the sale of products to United States residents, including Illinois, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 33:**

All analytics, metrics, or reports used by Defendant, or any e-commerce stores owned, operated, or otherwise controlled by Defendant, to track sales, customer demographics, or geographic data for products sold over the internet, specifically identifying sales to United States residents, including Illinois, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 34:**

All documents showing the shipping or delivery of products to United States addresses, including Illinois, including carrier records, tracking information, and delivery confirmations, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 35:**

All documents related to Defendant's tax filings or records concerning sales of products to United States residents, including Illinois residents, during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 36:**

All documents sufficient to show all product identification numbers (including SPUs) offered for sale by Defendant during the Relevant Period, including sales volume, shipping destinations, and the price of each item.

**RESPONSE:**

**REQUEST NO. 37:**

All documents concerning the filings You have made with any federal or local government entities in the United States, including but not limited to the Internal Revenue Service, United States Patent and Trademark Office, United States Copyright Office, and Customs and Border Protection.

**RESPONSE:**

**REQUEST NO. 38:**

All communications that Defendant received via Defendant's E-Mail Addresses related to sales of products on Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 39:**

All documents reflecting how and where Defendant advertised, promoted, distributed, or sold, directly or indirectly, any Infringing Products, including the Accused Products, as well as any other products sold through any of Defendant's E-commerce Stores within the United States, including documents identifying the distributors, retailers, and other business outlets that offered to sell said goods.

**RESPONSE:**

27

**REQUEST NO. 40:**

All documents showing costs or expenses incurred by Defendant in connection with any goods marketed or sold under or in connection with any Infringing Products, including the Accused Products, as well as any other products sold through Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 41:**

All documents showing the calculation of the gross and net profits realized by Defendant, directly or indirectly, from the sale of any goods under or in connection with any Infringing Products, including the Accused Products, as well as any other products sold through Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 42:**

All documents reflecting the number of sales of goods by Defendant under or in connection with any Infringing Products, including the Accused Products, as well as any other products sold through any of Defendant's E-commerce Stores within the United States, including, but not limited to, documents showing the information on which such calculations are based.

**RESPONSE:**

28

**REQUEST NO. 43:**

All documents showing what fees Defendant has paid to any third-party providers used in connection with its e-commerce business during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 44:**

All documents sufficient to show any transactions related to transferring funds out of Defendant's Financial Accounts during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 45:**

All documents sufficient to show the balance in each of the PayPal Accounts at the time the Temporary Restraining Order [18] was entered and at the time the Agreed Asset Restraint Order [37] was entered.

**RESPONSE:**

**REQUEST NO. 46:**

All documents sufficient to show how the PayPal Accounts received more than $1,000,000 (see [53] at 1), including monthly account statements and transaction detail reports for each of the PayPal Accounts from inception to the present.

**RESPONSE:**

29

**REQUEST NO. 47:**

All records related to sales of products on all of Defendant's E-commerce Stores within the United States during the Relevant Period.

**RESPONSE:**

**REQUEST NO. 48:**

All documents and electronically stored information showing the contents of each section, tab, and view of the order-management, inventory, or e-commerce back-end system(s) used for any Defendant E-commerce Store, including the system from which the screenshots depicted in the Sales Summary [63-2] were captured (e.g., home, orders, products, customers, discounts, marketing, analytics, reports, apps, channels, online store, inventory, and settings sections). This includes full-page screenshots and, where available, exported reports for each section, tab, and view.

**RESPONSE:**

**REQUEST NO. 49:**

All documents and electronically stored information sufficient to identify every individual or entity with access to the system(s) identified in the preceding Request, including name, company, role and permission level, email or username, dates access was granted, modified, or terminated, and the Defendant E-commerce Stores for which access was provided. Include user and permission lists, access logs, role definitions, and relevant configuration pages.

