**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**Ex. D**

---

**Alison Friend,**

        Plaintiff,

          v.

**The Partnerships and**
**Unincorporated Association Identified on**
**Schedule "A"**

        Defendants.

Case No. 1:26-cv-05581

---

**Defendants 28 and 29 Response to First Set of Written Discovery Requests**

---

Defendant Magic Matrix Technology, Co. LTD ("Magic Matrix"), identified as Defendants 28 and 29 with the aliases "favomens.com," and "lacemylife.com" on Schedule A, hereby responds to Plaintiff's first set of interrogatories, requests for production, and requests for admission as follows:

**General Objection**

Magic Matrix objects to the written discovery requests as overly broad, unduly burdensome, and disproportionate to the needs of the case, where Magic Matrix has less than $100 in sales of the Accused Product. Plaintiff filed a motion with the Court for leave to conduct "limited fact discovery, so that Plaintiff may test the truth of Defendants' claims of minimal sales" before filing a reply brief in support of her motion for a preliminary injunciont. Plaintiff's Motion (Doc. 76), pg. 1. The Court granted this motion without affording Magic Matrix the opportunity to oppose it. On July 17, 2026, Plaintiff issued 20 interrogatories, 10 requests for inspection, 72 requests for production, and 99 requests for admission, totaling 201 written

1

discovery requests. Nearly all of these requests expand far beyond Plaintiff's stated reasoning for taking discovery: to verify Magic Matrix's sales of the Accused Products. For example, Plaintiff's requests for inspection ask for a forensic inspection of every electronic device that has ever been used in connection with Magic Matrix's business. This is plainly unduly burdensome, disproportionate to the needs of the case, and outside the scope of any reasonable discovery that may be needed to verify $100 in sales of Accused Product for purposes of filing a brief relating to a preliminary injunction. As another example, Plaintiff's requests for production ask Magic Matrix to provide a transaction log of every sale that Magic Matrix has ever made over the course of its entire existence. These types of requests, which delve into sales of products that are not at issue in the case, along with the expansive breadth of the requests, are plainly unduly burdensome, disproportionate to the needs of the case, and outside the scope of any reasonable discovery that may be needed to verify $100 in sales of Accused Product for purposes of filing a brief relating to a preliminary injunction.

It is also overly burdensome, time consuming, and expensive to respond to each individual request, the sheer volume of which is disproportionate to the needs of the case. It would likely cost Magic Matrix thousands of dollars in attorneys fees to respond to written requests that are far beyond the scope of discovery requested by Plaintiff and appear to be an attempt to bury Magic Matrix in litigation costs for a case where there are $100 in sales. Moreover, to the extent these requests are AI generated in full or in part, such a tactic unfairly and disproportionately shifts the burden and expense onto Magic Matrix, where Plaintiff can quickly and efficiently generate voluminous requests, whereas Magic Matrix must expend a disproportionate amount of time and resources responding to the requests.

Magic Matrix further generally objects to the requests to the extent they are not limited with respect to time, and to the extent they call for information protected by the attorney-client privilege and work product doctrine.

**Response to Discovery Requests**

Subject to and without waiving its objections, Magic Matrix is producing documents that verify its sales of the Accused Products. This production is Magic Matrix's response to all written requests in accordance with the appropriate scope of discovery, as requested by Plaintiff, and in view of the fact that Magic Matrix has less than $100 in sales of the Accused Product, which is verified by the documents produced. Regarding the Interrogatories and RFAs, Magic Matrix objects to the Interrogatories and RFAs on the grounds above, which should be considered Magic Matrix's full and complete response to those requests. No RFAs are to be deemed admitted.

Dated: July 24, 2026

s/Michael T. Griggs
Michael T. Griggs
BOYLE FREDRICKSON S.C.
840 N. Plankinton Ave.
Milwaukee, WI  53203
mtg@boylefred.com

***Attorney for Defendants 28 and 29***

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 24, 2026, a copy of the foregoing was served via email on the counsel for the Plaintiff.

Dated: July 24, 2026

s/Michael T. Griggs
Michael T. Griggs
Attorney for Defendants 28 and 29