**KEITH A. VOGT, PLLC**
**INTELLECTUAL PROPERTY LAW**



1820 NE 163RD STREET, SUITE 306
NORTH MIAMI BEACH, FLORIDA
33162
TELEPHONE: 312.971.6752
E-MAIL: KEITH@VOGTIP.COM
WWW.VOGTIP.COM

**VIA ELECTRONIC MAIL**

July 29, 2026

Michael T. Griggs, Esq.
Geoffrey J. Behr, Esq
BOYLE FREDRICKSON S.C.
840 North Plankinton Avenue
Milwaukee, WI 53203
mtg@boylefred.com; GJB@boylefred.com

**Re:** *Alison Friend v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* **No. 1:26-cv-05581 (N.D. Ill.) — Deficiencies in the July 24, 2026, Discovery Responses; Request to Confer under Local Rule 37.2**

Dear Mr. Griggs:

Plaintiff identifies the following deficiencies in Magic Matrix's July 24, 2026, written responses and document production, and requests a conference under Local Rule 37.2.

**1. Interrogatories (Rule 33).** No answer was served to any of the twenty interrogatories, and the response bears no verification. An objection is not an answer. Rule 33(b)(3) requires each interrogatory to be "answered separately and fully in writing under oath"; Rule 33(b)(4) requires grounds "stated with specificity" and waives any not so stated; Rule 33(b)(5) requires signature by the answering person. A single general objection directed at all 20 requests collectively satisfies none of these.

**Cure:** verified, supplemental responses to Nos. 1–20 individually, with any objections stated as to each.

**2. Requests for Admission (Rule 36).** No answer or matter-specific objection was served to any of the ninety-nine requests. Under Rule 36(a)(3), a matter is admitted unless the responding party serves "a written answer or objection **addressed to the matter**," and Rule 36(a)(5) requires that grounds be stated. Plaintiff's position is that the requests are admitted by operation of Rule 36(a)(3), and Plaintiff will proceed on that basis.

**Cure:** advise whether Magic Matrix will seek relief under Rule 36(b), and on what schedule.

**3. Document production (Rule 34).**

   a.  The response does not state whether responsive materials are being withheld on the basis of any objection, as Rule 34(b)(2)(C) requires.

   b.  The production is limited to two internal SKU numbers. Nothing identifies who ran the searches, when, what systems or date ranges were searched, what other storefronts or channels were searched, or whether the result is complete. No declaration, certification, or custodian accompanies the production.

   c.  MAGIC MATRIX 000019 and 000087 bear embedded document properties identifying counsel as creator and last modifier, and open in a repaired state. They are not native exports.

   d.  None of the eighteen image files carries EXIF or other embedded metadata, and every date field in the load file is blank. No capture can be dated as produced.

   e.  The .dii load file directs every record to \IMAGES\0001\…tiff. No IMAGES folder and no TIFFs were delivered; the file cannot be loaded.

**Cure:** produce (i) the native export files with hash values; (ii) the export parameters for each export — user account, timestamp, filters, store scope; (iii) the store roster for the order-management tenant; (iv) all saved searches, filters, and store selections configured in that tenant; (v) the date and time each image was captured and by whom; (vi) complete transaction-level records for all sales, including of the Accused Works identified by work rather than by internal SKU, across all storefronts, marketplaces, and channels; (vii) a statement of search methodology identifying custodians, systems, date ranges, and search terms; (viii) the Rule 34(b)(2)(C) withholding statement; and (ix) a client verification of completeness together with counsel's Rule 26(g) certification.

**4. Statements in the Jing Declaration.** Certain matters appearing on the face of Magic Matrix's own production are inconsistent with Defendant's own filings (Dkt. 63-1 and Dkt. 63-2). Plaintiff will identify them on the call so that Magic Matrix has the opportunity to address them before Plaintiff raises them with the Court.

**5. Local Rule 3.2.** No Notification of Affiliates has been filed. Fed. R. Civ. P 7.1 and the Amended Local Rule 3.2. requires the Notice of Affiliates to be filed with a party's first appearance, pleading, motion, response, or other request addressed to the court. Defendants Nos. 28 and 29 have filed seven such papers since appearing on May 29, 2026.

**Cure:** file the Notification of Affiliates.

**6. Confidentiality designations.** Ten of the twenty produced documents are stamped "Confidential." No protective order has been entered.

**Cure:** propose a stipulated protective order, which Plaintiff will consider promptly and in good faith, or withdraw the designations.

**7. New matter in the reply brief.** Magic Matrix's July 27 reply [85] asserts for the first time that the only non-test sale "occurred in Utah." That assertion appears in neither the motion [53], the Jing Declaration [63-1], Exhibit A [63-2], nor the July 24 response, and the reply is unsupported by declaration or exhibit. Please advise whether Magic Matrix will withdraw it or oppose a short surreply addressed to it.

**8. Meet and Confer Request.** Local Rule 37.2 requires consultation in person or by telephone. Please advise your availability on July 30, 2026. Because a status report on the progress of this discovery is due to the Court on July 31, 2026 (Dkt. 80), we ask for a response by 5:00 p.m. Central on July 30, 2026.

Plaintiff reserves all rights, including under Rules 26(g), 36(a)(3), and 37, and waives no position by raising these matters informally.

Very truly yours,

*/s/ Keith A. Vogt*
Keith A. Vogt

*Counsel for Plaintiff Alison Friend*

3