

840 North Plankinton Avenue, Milwaukee, WI 53203  P: 414-225-9755  F: 414-225-9753  www.boylefred.com

MICHAEL T. GRIGGS
DIRECT DIAL: 414-225-6311
mtg@boylefred.com

**Ex. G**

July 30, 2026

**<u>VIA EMAIL</u>**

Keith Vogt
Keith A. Vogt, PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162

      Re:    *Friend v. Schedule A Defendants,* Case 1:26-cv-05581

Dear Keith:

I am writing in response to your two letters dated July 29, 2026, which I received at about 5:00 pm yesterday via email. As indicated in Magic Matrix's written response to Friend's discovery requests, Magic Matrix has fully complied with its discovery obligations by producing the underlying documents verifying sales of the Accused Products, which total less than $100 in sales. I note that Friend does not contend that the documents provided do not verify these sales. Rather, Friend's dispute relates to requests that far exceed the scope of requested discovery.

In Friend's motion to stay briefing on the motion for a preliminary injunction, Friend requested "leave to conduct limited fact discovery, so that Plaintiff may test the truth of Defendants' claims of minimal sales." Friend Motion (Doc. 76), pg. 1. Friend then proceeded to issue 201 total written requests that far exceed the scope of the "limited fact discovery" that Friend was granted leave to take. Accordingly, Magic Matrix provided a written response objecting to the requests and also produced documents verifying Magic Matrix's sales of the Accused Products.

Magic Matrix stands on its objections and its document production as its full and complete response with respect to the requests. Magic Matrix also considers this exchange of correspondence to constitute a good faith meet and confer effort, so Friend can pursue a motion to compel if she desires, which Magic Matrix will vigorously oppose. However, such motion practice makes no sense given the nominal revenue generated from sales of the Accused Products in this case, which is less than $100.

Regarding the RFAs, Magic Matrix objected to each RFA via its written response, and Magic Matrix explicitly stated that "Magic Matrix objects to the… RFAs on the grounds above, which should be considered Magic Matrix's full and complete response to those requests. No RFAs are to be deemed admitted." Under Rule 36(a)(3), Fed. R. Civ. P., a request is only deemed admitted if no response is received within 30 days. Magic Matrix provided a written response with its objections, so no requests are deemed admitted. To the extent Friend takes the

Keith Vogt
July 30, 2026
Page **2** of **2**

position that the requests are deemed admitted in its reply brief, Magic Matrix will (i) notify the Court of this dispute via a status report tomorrow; and (ii) request leave to file a sur-reply to address the issue. In any event, the actual documents that Magic Matrix has produced to Friend reflect the actual sales, and Friend has no factual or legal basis to assert otherwise. Any such assertions would run afoul of Rule 11, Fed. R. Civ. P.

Regarding the statement that the only other U.S. sale that was not a test buy occurred in Utah, that statement is supported by the documents that Magic Matrix produced. If Friend intends to file motion for leave to file a sur-reply to address this fact, please advise as to the substance of the sur-reply so that Magic Matrix can consider whether to oppose the motion.

Magic Matrix opposes any efforts to take further discovery or to further delay briefing on Friend's own motion for a preliminary injunction. Friend bears the burden on the motion that she filed and presumably had sufficient evidence and legal basis to seek the relief requested when she filed the motion. If Friend needs discovery to satisfy her burden, then she never should have filed the motion in the first place and also should withdraw her motion. Friend asked the Court to take "limited fact discovery" to verify sales of the Accused Products, and Magic Matrix has provided the underlying documentation to verify the sales. That was what Friend requested of the Court, and Magic Matrix has provided that information to Friend.

I will again present Magic Matrix's offer of $1000 to settle this case, which I previously presented to you on June 22, 2026, for which I have yet to receive a response. It is painfully clear that Friend is driving up litigation costs via excessive discovery requests and motion practice in an attempt to leverage a disproportionate settlement payment. Rather than filing briefs and chasing discovery that is excessive and unwarranted, let's settle the case for $1000 and be done.

Sincerely,

Michael T. Griggs