**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALISON FRIEND,

    Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S STATUS REPORT ON THE PROGRESS
OF LIMITED FACT DISCOVERY**

Plaintiff Alison Friend ("Plaintiff" or "Friend") submits this status report pursuant to the

Court's Minute Entry of July 13, 2026 [80], which granted Plaintiff leave to conduct limited fact

discovery, stayed briefing on the opposition of Defendant Nos. 28 favomens.com and 29

lacemylife.com (together, "Magic Matrix") to Plaintiff's Motion for a Preliminary Injunction [63],

and directed a status report on the progress of that discovery by July 31, 2026.

## I.    <u>Background</u>

The Court granted the limited discovery for a stated purpose: so that Plaintiff "may test the

truth of Defendants' claims of minimal sales" before completing briefing on the preliminary

injunction. [76] at 1; [80].

Those claims are set out in the declaration of Tang Jing, submitted with Magic Matrix's

opposition. Mr. Jing declared that Magic Matrix "sold a total of three (3) Accused Shirts," [63-1]

¶ 7; that Magic Matrix "utilizes a PayPal account to process customer transactions," *id.* ¶ 4; and

that "at least $20,000 is frozen in Magic Matrix's PayPal Account," *id.* ¶ 9. Exhibit A to that

declaration reported three units of accused product totaling $95.2725. [63-2].

Plaintiff served written discovery on July 17, 2026; a first set of interrogatories [88-1], requests for the production and inspection of documents [88-2], and requests for admission [88-3]. Magic Matrix served a three-page objection letter in lieu of responses and limited document production on July 24, 2026. Magic Matrix's written response appears at [88-4].

## II.     Magic Matrix's July 24 Response

Magic Matrix answered no interrogatories, responded to no request for admission, and served nothing under oath. In place of answers or any specific objections, Magic Matrix served a three-page general objection stating that its document production "is Magic Matrix's response to all written requests," and that "[r]egarding the Interrogatories and RFAs, Magic Matrix objects to the Interrogatories and RFAs on the grounds above, which should be considered Magic Matrix's complete response to those requests. No RFAs are to be deemed admitted." [88-4] at 3.

The accompanying production consisted of only eighteen pages of screen captures from Magic Matrix's order-management system and two spreadsheets. The captures show, on their face, that the search was run against two internal SKU numbers — 103-250225-23 and 223-250221-a27 — each returning "Total 2 Item." Nothing in the production or the cover response identifies who ran the searches, when, what systems or date ranges were searched, what other storefronts or sales channels were searched, or whether the result is represented to be complete. No declaration or certification accompanies the production.

## III.     What the Production Shows on the Question the Court Authorized

Plaintiff reports the following because it bears directly on the purpose for which discovery was granted.

**A.     The production identifies four orders containing an accused shirt, not three.**
The produced records identify four orders, each containing one unit of an accused SKU: two orders

shipped to Chicago, Illinois ($47.98 and $34.98); one order shipped to Bountiful, Utah ($128.32); and one order shipped to Bitburg, Germany ($99.87).

**B.** **The German order does not appear in the sworn total.** The three units reported in Exhibit A [63-2] reconcile to the two Chicago orders and the Utah order. The German order is absent from Exhibit A and from Mr. Jing's sworn figure, notwithstanding that Magic Matrix produced five separate captures of that order under filenames expressly identifying it. Magic Matrix has not explained the omission.

**C.** **The orders are larger than described.** The Utah order was a $128.32 order for four shirts, of which one was an accused SKU. The German order was a $99.87 order for four items, including one accused SKU.

**D.** **The four orders were collected through three different payment accounts.** The produced records identify a different PayPal collection account for the Utah order, the German order, and the two Chicago orders. Mr. Jing's declaration refers to "a PayPal account" and to "Magic Matrix's PayPal Account" in the singular. [63-1] ¶¶ 4, 9.

**E.** **The interrogatories that would have resolved the scope questions went unanswered.** Plaintiff's interrogatories asked Magic Matrix to identify, among other things, all storefronts it operates, all payment-processing accounts it uses, and all entities under common ownership or control with it. Those are the questions on which the "minimal sales" claim depends, and none were answered. Plaintiff has a good-faith basis, developed from records produced by PayPal pursuant to this Court's order, to believe that the answers would identify accounts and affiliated entities that Magic Matrix has not disclosed. Plaintiff does not detail that material here, both because it is outside the scope of this report and because it concerns accounts of other parties.

**F.** **Format and completeness issues remain outstanding.** The two produced spreadsheets bear embedded document properties identifying defense counsel as their creator and last modifier, and appear not to be native exports from the order-management system; Plaintiff has requested the native files. The eighteen screen captures contain no embedded metadata, and every date field in the accompanying load file is blank, so no capture can be dated, which matters because the accused SKUs are shown in an active-sale status in those captures, while Mr. Jing declared that Magic Matrix "immediately stopped offering the Accused Shirts for sale." [63-1] ¶ 6.

**IV.** **Defendants' Use of the Discovery in Closed Briefing on the Motion to Dismiss**

Plaintiff reports one further development, because it arises from this discovery.

