**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY**
**IN OPPOSITION TO THE MOTION TO DISMISS [53]**

Plaintiff, Alison Friend ("Friend" or "Plaintiff"), respectfully moves for leave to file a surreply of no more than six pages, limited to new factual matter raised for the first time in the reply brief of Defendant Nos. 28 favomens.com and 29 lacemylife.com ("Magic Matrix") [85] and to an intervening decision of this Court denying the identical motion filed by this same defendant. The proposed surreply is attached as **Exhibit A**. In support, Plaintiff states:

1. Magic Matrix moved to dismiss on June 22, 2026 [53]. That motion argued that Plaintiff's jurisdictional allegations rested on nothing more than an interactive website accessible in Illinois and on allegations made "upon information and belief." [53] at 4–5. It identified no sale, no order, and no shipping destination.
2. Plaintiff responded on July 13, 2026 [81], submitting evidence that Magic Matrix accepted, processed, and confirmed shipment of an infringing order from each of its websites to an address in Chicago, Illinois.
3. On July 13, 2026, the Court granted Plaintiff leave to conduct limited fact discovery so that Plaintiff could "test the truth of Defendants' claims of minimal sales," and stayed briefing

on Magic Matrix's Opposition [63] to Plaintiff's preliminary-injunction motion pending that discovery. [76] at 1; [80].

4. Magic Matrix served its document production in that limited discovery on Friday, July 24, 2026.

5. Three days later, on Monday, July 27, 2026, Magic Matrix filed its Reply [85]. For the first time in this litigation, the Reply asserts a specific factual proposition: that the only non-test sale of an Accused Shirt "occurred in Utah," and that this case concerns "a single, $20–$30 t-shirt." [85] at 1, 2, 5. That assertion is the foundation of the reply's personal-jurisdiction argument and of its "fair play and substantial justice" argument. *Id.* at 2–6.

6. The assertion appears nowhere in the opening motion [53], the declaration of Tang Jing [63-1], or Exhibit A to that declaration [63-2]. It appears to derive from the document production served three days earlier, a production made under an order granting discovery for the purpose of briefing the preliminary injunction, not this motion.

7. The Reply is supported by no declaration, affidavit, or exhibit. The assertions contained therein are therefore unsworn arguments of counsel.

8. Plaintiff has had no opportunity to address it. A surreply is the ordinary vehicle where a reply brief introduces new factual matter that the non-movant could not have anticipated or answered.

9. On August 12, 2026, Judge Rowland denied a motion to dismiss filed by this same defendant, Magic Matrix Technology, Co. LTD, in another Schedule A copyright action in this District. The court rejected both of the grounds Magic Matrix presses here: that a test purchase shipped into this District cannot support personal jurisdiction, and that joinder of Schedule A storefronts fails Rule 20. *Sally Walsh v. The P'ships & Unincorporated Ass'ns*

*Identified on Schedule A*, No. 1:26-cv-06675, Dkt. 41 (N.D. Ill. Aug. 12, 2026) (Rowland, J.) (attached as **Exhibit B**). That decision issued sixteen days after the Reply, and Plaintiff has had no opportunity to bring it to this Court's attention.

10. The proposed surreply is narrow. It is limited to (a) the new factual assertion and what Magic Matrix's own production shows, (b) the consequence of that assertion for the Reply's Rule 4(k)(2) argument, and (c) the intervening decision in *Walsh*. It does not revisit any argument already briefed, and it seeks no other relief.

11. No party will be prejudiced, and no schedule will be disturbed. The Court has taken the motion under advisement and will rule by mail. [59].

WHEREFORE, Plaintiff respectfully requests leave to file the attached surreply.

DATED: August 27, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on August 27, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt