# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S SURREPLY IN OPPOSITION TO THE MOTION TO DISMISS [53]**

Magic Matrix's Reply [85] rests on a factual proposition it has never sworn to and that its own documents contradict. The Reply tells the Court that, setting aside Plaintiff's test purchases, there was "a single organic sale (which occurred in Utah)," and that this case is "centered on a single, $20–$30 t-shirt." [85] at 1, 5. Every part of that is wrong on Magic Matrix's own production, and the production is the only reason the assertion exists. The Reply's legal theories fare no better: two weeks after it was filed, another judge of this Court denied the identical motion, filed by this same defendant, on both of the grounds pressed here. *Sally Walsh v. The P'ships & Unincorporated Ass'ns et al.*, No. 1:26-cv-06675, Dkt. 41 (N.D. Ill. Aug. 12, 2026) (Rowland, J.).

**I. The Assertion Is New, Unsworn, and Drawn From Discovery Obtained for a Different Motion.**

Nothing in Magic Matrix's opening Motion [53] identified where any product was shipped. The Motion only argued that Plaintiff "relies solely on allegations made 'upon information and belief,'" and that the Complaint "does not identify any Illinois customer." [53] at 1, 4. Neither the Tang Jing declaration [63-1] nor Exhibit A to it [63-2] mentions Utah. The word appears for the first time in the Reply, filed three days after Magic Matrix produced documents in the limited

discovery this Court authorized to allow Plaintiff to "test the truth of Defendants' claims of minimal sales" for purposes of the preliminary injunction. [76] at 1; [80]. That discovery remains ongoing: Magic Matrix answered none of Plaintiff's interrogatories or requests for admission and produced records for only four orders, not a full transaction log. Magic Matrix nonetheless weaponized that same production to manufacture a new factual assertion, deployed for the first time in a reply on a motion the discovery was never authorized to address. A reply brief "is for replying, not for raising a new ground," *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) (Posner, J., concurring), and arguments raised for the first time in reply are waived, *Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010).

Magic Matrix filed no declaration, affidavit, or exhibit with its Motion or Reply. Where a Rule 12(b)(2) motion is decided "on the submission of written materials, without the benefit of an evidentiary hearing," Plaintiff "need only make out a *prima facie* case of personal jurisdiction," and is "entitled to the resolution in [her] favor of all disputes concerning relevant facts presented in the record." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (internal citations omitted). It is only where a defendant submits affidavits or other evidence opposing jurisdiction that a plaintiff must go beyond the pleadings and come forward with affirmative evidence. *See id.* at 782–83. Magic Matrix has submitted none.

## II. Magic Matrix's Own Production Contradicts the Reply.

The production identifies four orders containing an Accused Shirt, not three, and two of them were not test purchases:

| Order | Ship-to | Order total | Accused units |
|---|---|---|---|
| LSCAS21830 | Chicago, Illinois | $47.98 | 1 |
| LCEMQH41914 | Chicago, Illinois | $34.98 | 1 |
| LS00069040 | Bountiful, Utah | $128.32 | 1 of 4 items |
| LCE00024851 | Bitburg, Germany | $99.87 | 1 of 4 items |

Two consequences follow. First, the Utah transaction was not "a $20–$30 t-shirt." It was a $128.32 order for four items, of which one was an Accused Shirt. Second, Magic Matrix's sworn count is incomplete. Mr. Jing declared that "Magic Matrix sold a total of three (3) Accused Shirts," [63-1] ¶ 7, and Exhibit A reported three units totaling $95.2725 [63-2]. Those three units correspond to the two Chicago orders and the Utah order. The German sale of an Accused Shirt appears in neither. Magic Matrix has not explained the omission.

Given Defendant's incomplete account of its sales, this Court should deny Defendant's Motion. A party may not obtain relief on a factual predicate it knows to be false or incomplete. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (affirming dismissal where the plaintiff "abused the judicial process by seeking relief based on information that the plaintiff knows is false[.]"); *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (noting that "perjury is among the worst kinds of misconduct.").

## III. Another Judge of This Court Has Already Rejected These Theories, Pressed by This Same Defendant.

On August 12, 2026, Judge Rowland denied a motion to dismiss that Magic Matrix filed in another Schedule A copyright action in this District, raising the same two grounds it raises here — "lack of personal jurisdiction and improper joinder." *Walsh*, Dkt. 41. Magic Matrix lost both.

On jurisdiction, the court held that the plaintiff "made a *prima facie* showing of personal jurisdiction based [on] the sale and shipment of an allegedly infringing product to this district," and rejected the very argument the Reply presses here — that a "test purchase" is insufficient because it "amounts to Plaintiff 'manufacturing' personal jurisdiction." *Id.* That "contention was rejected in *NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022)," where the only Illinois sale was likewise to the plaintiff's investigator and the Seventh Circuit held the plaintiff's

"motivations in purchasing the allegedly illegal item [were] in no way relevant to an assessment of whether [defendant] has established sufficient contacts to sell its products to Illinois residents." *Id.* (quoting *NBA Props.*, 46 F.4th at 624). What mattered was that Magic Matrix "set up an online store, asserted a willingness to ship goods to Illinois" through it, and then filled and shipped an order placed by the plaintiff's agent, thereby "structur[ing] its activities to target Illinois." *Id.*; *see NBA Props.*, 46 F.4th at 621–25. That is this record twice over: Magic Matrix accepted, processed, and shipped an order for each Accused Shirt to a Chicago address. [81-1]; [81-2]; [63-1] ¶ 7; [63-2]. Whether those orders originated with Plaintiff's investigator is immaterial.

