# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Sally Walsh

Plaintiff,

v.

Case No.: 1:26−cv−06675
Honorable Mary M. Rowland

The Partnerships and Unincorporated Associations Identified on Schedule A, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, August 12, 2026:

MINUTE entry before the Honorable Mary M. Rowland: Defendant Magic Matrix Technology, Co. LTD's ("Magic Matrix") motion to dismiss [26] is denied. Magic Matrix raises two issues in its motion: lack of personal jurisdiction and improper joinder. As to personal jurisdiction, Plaintiff has made a prima facie showing of personal jurisdiction based the sale and shipment of an allegedly infringing product to this district. [25]. While Magic Matrix contends that a "test purchase&quo;t; by Plaintiff is insufficient because it amounts to Plaintiff "manufacturing" personal jurisdiction, this contention was rejected in NBA Props., Inc. v. HANWJH, 46 F.4th 614 (7th Cir. 2022). There, the Seventh Circuit found unpersuasive the defendant's argument that the plaintiff manufactured jurisdiction by having its agent purchase an infringing product. Id. at 624. The Seventh Circuit explained the plaintiff's "motivations in purchasing the allegedly illegal item [were] in no way relevant to an assessment of whether [defendant] has established sufficient contacts to sell its products to Illinois residents." Id. In other words, the defendant had "shipped a product to the forum only after it had structured its sales activity in such a manner as to invite orders from Illinois." Id. at 625. The same applies here. Magic Matrix set up an online store, asserted a willingness to ship goods to Illinois via that online store, and when an order was placed by Plaintiff's agent, it filled the order and shipped an infringing product to Illinois. [1] 4; [16−3] 9; [17−1] at 12−13; [25]; [28−1] 4−9. By doing so, Magic Matrix structured its activities to target Illinois and should have known that it could be subject to this Court's jurisdiction when it shipped a product this forum. As to improper joinder, Plaintiff submits evidence showing that Magic Matrix and co−defendant storefronts each load the accused product's image from an identical web address and content−delivery network. [28−1] 8. Plaintiff also presents evidence that eighteen of the defendant storefronts, including Magic Matrix, have associated PayPal accounts that are linked to a common email address as well as other evidence supporting an inference of common ownership between Magic Matrix and other co−defendants. Id. 9−11. Magic Matrix presents no rebuttal evidence. Accordingly, at least at this stage in this case, Plaintiff have presented sufficient facts and evidence demonstrating the requirements of Fed. R. Civ. P. 20 are met. Mailed notice. (vjd, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.