**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALISON FRIEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 26 C 5581 |
| | ) | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) | Judge Charles P. Kocoras |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Alison Friend's motion for preliminary injunction against Defendant amoiss.com [28] is denied to the extent seeks an overbroad asset restraint but granted in all other respects. The asset restraint will be limited to $38.48. Plaintiff is instructed to submit a revised preliminary injunction order by October 30, 2026. The Court will sever the claims against Defendant amoiss.com into a separate action. In doing so, Plaintiff will be required to pay a new filing fee. The Court will transfer documents in this action to that new matter. Before issuing the severance order, however, the Court will wait to see if Plaintiff and Defendant can resolve this matter. By November 6, 2026, the parties shall file a joint status report on whether this matter can be resolved prior to the Court requiring the Clerk to open a new case. See Statement for details.

**STATEMENT**

## I. Background

Friend is an artist and the owner of thirteen federal copyright registrations that protect the creative content of her animal illustrations. Defendants, including amoiss.com, are foreign entities who allegedly sell or offer for sale products in connection with Friend's illustrations.


amoiss.com's Alleged Infringing Shirt



Friend's Copyrighted Artwork

Dkt. # 60-3, 68-3.

To protect her illustrations and copyrights, Friend filed this action against 34 defendants, including amoiss.com, alleging "each Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, and public display under the Copyright Act." Dkt. # 1, ¶ 20; 17 U.S.C. §§ 106(1), (2), (3), (5).

The Court granted Friend's *ex parte* motion for a temporary restraining order ("TRO") on May 15, 2026. The TRO was extended through June 12, 2026, and Friend moved for preliminary injunction on May 28, 2026. On June 10, 2026, amoiss.com appeared and moved for leave to file an opposition to the motion for preliminary

injunction. The same day, the Court granted the motion for preliminary injunction against all but three defendants, including amoiss.com. On June 12, 2026, amoiss.com filed its response in opposition to the motion for preliminary injunction. Friend thereafter filed her reply on July 1, 2026.

## II. Legal Standard

A preliminary injunction is "an extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc*. 555 U.S. 7, 24 (2008). "To obtain a preliminary injunction, a plaintiff must show that it is likely to succeed on the merits, and that traditional legal remedies would be inadequate, such that it would suffer irreparable harm without the injunction." *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). "The two most important considerations are likelihood of success on the merits and irreparable harm." *Bevis v. City of Naperville*, 85 F.4th 1175, 1188 (7th Cir. 2023). Once the plaintiff has made this showing, the Court balances "the harm of denying an injunction to the plaintiff against the harm to the defendant of granting one." *Id.* The Court also considers the public interest. *Id*

## III. Discussion

### a. Preliminary Injunction

#### i. Likelihood of Success on the Merits

"To establish copyright infringement, one must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007)

(internal quotations and citations omitted). Friend alleges she owns thirteen registered copyrights and that amoiss.com listed and sold infringing products. Friend provided pictures of her artwork and the alleged infringing shirt (see above). Amoiss.com does not address the likelihood of success on the merits in its opposition or dispute Friend's contentions as to this element. As such, the Court finds Friend has demonstrated likelihood of success of the merits.

**ii. Irreparable Harm**

Friend need only show a minimal likelihood of irreparable harm to warrant renewed injunctive relief. *See Antsy Labs, LLC v. Individuals, Corps., Ltd. Liab. Companies, P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2022 WL 17176498, at *4 (N.D. Ill. 2022). Although there is no presumption of irreparable harm, *see id*., Friend has made an adequate showing.

Friend has demonstrated irreparable harm through the inability to control creative content protected by the copyright, devaluation of her works by associating them with inferior quality goods, and the questionable future ability to develop further artwork and markets for the works if the public develops an impression that infringement may be undertaken with impunity. Dkt. # 14, at 10–11; *see Antsy Labs, LLC*, 2022 WL 17176498 at *3 (finding irreparable harm where the plaintiff demonstrated harm to "goodwill, reputation, brand confidence, potential lost market share, and relinquished control of nature and quality of germane products in connection with their copyright."). "[I]t is well established that the loss of goodwill and reputation,

if proven, can constitute irreparable harm." *Life Spine, Inc.,* 8 F.4th at 546; *see also* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2948.1 (3d ed. 2002 & April 2021 Supp.) ("Injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable.").

Amoiss.com argues that because it ceased selling the accused product and sworn to not sell it again in the future, there is no likelihood of irreparable harm. However, "cessation of an unlawful practice doesn't exonerate a defendant, since unless enjoined he might resume infringing." *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 762 (7th Cir. 2012). As such, "a bare promise by a party during litigation to discontinue past or ongoing misconduct 'does not justify denial of injunctive relief, since such unilateral action hardly suffices to ensure that the party will not, in the future, reverse course and resume its challenged activities.'" *Bose Corp. v. The P'ships Identified on Schedule A*, 2026 WL 2364450, at *4 (N.D. Ill. 2026) (quoting *3M Co. v. CovCare, Inc.*, 537 F. Supp. 3d 385, 404 (E.D.N.Y. 2021)). Given the Court will not rest on a bare promise, Friend has shown a likelihood of irreparable harm to warrant continued injunctive relief.

**iii. Public Interest**

A preliminary injunction would serve the public interest. Given the similarity between the allegedly infringing shirt and Friend's artwork, Friend has demonstrated a likelihood of confusion from amoiss.com's use of Friend's artwork. The Court finds that the public interest would be served by an injunction to prevent such confusion. *See Ty, Inc. v. GMA Accessories, Inc.*, 959 F. Supp. 936, 945 (N.D. Ill.) ("[T]he public should

not be deceived into participating in 'competition' by purchasing one product, thinking it is a different product. Confusion in the marketplace and of consumers inevitably results from copyright infringement."), *aff'd*, 132 F.3d 1167 (7th Cir. 1997).

"[T]he public interest is served by upholding copyright protections against those who would seek to misappropriate protected works." *In re Aimster Copyright Litig.*, 252 F. Supp. 2d at 665. "[C]opyright laws embody a policy of encouraging creativity[;]" a public interest. *Id*. at 648. To encourage artists such as Friend, granting a preliminary injunction is favored. *See id.* In sum, the public's interest in avoiding confusion in the marketplace and in encouraging creativity for artists such as Friend weighs in favor of preliminary injunction.

**iv. Balance of Harms**

However, the balance of harms is not supportive of a preliminary injunction, in the form Friend has proposed. The Court must "balance[ ] the respective irreparable harms that may result to each party if an injunction is granted or denied." *Ty, Inc. v. Jones Grp., Inc.,* 237 F.3d 891, 902 (7th Cir. 2001). "The strength of the moving party's likelihood of success on the merits affects the balance of harms. The more likely it is that the moving party will win its case on the merits, the less the balance of harms need weigh in its favor." *Planned Parenthood of Ind., Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012) (cleaned up).

Amoiss.com contends the hardship imposed by renewing the freeze of its restrained account is disproportionately high. Amoiss.com says it only made $38.48

from the infringing product, an amount so minimal that freezing a large account would impose great hardship. Amoiss.com's restrained account identified by Friend in the previous TRO contains $17,625.67. Amoiss.com provides screenshots of its store account, which display one sale of the infringing shirt and its price, and a declaration that its assets, other than the $38.48, are not connected to the alleged infringement.

An asset freeze is available where a plaintiff seeks an equitable remedy, as Friend seeks here such as accounting and profits. *Lorillard Tobacco Co. v. Montrose Wholesale Candies*, 2005 WL 3115892, at *13 (N.D. Ill. 2005). However, the Court shares amoiss.com's concerns that a freeze of $17,625.67 is too far reaching and may very well reach beyond Friend's equitable remedy entitlement.

Friend argues that amoiss.com has the burden to present evidence exempting assets from an asset freeze, and amoiss.com provided insufficient evidence. However, in the cases relied on by Friend, the defendants had moved for modification of an existing asset freeze, rather than the plaintiff moving for preliminary injunction. *See Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015); *Antsy Labs, LLC*, 2022 WL 17176498, at *4; *Johnson & Johnson v. Advanced Inventory Mgmt., Inc.*, 2020 WL 8260381, at *2 (N.D. Ill. 2020). In this case, the TRO expired, there is no current asset freeze in place, and Friend is the moving party for this preliminary injunction. Therefore, it is Friend's burden to identify the proceeds it seeks to enjoin with a sufficient degree of specificity. *See Stanley Black & Decker, Inc. v.*

*P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 2026 WL 2454301, at *5 (N.D. Ill. 2026). Friend has not done so and instead seeks a blanket asset freeze.

Friend contends that although amoiss.com claims it only made $38.48 in profit, this is unreliable and without a full transaction log for the account, the whole account should be frozen. However, "it is not reasonable to freeze any and all of defendant-storefronts' assets—on the theory that the amount of their profits is unknown—when, as far as the Court knows, [Plaintiff] has made no effort to calculate those profits." *WHAM-O Holding, Ltd. et al. v. The Individuals, Corps., Ltd. Liab. Cos., P'ships and Unincorporated Ass'ns Identified in Schedule A*, Case No. 24-cv-12523 (N.D. Ill. Feb. 20, 2025), Dkt. # 38, at 6 (Alexakis, J.). *See also Stanley Black & Decker, Inc.,* 2026 WL 2454301, at *5 (finding the asset restraint reasonable for a preliminary injunction when the plaintiff presented evidence of the defendants' revenue from infringing products). With some discovery, Friend could ascertain the profits and ask the Court to impose a propositional asset restraint, if warranted. This is the more appropriate path. *See Takayoshi v. The Individuals, Corps., Ltd. Liab. Cos., P'ships and Unincorporated Ass'ns Identified on Schedule A Hereto*, Case No. 19-cv-5317 (N.D. Ill. Aug. 29, 2019), Dkt. # 42, at 4 ("[T]he appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief.") (Chang, J.).

Despite Friend's likelihood of success on the merits, among other considerations, Friend has not identified amoiss.com's proceeds from the infringement it seeks to enjoin

with sufficient specificity. The asset restraint sought on the entire restrained account is too burdensome given the lack of evidence provided. Because the harm of an overbroad asset restraint is significant, the balance of harms weighs against a preliminary injunction, but only in the form Friend has proposed. A limited asset restraint would tip the balance back in Friend's favor. As such, the Court will grant the motion for preliminary injunction, but the asset restraint will be limited to $38.48—for now.

Should discovery uncover relevant, contradictory evidence of additional profits, Friend may move to modify the asset restraint with more specific evidence.

For all of these reasons, Friends's motion for preliminary injunction against amoiss.com is granted in part and denied in part.

**b. Amoiss.com's Request for Dismissal**

As a separate matter, in opposing Friend's motion, amoiss.com argues the claims against it should be dismissed for insufficient service of process and improper joinder. Both arguments are unpersuasive.

**i. Insufficient Service of Process**

Amoiss.com argues that under the Hague Service Convention and *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co*., it was not properly served, and thus there is no personal jurisdiction, injunctive relief cannot be granted, and the case should be dismissed. *See* 177 F.4th 793, 800–02 (7th Cir. 2026).

Under Rule 65(a), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Notice, not formal service of process,

is required. *See H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 842, 846 (7th Cir. 2012); *Netflix, Inc. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2026 WL 2676795, at *3 (N.D. Ill. 2026); *Stanley Black & Decker, Inc.*, 2026 WL 2454301, at *5.

Here, Friend filed her complaint and moved for service by email on May 14, 2026. The Court granted that motion on May 15, 2026, and Friend sent out service of process the same day to the e-mail addresses associated with Defendants' accounts at the Amazon, Temu, SHEIN, and PayPal marketplaces.[1] On May 28, 2026, Friend moved for the entry of a preliminary injunction. Amoiss.com appears to have received those emails, given that it then entered its appearance and sought leave to file an opposition to the preliminary injunction on June 10, 2026. On June 12, 2026, amoiss.com filed its opposition. Given these actions, amoiss.com clearly had notice of Friend's motion for preliminary injunction and Rule 65(a) was satisfied. *See Stanley Black & Decker, Inc.*, 2026 WL 2454301, at *5 (where counsel for defendants appeared and had opportunity to oppose the preliminary injunction, the Court found adequate notice was present).

[1] The Court granted the motion for electronic service on May 15, 2026, and the Seventh Circuit Court of Appeals issued its opinion in *Kangol LLC* clarifying the standard for service under Hague Convention on May 29, 2026. *See* 177 F.4th 793. Given *Kangol*'s holding and that the motion was granted without the benefit of adversarial presentation, the Court is willing to entertain argument on the issue of service if properly raised in a motion to dismiss. For purposes of the instant motion, what matters is notice, which aomiss.com received.

As to improper service and personal jurisdiction beyond the preliminary injunction, amoiss.com may raise those issues in a motion to dismiss. *See id.* (directing defendants to raise improper service under the Hague Convention in a motion to dismiss, not at the preliminary injunction stage).

**ii. Improper Joinder**

Under Rule 20(a)(2), defendants may be joined if, (1) the claims asserted against them arise "out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Here, Friend bears the burden of demonstrating joinder is proper under Rule 20(a)(2). *See Damian v. EIN CAP, Inc.*, 2023 WL 2561586, at *2 (N.D. Ill. 2023). The Court has wide discretion in determining joinder of parties and joinder is strongly encouraged to promote judicial efficiency. *Id.*; *see also Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) ("The purpose of Rule 20(a) in permitting joinder . . .is to enable economies in litigation[.]").

Friend alleges all 34 named Defendants are operating under the same series of occurrences. She argues amoiss.com is part of "a cluster of sellers all gravitating toward the same small portfolio of copyrighted works owned by Plaintiff." Dkt. # 68, at 7. However, this kind of similar infringement by multiple defendants, does not necessarily make each instance part of the same occurrence.[2] Here, there are numerous distinct

[2] This case is distinguishable from *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, where the Court found with many small injuries originating from numerous unrelated defendants, the defendants create a "swarm," and joinder was proper. 334 F.R.D. 511,

defendants, and even though the harm (copyright infringement) may look similar, Friend must allege something more. "While the law of joinder does not necessarily require temporal overlap or specific knowledge of other defendants, it does require more than mere allegations that two or more unrelated defendants stole the same product in the same way without ever interacting with one another." *Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *13 (N.D. Ill. 2013); *see Chrome Hearts LLC*, 2026 WL 1382792, at *5. "[C]ommitting the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014); *see also Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 985 (N.D. Ill. 2024). This is all Friend has alleged, and thus joinder of amoiss.com was improper.

However, the relief amoiss.com seeks—dismissal of Friend's claims with prejudice for improper joinder—is not appropriate. *See UWM Student Ass'n*, 888 F.3d at 857. Instead, the Court shall address the violation of Rule 20(a) through severance. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Bose Corp. v. P'ships Identified on Schedule A*, 2026 WL 2364450, at *6 (N.D. Ill. 2026)

517 (N.D. Ill. 2020). However, where defendants appear and challenge joinder, they distinguish themselves from the swarm and should be severed. *Chrome Hearts LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2026 WL 1382792, at *4 (N.D. Ill. 2026). This is the case here where amoiss.com has distinguished itself from the swarm as a distinct entity with no connection to the other defendants.

("Severance is the better course here because dismissal would lift the preliminary injunction."). Amoiss.com's request for dismissal for improper joinder is denied.

## CONCLUSION

Plaintiff Alison Friend's motion for preliminary injunction against Defendant amoiss.com [28] is denied to the extent seeks an overbroad asset restraint but granted in all other respects. Friend is directed to file a revised proposed preliminary injunction order with an asset restraint provision limited to profits from sales of the infringing product, $38.48, by October 30, 2026. Friend may file a future motion to amend the preliminary injunction's asset restraint provision if limited discovery uncovers relevant evidence of additional profits.

Because the Court finds joinder of Defendant amoiss.com was improper, the Court will sever the claims against Defendant amoiss.com into a separate action. In doing so, Friend will be required to pay a new filing fee. The Court will transfer documents in this action to that new matter. Before issuing the severance order, however, the Court will wait to see if Plaintiff and amoiss.com can resolve this matter. By November 6, 2026, the parties shall file a joint status report on whether this matter can be resolved prior to the Court requiring the Clerk to open a new case.

It is so ordered.

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Date: October 22, 2026