**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**PLAINTIFF'S MOTION FOR CLARIFICATION OF THE COURT'S ORDER [102]**

Plaintiff, Alison Friend ("Friend" or "Plaintiff"), respectfully moves for clarification of the Court's October 21, 2026 Order [102] (the "Order"), which directs severance of Friend's claims against Defendant Nos. 28 favomens.com and 29 lacemylife.com (collectively, "Magic Matrix") into a separate action. Friend will pay the required filing fee and file a complaint limited to Magic Matrix. This motion asks the Court to confirm whether the severed action continues the claims filed on May 14, 2026, and whether the asset restraint, the pending preliminary-injunction motion, and the discovery record already built concerning Magic Matrix travel with the claims into the new docket. These clarifications will implement the severance ruling and permit the litigation to proceed from its present posture.

**BACKGROUND**

Friend commenced this action and paid the filing fee on May 14, 2026. [1]. The Court entered a Temporary Restraining Order ("TRO"), and Friend posted a $10,000 bond. [18]; [22]. Magic Matrix appeared through counsel on May 29, 2026. [33]. On June 3, 2026, the Court entered the Agreed Asset Restraint Order [37], directing PayPal to continue to restrain $10,000 in each of

Magic Matrix's PayPal accounts "until final disposition of this case." [37] at 1. That order also binds Magic Matrix to the TRO's injunctive provisions "for the pendency of this litigation or until further order of the Court." *Id.*

The Court continued Friend's preliminary-injunction motion [28] as to Magic Matrix and amoiss.com. [47]. Magic Matrix opposed the motion and submitted a declaration and sales summary reporting limited sales of the accused products. [63]; [63-1]; [63-2]. The Court subsequently granted Friend's motion to stay briefing and conduct limited fact discovery. [76]; [80]. Friend served written discovery on July 17, 2026. [88] at 3; [89] at 2. The parties' respective positions concerning the sufficiency of Magic Matrix's responses and production are set out in their status reports. [88] at 3, 5–7; [89] at 2–6.

In Order [102], the Court denied Magic Matrix's Rule 12(b)(2) motion [53], holding that Friend made a *prima facie* showing of specific jurisdiction. [102] at 5–9. The Court found Magic Matrix misjoined but held that the dismissal Magic Matrix sought "is not appropriate" and elected instead to "address the violation of Rule 20(a) through severance." *Id.* at 10. The Order directs the Clerk to open *Alison Friend v. lacemylife.com and favomens.com* as a related case before this Court and Magistrate Judge Jantz, and it requires Friend "to pay a filing fee for this matter to be established and to file a complaint limited to the allegations against Magic Matrix." *Id.* at 11. The Order does not specify which filings and orders will be placed on the severed docket or how pending proceedings will continue there. In the subsequent order concerning amoiss.com, the Court expressly provided that it "will transfer documents in this action to that new matter." [103] at 13.

## ARGUMENT

### I. Severance Under Rule 21 Continues the Action; It Does Not Dismiss It.

Under Rule 21, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Rather, the court may, "on just terms, add or drop a party," or it "may also sever any claim against a party." *Id.* A party dropped from a suit is dismissed, and a suit dismissed without prejudice is treated "as if it had never been filed." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). A severed claim is never dismissed at all: "When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *Lee v. Cook Cnty.*, 635 F.3d 969, 971 (7th Cir. 2011); *accord UWM Student Ass'n v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018) (quoting *Lee*). A severed suit thus continues the original suit as to the severed party, including the effect of the original filing date. *Elmore*, 227 F.3d at 1012.

That treatment is consistent with the authorities cited in the Order. In *Lee*, the district court found the plaintiffs' claims too disparate to proceed together, dismissed the complaint without prejudice, and gave the plaintiffs forty days to file individual suits. 635 F.3d at 971. The Seventh Circuit held that the order "dismissing the original suit and directing [counsel] to file new actions violated Rule 21." *Id. Lovell*, on which this Court relied, followed *Lee* in holding that "[t]he proper remedy for violations of Rules 18 and 20 is severance or dismissal without prejudice." 888 F.3d at 864. *Wheeler v. Wexford Health Sources, Inc.* likewise identifies severance and dismissal of excess defendants as alternative remedies. 689 F.3d 680, 683 (7th Cir. 2012). Friend seeks clarification of the remedy the Court chose, rather than reconsideration of its joinder ruling.

This Court expressly rejected dismissal and held that "the Court shall address the violation of Rule 20(a) through severance." [102] at 10. The Court's ruling the next day on amoiss.com

expressly provided for the transfer of documents to the new matter. [103] at 13. Accordingly, Friend requests confirmation that the claims against Magic Matrix remain pending without interruption and retain their May 14, 2026 commencement date and all relief entered to date while those steps are completed. This will align the new docket with the Court's decision to sever.

The Court's treatment of amoiss.com provides a practical model. A transfer direction here would identify the record on which the parties and the Court will proceed and avoid duplicate filings. An amended complaint in the severed action should not disturb the relief already in place. The Agreed Asset Restraint Order [37] and the TRO provisions it preserves should remain in force without interruption. Likewise, briefing on the preliminary-injunction motion [28] as to Magic Matrix, stayed pending the discovery authorized in [80], should resume in the severed action from its present posture.

## II. The Restraint, the Pending Motion, and the Record Concerning Magic Matrix Should Continue in the Severed Action.

The Agreed Asset Restraint Order should remain effective on its existing terms. Magic Matrix agreed that PayPal would hold $10,000 in each account "until final disposition of this case" and that Magic Matrix would remain bound by the TRO's injunctive provisions "for the pendency of this litigation." [37] at 1. Without confirmation that the order carries over, terminating Magic Matrix from this docket could be read as the "final disposition" of "this case" as to Magic Matrix, and the agreed order could be argued to have lapsed by operation of the docket rather than by any ruling of the Court.

The Court recognized that concern in selecting severance for amoiss.com, explaining that severance is the better course where "dismissal would lift the preliminary injunction." [103] at 12–13 (quoting *Bose Corp. v. P'ships Identified on Schedule A*, 2026 WL 2364450, at *6 (N.D. Ill. Aug. 14, 2026)); *accord Roadget Bus. Pte. Ltd. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, &*

*Unincorporated Ass'ns Identified on Schedule A Hereto*, 735 F. Supp. 3d 981, 986–87 (N.D. Ill. 2024) (severing rather than dismissing because dismissal would lift the TRO); *Laika, LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 25 C 10829, 2026 WL 1353809, at *1 (N.D. Ill. May 15, 2026) (rejecting dismissal that would lift the injunction in light of "*Elmore's* command to avoid 'gratuitous harm' to the plaintiff"). A severance administered as a dismissal would produce the very result the Court's choice of severance was meant to avoid. *See Elmore*, 227 F.3d at 1012. The Court retains authority to address the pending motion and any properly presented request to modify relief in the severed action.

The pending preliminary-injunction motion and the discovery built around it likewise belong in the severed action. The Court continued that motion as to Magic Matrix, [47], and stayed briefing on Magic Matrix's opposition so that its sworn claim of minimal sales could be tested in discovery. [80]. The motion as it concerns Magic Matrix, Magic Matrix's opposition and declaration, [63], and the discovery served under [80] comprise the proceedings between these parties. Requiring Friend to refile the motion and re-serve the discovery in a new docket would accomplish nothing but delay, and it would reward the very resistance that has kept Magic Matrix's complete sales records out of the record for more than three months. Because severance creates a new docket number "for the action already on file," *Lee*, 635 F.3d at 971, the Clerk need only docket in the severed action the filings that concern Magic Matrix, and the Court need only confirm that the orders entered against Magic Matrix remain in force there. The proposed order, which Friend will submit to chambers in Word format under the Court's procedures, identifies those filings and deems the remainder of the record concerning Magic Matrix part of the severed action. Friend also asks that Magic Matrix be terminated from this action only once the severed docket is

open and those filings are on it, so that there is no interval in which the claims and the restraint exist on neither docket.

### III. The Limited Complaint and Filing Fee Will Implement the Severance Ruling.

Friend requests confirmation that the complaint limited to Magic Matrix may be filed as an amended complaint in the severed action. In *Chrome Hearts LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, which the Court cited in finding misjoinder, the court directed the plaintiff to file an amended complaint in the new case limited to the severed defendants. No. 26 C 497, 2026 WL 1382792, at *5 (N.D. Ill. May 18, 2026). Friend's proposed pleading would likewise retain the same claims against Magic Matrix arising from the conduct alleged in the original complaint. Magic Matrix has appeared through counsel who receives CM/ECF notice, so the amended complaint may be served electronically without a new summons, Fed. R. Civ. P. 5(b)(2)(E).

## CONCLUSION

The Court ordered severance, not dismissal, and Rule 21 requires that a severed claim continue on the docket it is given rather than begin again. Friend respectfully requests that the Court grant this motion and enter the proposed order submitted to chambers, clarifying that (a) the severed action is a continuation of this action as to Magic Matrix, commenced May 14, 2026; (b) the Agreed Asset Restraint Order [37] and the TRO provisions it preserves remain in full force, unchanged, in the severed action, subject to further order of the Court; and (c) the motion for preliminary injunction [28], the stay and discovery authorization entered at [80], the discovery served under it, and the Court's rulings on [53] carry over to the severed action.

DATED: October 29, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on October 29, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt