**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALISON FRIEND,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-05581

Judge Charles P. Kocoras

Magistrate Judge Beth W. Jantz

**ORDER ON PLAINTIFF'S MOTION [104] FOR**
**CLARIFICATION OF THE COURT'S ORDER OF OCTOBER 21, 2026 [102]**

Before the Court is Plaintiff Alison Friend's Motion for Clarification [104] of the Court's Order of October 21, 2026 [102] (the "Order"). The motion is granted. The Order is clarified as follows:

1. The claims against Defendant Nos. 28 favomens.com and 29 lacemylife.com (together, "Magic Matrix") are severed under Fed. R. Civ. P. 21. They are not dismissed or dropped. The severed action, *Alison Friend v. lacemylife.com and favomens.com* (1:26-cv-13263), is a continuation of this action as to Magic Matrix, is deemed commenced on May 14, 2026, and shall proceed before this Court and Magistrate Judge Jantz as a related case. Plaintiff's claims against Magic Matrix remain pending without interruption.

2. The Clerk shall docket in the severed action (1:26-cv-13263) copies of the following filings from this action: the Complaint [1] and Schedule A [2]; the Temporary Restraining Order [18] and the Order Extending the Temporary Restraining Order [27]; the Surety Bond [22]; Plaintiff's Motion for Preliminary Injunction and supporting memorandum [28], [29]; Magic Matrix's attorney appearance [33]; the Agreed Asset Restraint Order [37]; the minute entries at

[40], [47], and [80]; Magic Matrix's Response to the Motion for Preliminary Injunction and its attachments [63]; Plaintiff's Motion to Stay Briefing and for Leave to Conduct Limited Fact Discovery [76]; the parties' status reports on limited fact discovery [88], [89]; Magic Matrix's Motion to Dismiss [53] and the briefing on it [81], [85], [96]. All other filings in this action concerning Magic Matrix are deemed part of the record of the severed action.

3. The Agreed Asset Restraint Order [37], including the provisions of the Temporary Restraining Order [18] that it continues as to Magic Matrix, and the bond posted by Plaintiff [22], remain in full force and effect in the severed action until further order of the Court. Severance of the claims against Magic Matrix is not a "final disposition" of those claims within the meaning of [37].

4. Plaintiff's Motion for Preliminary Injunction [28] remains pending as to Magic Matrix in the severed action. The stay of briefing and the authorization of limited fact discovery entered at [80] continue in the severed action. The discovery served under [80], Magic Matrix's responses and objections to it, and the parties' positions concerning it are preserved, and any motion concerning that discovery may be filed in the severed action.

5. The Court's rulings on Magic Matrix's Motion to Dismiss [53], as set out in the Order [102], govern the severed action.

6. Within seven (7) days after the Clerk assigns a case number to the severed action, Plaintiff shall pay the filing fee and file in the severed action an amended complaint limited to her claims against Magic Matrix. The amended complaint relates back to May 14, 2026, and may be served on Magic Matrix's counsel of record through CM/ECF under Fed. R. Civ. P. 5(b)(2)(E); no new summons is required. Magic Matrix shall answer or otherwise respond within the time provided by Fed. R. Civ. P. 15(a)(3). Payment of the filing fee is an administrative step in opening

the severed docket and is not a condition of the continued pendency of Plaintiff's claims or of the orders identified above.

7. Upon the docketing of the severed action and of the filings identified in Paragraph 2, the Clerk shall terminate Magic Matrix as parties to this action.

It is so ordered.

ENTERED:

Charles P. Kocoras

Charles P. Kocoras
United States District Judge

October 30, 2026