**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALISON FRIEND,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:26-cv-05581<br><br>**Judge Charles P. Kocoras**<br><br>**Magistrate Judge Beth W. Jantz** |

**JOINT STATUS REPORT PURSUANT TO ORDER [103]**

Plaintiff Alison Friend ("Friend" or "Plaintiff") and Defendant No. 22 aomiss.com ("aomiss.com," and with Plaintiff, the "Parties") submit this Joint Status Report under the Court's October 22, 2026 Order, which directed the Parties to report by November 6, 2026 "on whether this matter can be resolved prior to the Court requiring the Clerk to open a new case." [103] at 13. The Parties have not resolved Plaintiff's claims against aomiss.com and do not expect to resolve them before the Court acts on severance. They respectfully request that the Court proceed with the severance it has ordered, on the terms set out in Part III, which track the Court's October 30, 2026 order severing Plaintiff's claims against Defendant Nos. 28 favomens.com and 29 lacemylife.com. [106].

## I. Settlement Discussions

After the Court entered its Order, counsel for the Parties exchanged settlement proposals by email. The Parties were unable to reach agreement, and on November 5, 2026, aomiss.com declined Plaintiff's most recent proposal in this action. The Parties remain willing to continue those discussions, but they do not believe that further negotiation will resolve this matter before the Court enters its severance order.

## II. Status of the Action

Following the voluntary dismissals entered on September 15, 2026, and the severance of Plaintiff's claims against Defendant Nos. 28 and 29 into Case No. 1:26-cv-13263, aomiss.com is the only defendant remaining in this action. [100] at 1; [101]; [106] ¶¶ 1, 7. In its October 22 Order, the Court granted Plaintiff's Motion for Preliminary Injunction [28] as to aomiss.com in all respects except the scope of the asset restraint, which the Court limited to $38.48, the profits from aomiss.com's sale of the accused product. [103] at 9, 13. The Court also denied aomiss.com's request to dismiss the claims against it for improper joinder and elected instead to sever those claims into a separate action. *Id.* at 11–13.

On October 22, 2026, Plaintiff provided the Order to PayPal, Inc. and requested that PayPal reduce the restraint on aomiss.com's account to $38.48. Plaintiff has submitted to chambers the revised proposed preliminary injunction order, limiting the asset restraint to $38.48, as the Court directed. [103] at 13.

## III. Proposed Terms of Severance

The Court has determined that it will sever the claims against aomiss.com into a separate action, require a new filing fee, and "transfer documents in this action to that new matter." [103] at 13. To ensure that the claims, the preliminary injunction, and the record move into the new action without interruption, the Parties respectfully request that the severance order follow the terms the Court entered as to Defendant Nos. 28 and 29. [106].

<u>Severance and Continuation.</u> The claims against aomiss.com would be severed under Federal Rule of Civil Procedure 21, not dismissed or dropped. The severed action would be a continuation of this action as to aomiss.com, deemed commenced on May 14, 2026, and would proceed before this Court as a related case. *See* [106] ¶ 1. Plaintiff's claims against aomiss.com would remain pending without interruption. *See id.*

Record. The Clerk would docket in the severed action copies of the following filings from this action: the Complaint [1] and Schedule A [2]; the Temporary Restraining Order [18] and the Order Extending the Temporary Restraining Order [27]; the Surety Bond [22]; Plaintiff's Motion for Preliminary Injunction and supporting memorandum [28], [29]; the attorney appearances for aomiss.com [42], [43]; aomiss.com's motion for leave to file its opposition [44] and the minute entries at [46] and [47]; aomiss.com's Response [49] and the Declaration of Xinyu Zou and its exhibits [50]; Plaintiff's Reply and its exhibits [68]; the Court's Order [103]; and the revised preliminary injunction order as to aomiss.com, once entered. All other filings in this action concerning aomiss.com would be deemed part of the record of the severed action. *See* [106] ¶ 2.

Preliminary Injunction and Bond. The preliminary injunction as to aomiss.com, including the asset restraint of $38.48, and the bond posted by Plaintiff [22] would remain in full force and effect in the severed action until further order of the Court, and severance would not constitute a final disposition of Plaintiff's claims against aomiss.com. *See* [106] ¶ 3; [103] at 12–13 (electing severance because dismissal would lift the preliminary injunction). Plaintiff's ability to move to modify the asset restraint, should discovery uncover additional profits, would likewise carry into the severed action. *See* [103] at 9, 13.

Pleadings. Within seven (7) days after the Clerk assigns a case number to the severed action, Plaintiff will pay the filing fee and file in that action an amended complaint limited to her claims against aomiss.com. The amended complaint would relate back to May 14, 2026, and could be served on aomiss.com's counsel of record through CM/ECF under Federal Rule of Civil Procedure 5(b)(2)(E), without a new summons. Defendant aomiss.com would answer or otherwise respond within the time provided by Federal Rule of Civil Procedure 15(a)(3). *See* [106] ¶ 6.

Termination. Upon the docketing of the severed action and of the filings identified above, the Clerk would terminate aomiss.com as a party to this action. *See* [106] ¶ 7. Because Plaintiff has voluntarily dismissed or severed her claims against every other defendant named in Schedule A, no claims would then remain pending in this action after aomiss.com is severed into its own case. *See* [52]; [74]; [79]; [83]; [87]; [98]; [101]; [106] ¶ 1.

The Court deferred its severance order only to see whether the Parties could resolve this matter. [103] at 13. They have not. The Parties therefore respectfully request that the Court sever Plaintiff's claims against aomiss.com on the terms set out above, consistent with its order at [106], so that the case proceeds in the new action from its present posture.

DATED: November 6, 2026

Respectfully submitted

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

*/s/ Jian Wang*
Jian Wang
The Law Office of X. Lyu, PLLC
36-36 Prince Street, 3rd Floor, Suite 309A
Flushing, New York 11354
Telephone: (212) 812-8253
E-mail: jwang@lyulawpllc.com

***ATTORNEY FOR DEFENDANT NO. 22 AOMISS.COM***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on November 6, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ *Keith A. Vogt*
Keith A. Vogt, Esq.