**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ALISON FRIEND,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:26-cv-05581<br><br>**Judge Charles P. Kocoras**<br><br>**Magistrate Judge Beth W. Jantz** |

**PRELIMINARY INJUNCTION ORDER**
**AS TO DEFENDANT NO. 22 AOMISS.COM**

Plaintiff ALISON FRIEND ("Friend" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction [28] against the fully interactive, e-commerce store operating under the seller alias identified in Schedule A to the Complaint as No. 22 aomiss.com ("Defendant") and the online marketplace account identified for Defendant in Schedule A (the "Defendant Internet Store"). The Court granted the Motion as to the other Defendants and continued it as to Defendant. [47]; [48]. After reviewing the Motion, Defendant's Response [49] and the Declaration of Xinyu Zou [50], Friend's Reply [68], and the accompanying record, and for the reasons stated in the Court's Order of October 22, 2026 [103], this Court GRANTS Friend's Motion [28] as to Defendant in part as follows.

This Court finds Friend has provided notice to Defendant in accordance with the Temporary Restraining Order entered May 15, 2026, [18] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1), and that Defendant appeared through counsel and opposed the Motion.

This Court also finds that Defendant has sold products using infringing versions of Friend's federally registered copyright, which is protected by U.S. Copyright Registration No. VA 2-382-

904; VA 2-382-902; VA 2-413-134; VA 2-413-347; VA 2-388-383; VA 2-413-112; VA 2-382-725; VA 2-388-382; VA 2-388-391; VA 2-382-907; VA 2-413-118; VA 2-412-957; VA 2-413-115 (the "Alison Friend Works").

This Court also finds that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Friend's previously granted Motion for Entry of a TRO establishes that Friend has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Friend will suffer irreparable harm if the injunction is not granted.

Specifically, Friend has proved a *prima facie* case of copyright infringement because (1) the Alison Friend Works is registered with the U.S. Copyright Office, (2) Defendant is not licensed or authorized to use the Alison Friend Works, and (3) Defendant's use of the Alison Friend Works is causing a likelihood of confusion as to the origin or sponsorship of Defendant's products with Friend. Furthermore, Defendant's continued and unauthorized use of the Alison Friend Works irreparably harms Friend through diminished goodwill and brand confidence, damage to Friend's reputation, loss of exclusivity, and loss of future sales. Defendant's cessation of sales of the accused product and its promise not to resume them do not defeat injunctive relief. Monetary damages fail to address such damage and, therefore, Friend has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendant's actions. The balance of harms favors a preliminary injunction with an asset restraint limited to $38.48, the profits from Defendant's sales of the accused product. Accordingly, this Court orders that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be preliminarily enjoined and restrained from:

    a. using the Alison Friend Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Friend product or not authorized by Friend to be sold in connection with the Alison Friend Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Friend product or any other product produced by Friend, that is not Friend's or not produced under the authorization, control, or supervision of Friend and approved by Friend for sale under the Alison Friend Works;

    c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Friend, or are sponsored by, approved by, or otherwise connected with Friend; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Friend, nor authorized by Friend to be sold or offered for sale, and which bear any of Friend's copyrights, including the Alison Friend Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendant shall not transfer or dispose of $38.48 of the money in Defendant's PayPal account.

3. Upon Friend's request, Defendant and any third party with actual notice of this Order who is providing services for Defendant, or in connection with Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), Roadget Business Pte. Ltd. ("SHEIN"), and Temu, LLC ("Temu") (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Friend expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Store and Defendant's financial accounts, including Defendant's sales and listing history related to the Defendant Internet Store; and

c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal, SHEIN, and Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Friend's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the Alison Friend Works.

5. PayPal shall, within seven (7) calendar days of receipt of this Order:

   a. continue to restrain $38.48 in Defendant's PayPal account and restrain and enjoin those funds from being transferred or disposed of until further order by this Court; and

   b. release from restraint any funds in Defendant's PayPal account restrained under the TRO in excess of $38.48.

6. Friend may move to modify the asset restraint in Paragraphs 2 and 5 should discovery uncover evidence of additional profits from Defendant's infringement.

7. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

8. The ten thousand dollar ($10,000) bond posted by Friend shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

9. This Order shall remain in full force and effect in any action into which the Court severs Friend's claims against Defendant, until further order of the Court.

SO ORDERED:

Charles P. Kocoras
United States District Judge

November 9, 2026