**RESPONSE:**

**REQUEST NO. 50:**

All documents and electronically stored information sufficient to identify each Defendant E-commerce Store or other website that uses or is connected to the system(s) identified in the preceding Requests, including for each: store name, domain or URL, and the associated marketplace platform or domain registrar. Include pages showing channel or multi-store connections and any mappings between stores, catalogs, and payment processors.

**RESPONSE:**

**REQUEST NO. 51:**

All documents and electronically stored information sufficient to show all transactions displayed or reflected in the system(s) identified in the preceding Requests for each Defendant E-commerce Store, identifying for each transaction the product title, description, images used at the time of sale, sale dates, the website or Defendant E-commerce Store that originated the transaction, amounts charged, payment processors used, and shipping destinations.

**RESPONSE:**

**REQUEST NO. 52:**

All documents and electronically stored information relied upon, reviewed, consulted, or used in preparing the Jing Declaration and the Sales Summary.

**RESPONSE:**

**REQUEST NO. 53:**

Native, unredacted copies of the screenshots depicted in the Sales Summary [63-2], with all metadata intact, together with the underlying data, reports, or exports from which those screenshots were captured.

**RESPONSE:**

**REQUEST NO. 54:**

All documents and electronically stored information supporting the statement in paragraph 7 of the Jing Declaration that Magic Matrix sold three Accused Shirts generating total revenue of less than $100.00, and the statement in Defendants' Opposition [63] at 1 that Magic Matrix's sales of the accused products "generat[ed] approximately $100 in revenue," including all documents reconciling those figures with each other and with the Sales Summary.

**RESPONSE:**

**REQUEST NO. 55:**

Documents sufficient to identify each sales channel other than Defendant's E-commerce Stores through which Defendant or Magic Matrix advertises, offers for sale, or sells products, including any accounts on Amazon, eBay, Walmart, Etsy, Temu, SHEIN, AliExpress, TikTok Shop, or any other online marketplace, and the Financial Accounts associated with each such channel.

**RESPONSE:**

**REQUEST NO. 56:**

Complete account statements and activity exports for each of the PayPal Accounts from the inception of each account to the present, including monthly statements and downloadable transaction detail reports.

**RESPONSE:**

**REQUEST NO. 57:**

Documents sufficient to identify every product listing that has appeared on each Defendant E-commerce Store during the Relevant Period, including the listing title, SPU or other product identifier, listing images, listing dates, and price, including the "more than 10,000 different products" referenced in paragraph 3 of the Jing Declaration.

**RESPONSE:**

**REQUEST NO. 58:**

All documents and electronically stored information relating to the design, creation, selection, copying, or sourcing of the artwork, images, and designs used in the listings for the Accused Products, including source files, communications with any supplier, designer, or third party, and documents sufficient to identify each person who created, copied, uploaded, or approved the artwork or listings.

**RESPONSE:**

**REQUEST NO. 59:**

All purchase orders, invoices, supplier agreements, and manufacturing records relating to the acquisition, manufacture, or printing of the Accused Products, and documents sufficient to show the quantity of Accused Products remaining in Defendant's inventory.

**RESPONSE:**


**REQUEST NO. 60:**

All communications concerning Plaintiff, the Alison Friend Works, this Lawsuit, the Temporary Restraining Order [18], the Preliminary Injunction Order [48], or the asset restraint, including communications with suppliers, platforms, payment processors, or any other defendant identified in Schedule A to the Complaint.

**RESPONSE:**


**REQUEST NO. 61:**

Corporate registration documents, business licenses, organizational charts, and documents sufficient to identify the officers, directors, shareholders, and employees of Magic Matrix and any parent, subsidiary, or affiliated entity, and government-issued identification documents for Tang Jing.

**RESPONSE:**

**REQUEST NO. 62:**

All indemnification agreements, insurance policies, or other agreements pursuant to which any person or entity may be obligated to indemnify or defend Defendant against claims of intellectual property infringement.

**RESPONSE:**

**REQUEST NO. 63:**

All documents relating to any prior claim, lawsuit, takedown notice, cease-and-desist letter, or platform complaint alleging intellectual property infringement by Defendant or any Defendant E-commerce Store.

**RESPONSE:**

**REQUEST NO. 64:**

All documents concerning transfers of funds between the PayPal Accounts and the United States bank accounts identified in the PayPal Records, including the accounts at JPMORGAN CHASE BANK, NA, INTERNATIONAL BANK OF CHICAGO, COMMUNITY FEDERAL SAVINGS BANK, and the US Bank account held in the name of Debbie Horne, including account statements for each such bank account from the date each account was linked to the present.

**RESPONSE:**

**REQUEST NO. 65:**

All documents concerning the US $5,250,965.00 in total payments sent from PayPal Account No. 5613148398520340709, as reflected in the PayPal Records, including documents

35

sufficient to identify each recipient, destination account, date, amount, and purpose of each transfer.

**RESPONSE:**


**REQUEST NO. 66:**

All documents concerning Debbie Horne (also identified as Debra Horne), including documents sufficient to identify her, her relationship to Defendant, Magic Matrix, and Tang Jing, any agreements with her, all communications with her, and all transactions involving the US Bank account and credit cards held in her name that are or have been linked to PayPal Account No. 5613148398520340709, as reflected in the PayPal Records.

**RESPONSE:**


**REQUEST NO. 67:**

All documents concerning the zhuoda.work website identified in the PayPal Records, including documents sufficient to identify its owner and operator, the products offered for sale through it, its sales to United States consumers, and each Financial Account used to process its sales.

**RESPONSE:**


**REQUEST NO. 68:**

All documents concerning PayPal Account No. 4835570778797577690 identified in the PayPal Records and any other Financial Account registered to Tang Jing, including account registrations, statements, and transaction logs, and all documents concerning the relationship

36

between Magic Matrix and 深圳市梅朵电子商务有限公司 (Shenzhen Meiduo E-commerce Co., Ltd.), including any common ownership, management, personnel, addresses, suppliers, or e-commerce stores.

**RESPONSE:**

**REQUEST NO. 69:**

All documents concerning the stylesmg@outlook.com and coolwaremg@outlook.com e-mail addresses identified in the PayPal Records, including account registrations and communications concerning Defendant's E-commerce Stores, Defendant's Financial Accounts, or the sale of products to United States consumers.

**RESPONSE:**

**REQUEST NO. 70:**

All documents concerning the following e-mail addresses, including account registration and recovery information, documents sufficient to identify each person who created, registered, uses, or controls each address, and communications concerning any e-commerce store, website, entity, or Financial Account associated with each address: flowerws@outlook.com; happydaymg@outlook.com; bellesmg@outlook.com; beautws@outlook.com; mgcloth@outlook.com; goodclothmg@outlook.com; gloriousws@outlook.com; fashionsmg@outlook.com; excitedmg@outlook.com; and zhuodasz@outlook.com.

**RESPONSE:**

37

**REQUEST NO. 71:**

All documents identified, referenced, or relied upon in Your responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Admission.

**RESPONSE:**


**REQUEST NO. 72:**

All documents and electronically stored information concerning each payment processor, merchant acquirer, payment aggregator, or money-services business other than PayPal that You have used to receive, hold, settle, or transfer proceeds of sales through any Defendant E-commerce Store, including, without limitation, Airwallex, PingPong, Payoneer, WorldFirst, Stripe, LianLian Global, Alipay, and WeChat Pay, including account registrations, account statements, settlement and deposit reports, transaction histories, and each bank account linked to each such processor.

**RESPONSE:**


Dated: July 17, 2026          Respectfully submitted,


*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

38

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was sent via electronic mail to the following:

Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
mtg@boylefred.com


*/s/ Keith A. Vogt*
Keith A. Vogt
***ATTORNEY FOR PLAINTIFF***