On July 27, 2026, Magic Matrix filed its reply in support of its motion to dismiss [85]. The reply asserts for the first time that the single non-test sale "occurred in Utah," and characterizes this case as concerning "a single, $20–30 t-shirt." [85] at 1, 2, 5. That factual assertion appears nowhere in the opening motion [53], the Tang Jing declaration [63-1], Exhibit A [63-2], or the July 24 response, and the reply is supported by no declaration, affidavit, or exhibit. It appears to derive from the limited production served three days earlier under an order granting discovery for the purpose of briefing the preliminary injunction. Magic Matrix has since confirmed as much: its July 30 letter states that the Utah assertion "is supported by the documents that Magic Matrix produced." [88-7] at 2. Magic Matrix thus took discovery the Court authorized for one purpose — testing the minimal-sales claim on the preliminary injunction — and used it to supply new facts in a separate, fully briefed motion to dismiss, in reply to which Plaintiff has no response as of right.

Plaintiff asked Magic Matrix to withdraw the assertion or to state whether it would oppose a short surreply addressed to it. Magic Matrix declined to state a position and asked Plaintiff to identify the substance of the proposed surreply first. [88-7] at 2. Plaintiff intends to move promptly

4

for leave to file a surreply of no more than five pages limited to that new matter. Magic Matrix has separately advised the Court that it will seek leave to file a sur-reply of its own addressed to the requests for admission. [88] at 6.

## V.     Conferral Status

On July 29, 2026, Plaintiff served two letters on Magic Matrix. The first identified, in eight numbered items, the deficiencies in Magic Matrix's July 24 written responses and document production, and requested a conference under Local Rule 37.2. [88-5]. The second gave notice of Plaintiff's position that the ninety-nine requests for admission are admitted by operation of Rule 36(a)(3). [88-6]. Plaintiff asked Magic Matrix to state its availability for a telephone conference on July 30, 2026, and to respond by 5:00 p.m. Central that day, noting that this report was due to the Court on July 31.

Magic Matrix responded by letter on July 30, 2026. [88-7]. It did not identify availability for a telephone conference on that date or on any other. It stated that Magic Matrix "stands on its objections and its document production as its full and complete response with respect to the requests"; that it "considers this exchange of correspondence to constitute a good faith meet and confer effort, so Friend can pursue a motion to compel if she desires, which Magic Matrix will vigorously oppose"; and that it "opposes any efforts to take further discovery." Id. at 1–2.

After Magic Matrix's letter, Plaintiff again requested a telephone conference, offering August 5, 2026 after 1:00 p.m. Central and stating that Plaintiff would circulate call-in information once Magic Matrix confirmed a time. Magic Matrix has not responded to that request or identified any date on which it will confer.

No conference in person or by telephone has taken place. Local Rule 37.2 conditions a discovery motion on a statement either that "after consultation in person or by telephone and good

faith attempts to resolve differences they are unable to reach an accord," or that "counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's." Plaintiff sets out the facts above so that the record of her efforts is before the Court. Plaintiff remains willing to confer by telephone on any date, including on shortened notice.

Three of the eight items in Plaintiff's July 29 letter are not addressed in Magic Matrix's July 30 response: the matters on the face of Magic Matrix's production that are inconsistent with its own filings (item 4); the absence of a Notification of Affiliates under Local Rule 3.2 (item 5); and the ten produced documents stamped "Confidential" where no protective order has been entered (item 6). Plaintiff renews its request as to each.

Magic Matrix's report states that "Plaintiff has not contended that this production is in any way inadequate to verify Magic Matrix's sales of the Accused Products." [88] at 6. Plaintiff's July 29 letter, which Magic Matrix attached to its report, states the contrary at item 3(b): the production "is limited to two internal SKU numbers," and "[n]othing identifies who ran the searches, when, what systems or date ranges were searched, what other storefronts or channels were searched, or whether the result is complete." [88-5] at 2. Item 3's requested cure includes "complete transaction-level records for all sales, including of the Accused Works identified by work rather than by internal SKU, across all storefronts, marketplaces, and channels," and "a statement of search methodology identifying custodians, systems, date ranges, and search terms." Id.

Plaintiff has not moved to compel and does not do so in this report.

### VI.     <u>Proposed Next Steps</u>

The schedule below reflects the sequence Magic Matrix's response. It is not a request for additional time. Plaintiff served the written discovery on July 17, 2026, four days after the Court granted leave. Magic Matrix served its response on Friday, July 24. Plaintiff sent a written

deficiency letter and a Rule 36 notice on July 29, 2026, and requested a conference under Local Rule 37.2 for July 30, 2026. Magic Matrix answered by letter on July 30 without offering a conference date; Plaintiff renewed the request the same day, offering August 5, 2026, and has received no response. Plaintiff has moved at each step without delay.

What Plaintiff still does not have is any answer under oath. As set out in § II, no interrogatory was answered, no request for admission was responded to, and nothing was verified. The document production was assembled by searching two internal SKU numbers, and nothing in it states who searched, when, across what systems or date ranges, or whether the result is complete. The questions on which the minimal-sales claim depends — what storefronts Magic Matrix operates, what payment accounts it uses, and what entities it is affiliated with — are the questions that went unanswered. As described in § IV, Magic Matrix nonetheless relied on that same production in its reply brief three days later.

Plaintiff asks the Court to draw no conclusion about Magic Matrix's intent, and seeks no relief on this report. The difficulty is structural. The Court authorized this discovery so that Plaintiff could test the truth of the minimal-sales claims. If a party may establish those claims by declaration, decline to answer the written discovery directed at testing them, and then have the testing period expire on that record, the authorization cannot accomplish what the Court granted it to accomplish. That is why Plaintiff proposes to complete the testing by deposition — and why the deposition necessarily falls after the date by which the written responses should be cured.

Plaintiff respectfully proposes the following and is prepared to proceed on any schedule the Court prefers:

1. **Complete the written discovery.** Magic Matrix should be directed to serve verified interrogatory answers, responses addressed to each request for admission, and the native

transaction records — including records identified by the copyrighted works at issue rather than by internal SKU number — by August 14, 2026.

2. **Permit deposition testimony.** The written discovery has not produced any answer under oath, and the questions the Court authorized Plaintiff to test therefore remain open. Plaintiff proposes to complete the testing by deposition under Rules 30(a) and 30(b)(6), directed to the matters the Court authorized — Defendants' sales of the accused products, the records and searches underlying the July 24 production, the accounts and storefronts through which those sales were made, and the preparation of the declaration and summary exhibit submitted in opposition to the preliminary injunction. Plaintiff further preserves her right to take the individual deposition of Magic Matrix's declarant, Tang Jing. Because Defendants are located outside the United States, Plaintiff will notice the deposition to proceed remotely by videoconference under Rule 30(b)(4). Plaintiff proposes that the deposition take place on or about September 16, 2026 and be completed no later than September 18, 2026, which allows for the scheduling of a Mandarin interpreter and for any adjournment the parties may agree upon. Magic Matrix has stated that it "opposes any efforts to take further discovery." [88-7] at 2; see also [88] at 7.

3. **Set the preliminary-injunction reply after the authorized discovery is complete.** Magic Matrix asks the Court to set Plaintiff's reply for August 7, 2026, and to deny in advance any motion to compel. [88] at 7. Plaintiff respectfully opposes both requests.

An August 7 reply date would close the testing period on the record described in §§ II–III of this report: no answer to any of the twenty interrogatories, no response to any of the ninety-nine requests for admission, nothing served under oath, and a document production assembled by searching two internal SKU numbers under a methodology that has not been disclosed. The Court granted this discovery so that Plaintiff could "test the truth of Defendants' claims of minimal

8

sales." [76] at 1; [80]. Setting the reply before any answer has been given would end the testing period without the testing having occurred.

Denying a motion to compel before one is filed would have the same effect by a different route. Magic Matrix has taken the position that its objections are its "full and complete response," [88-4] at 3, and that it "stands on its objections," [88-7] at 1. If that position is not subject to review on a motion, the written discovery is concluded as served.

Plaintiff therefore proposes that her reply in support of the Motion for a Preliminary Injunction [28] as to Defendant Nos. 28 and 29 be due twenty-one days after the limited discovery, including the deposition, is complete — on the schedule in paragraphs 1 and 2 above, October 9, 2026. In the alternative, if the Court prefers to fix a date now, Plaintiff proposes October 9, 2026 and will move promptly if the discovery is completed sooner.

Plaintiff notes that the asset restraint Magic Matrix describes is the restraint the parties agreed to. Magic Matrix's report states that "the parties were able to agree to reduce the asset restraint pertaining to Magic Matrix's funds to a total of $20,000." [88] at 2; see [37]. Magic Matrix has not moved to dissolve or modify that order, and Plaintiff will consider in good faith any proposal to substitute security for the restrained funds.

4. **Direct compliance with Local Rule 3.2.** No appearing corporate defendant in this action has filed the Notification of Affiliates that Amended Local Rule 3.2 requires of "any nongovernmental party, other than an individual or sole proprietorship." Plaintiff, an individual, is exempt. Plaintiff respectfully requests that the Court direct all appearing corporate defendants to comply, in both steps the rule requires, within fourteen days.

5. **Preserve the motion-to-dismiss record.** As described in § IV, Plaintiff intends to move for leave to file a short surreply limited to the new assertion, and is content for the Court to address that assertion in any other manner it prefers.

6. **Further status report.** Plaintiff will file a further status report on August 21, 2026, or on any date the Court directs.

## VII.    Conclusion

Plaintiff has pursued the limited discovery the Court authorized promptly and in good faith. The discovery served to date has not permitted Plaintiff to test the "minimal sales" representations, because the interrogatories and requests for admission are unanswered, and the document production is limited to two internal SKU numbers by an undisclosed methodology. Plaintiff is continuing to confer and will keep the Court apprised.

DATED: July 31, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 31, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

                          */s/ Keith A. Vogt*
                          Keith A. Vogt

11