The Reply does not engage that holding. It attempts to distinguish *NBA Properties* with two district-court decisions that predate it — *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 WL 2633317 (N.D. Ill. June 25, 2021), and *Haggerty Enterprises, Inc. v. Lipan Industries Co.*, 2001 WL 968592 (N.D. Ill. 2001), *see* [85] at 2–3 — and on the theory that the goods there "likely included Chicago Bulls merchandise that would implicitly be directed to Chicago Bulls fans in Illinois." [85] at 3. The holding rests on no such thing. And *Ouyeinc* is against Magic Matrix, not for it. The Reply quotes that court's observation that, "[w]hen the court ruled on the original motion, plaintiff stated that the only sale to Illinois was made to plaintiff's investigator," and that "[s]uch a sale on its own is insufficient for purposes of personal jurisdiction," [85] at 2, then stops before the holding. On reconsideration, the court found that those same "sales to the investigator confirm that the storefront defendants' ecommerce storefronts specifically and affirmatively targeted Illinois as a shipping location," that those nine defendants "purposefully availed themselves of doing business in Illinois," and that "personal jurisdiction is proper over these defendants." *Ouyeinc*, 2021 WL 2633317, at *4. Magic Matrix, which admits a U.S.-facing

storefront of more than 10,000 products processing payments through PayPal, [63-1] ¶¶ 3–4, 7, stands well beyond that line.

On joinder, *Walsh* held that evidence "supporting an inference of common ownership between Magic Matrix and other co-defendants" satisfied Rule 20 "at least at this stage," noting that "Magic Matrix present[ed] no rebuttal evidence." *Walsh*, Dkt. 41. The posture here is the same. Accordingly, this Court should likewise deny Magic Matrix's Motion and hold that personal jurisdiction and joinder are proper in this case.

## IV. The Reply's Utah Assertion Defeats Its Own Rule 4(k)(2) Argument.

The Reply contends "Rule 4(k)(2) is not an independent jurisdictional hook available to a plaintiff who can already establish specific jurisdiction in at least one state." [85] at 1. The Rule 4(k)(2) itself, however, expressly authorizes jurisdiction in *any* federal court on three conditions: on a claim arising under federal law, a defendant whose aggregate suit-related contacts with the U.S. as a whole support jurisdiction, and a defendant who "is not subject to jurisdiction in any state's courts of general jurisdiction" and "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). A defendant who wishes to foreclose Rule 4(k)(2) "has only to name some other state in which the suit could proceed." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001).

Magic Matrix has identified a sale into Utah, but identifying a sale is not naming a forum. Naming "a more appropriate state would amount to a consent to personal jurisdiction there," *ISI Int'l*, 256 F.3d at 552, and Magic Matrix has never said it will answer this suit in Utah. Nor could a bare statement of consent do the work: a defendant cannot "simply use a 'unilateral statement of consent' to preclude application of Rule 4(k)(2)" and thereby "achieve transfer into a forum it considers more convenient (or less convenient for its opponent)." *In re Stingray IP Sols., LLC*, 56

F.4th 1379, 1384 (Fed. Cir. 2023). Magic Matrix has never explained why one accused order shipped to Utah opens the courts of Utah to this suit while two orders shipped to Chicago leave the courts of Illinois closed. Absent an independent basis for jurisdiction in the named forum, "neither forum is manifestly more appropriate than the other," and there is "little reason to conclude that the defendant's preference should prevail when choosing among districts of equivalent jurisdictional competence based on equal contacts—or lack thereof—with the defendant." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1295 (Fed. Cir. 2012).

Notably, the Seventh Circuit has observed that when jurisdiction is based on Rule 4(k)(2) "it is impossible (by definition) to send the litigation to another state." *ISI Int'l*, 256 F.3d at 553. If Magic Matrix is not amenable to suit in any State, as it suggests, Rule 4(k)(2) supplies jurisdiction here, and there is no other forum to which the case could be transferred. If instead the Court concludes that Magic Matrix's consent or identification of Utah renders suit more appropriate there than here, then 28 U.S.C. §§ 1404(a) and 1631 supply the remedy: transfer, not dismissal. *See Stingray*, 56 F.4th at 1386 (noting that the Advisory Committee Notes "make clear that Rule 4(k)(2) was not intended to 'affect the operation of federal law[s] providing for the change of venue,' §§ 1404(a), 1406, 1631, but was instead envisioned to work in harmony with those provisions"). What Magic Matrix may not do is decline every forum into which it directed its business and be answerable in none.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Motion to Dismiss [53] be denied.

DATED: August 27, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on August 27, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt